## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   13-171 |
| DWIGHT BERRY,<br>    a/k/a "Muff," | : | |
| ASKI WASHINGTON,<br>    a/k/a "Ski," | : | |
| ANTONIO ELLIS,<br>    a/k/a "Pooh," | : | |
| JERMAU JOHNSTON,<br>    a/k/a "Mau" | : | |

## O R D E R

AND NOW, this            day of                              , 2013, pursuant to Local Rule of Criminal Procedure 41.1(c), the Court finds the following as to the Government's recordings and accompanying transcripts:

1.  The recording device used was capable of accurately recording the conversations;

2.  The operator of the recording device was competent;

3.  The recordings are authentic and correct;

4.  There have been no changes in, additions to, or deletions from the recordings;

5.  The recordings have been properly preserved;

6.  The speakers on the recordings are properly identified; and

7.  The transcripts of the recordings accurately represent the conversations on

the recordings and accurately identify the speakers and parties to the recorded conversations.

BY THE COURT:

_____

HONORABLE JOEL H. SLOMSKY
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  13-171 |
| DWIGHT BERRY,<br>       a/k/a "Muff," | : | |
| ASKI WASHINGTON,<br>       a/k/a "Ski," | : | |
| ANTONIO ELLIS,<br>       a/k/a "Pooh," | : | |
| JERMAU JOHNSTON,<br>a/k/a "Mau" | : | |

## GOVERNMENT'S MOTION TO ADMIT RECORDINGS AND MEMORANDUM OF LAW

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Salvatore L. Astolfi, Assistant United States Attorney, hereby move for the admission of the recordings at the trial of the above-captioned matter and in support thereof aver:

1.      The defendants are charged with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); conspiracy to possess with the intent to distribute 5 or more kilograms of cocaine, in violation of 18 U.S.C. § 846 (Count Three); attempted possession with intent to distribute 5 kilograms or more of cocaine, in violation of 18 U.S.C. § 846 (Count Four); carrying a firearm during and in relation to a crime of violence and to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Six).

2.      The Government will offer into evidence video and audio recordings of conversations obtained during the investigation pursuant to consensual monitoring.

3.      Defense counsel have been provided with a copy of the audio and video recordings as well as the transcripts of the recordings that the government intends to introduce at trial.

4.      As to the recording of the conversations, the Government avers:

1.      The recording devices used were capable of accurately recording the conversations;

2.      The operators of the recording devices were competent;

3.      The recordings are authentic and correct;

4.      There have been no changes in, additions to, or deletions from the recordings;

5.      The recordings have been properly preserved;

6.      The speakers on the recordings are properly identified; and

7.      The transcripts of the recordings accurately represent the conversations on the recordings and accurately identify the speakers and parties to the recorded conversations.

## MEMORANDUM OF LAW

In presenting this motion, we observe the decision in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), which held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

1.      The recording device used was capable of accurately recording the conversations;

2.      The operator of the recording device was competent;

3.      The recordings are authentic and correct;

4.      There have been no changes in, additions to, or deletions from the recordings;

5.      The recordings have been properly preserved;

6.      The speakers on the recordings are properly identified; and

7.      The transcripts of the recordings accurately represent the conversations on the recordings and accurately identify the speakers and parties to the recorded conversations.

Starks, 515 F.2d at 121 n.11.

However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence.   In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence.   Rule 901(a) states:   "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985).   The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986).   "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be."   Id.   After this preliminary determination, the final assessment of authenticity is left to the jury.   Id.

5

Thus, to the extent that <u>Starks</u> required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial court.[1]   Moreover, to the extent that <u>Starks</u> suggests a particular formulation must be followed to establish authenticity of recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination.   This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration.   See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

In this case, the law enforcement officers who operated the monitoring equipment and who monitored the intercepted conversations will attest that the equipment operated properly, that the recordings were properly preserved, and that the recordings are accurate reproductions of the conversations that they monitored.   Law enforcement officers who participated in the investigation are familiar with the participants' voices and will attest to the accuracy of the voice identifications.   This testimony alone is sufficient to meet the "slight" test for authentication.   See Rule 901(b)(1) (authentication may rest on "[t]estimony that a matter is what it is claimed to be"); <u>United States v. Tropeano</u>, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a recording); <u>United States v. Jones</u>, 730 F.2d 593, 597 (10th Cir. 1984) (same); <u>United States v. Albert</u>, 595 F.2d 283, 290 (5th Cir.) (same), <u>cert. denied</u>, 444 U.S. 963

---

[1]   The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104.  Thus, the <u>Starks</u> rule actually imposed a higher burden for admission of recordings than currently applies for admission of any other type of evidence.   Indeed, in a civil forfeiture proceeding, the <u>Starks</u> requirement would impose a higher burden for admissibility of recordings than the government faces in proving its entire claim.

(1979).   Moreover, at trial cooperating witnesses, some of whom were parties to the conversations will also attest to the accuracy of the voice identifications.

In any event, all of the factors outlined in Starks are met in this case and the government's recordings and transcripts of relevant conversations are admissible at trial.

WHEREFORE, the Government respectfully requests this Court to issue the order as attached to this motion.

Respectfully submitted,

ZANE DAVID MEMEGER
Acting United States Attorney


_____
SALVATORE L. ASTOLFI
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day I caused a copy of the Government's Motion to Admit

Recordings to be served by the district court clerk's electronic filing system upon:


Kenneth Edelin, Esquire
Two Penn Center Plaza, Suite 1410
15th Street & J.F.K. Boulevard
Philadelphia, PA    19102
Attorney for Dwight Berry


Andres Jalon, Esquire
1617 John F. Kennedy Boulevard
Suite 935
Philadelphia, PA 19103
Attorney for Antonio Ellis


Coley O. Reynolds, Esquire
1420 Walnut Street
Suite 318
Philadelphia, PA 19102
Attorney for Jermau Johnston


Jarvis Law Associates, P.C.
20 North Third Street
Suite 402a
Philadelphia, Pa 19106
Attorney for Askia Washington


_____
SALVATORE L. ASTOLFI
Assistant United States Attorney

Date: