ASKIA WASHINGTON #16880-066
FEDERAL DETENTION CENTER - BOX 562
PHILADELPHIA, PA. 19105

CRIMINAL DOCKET #13--171-2

JULY 7, 2014

HON: JOEL H. SLOMSKY, U.S.D.J.
UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA. 19106

RE: MOTION FOR RECONSIDERATION PER. RULE 7.1.(G) & R. 59(E).

DEAR JUDGE SLOMSKY:

    PLEASE FIND ENCLOSED MY PETITION FOR RECONSIDERATION PRO SE. AS I ONLY HAVE TEN DAYS AND I AM ON MY 7TH. DAY, I AM ONCE AGAIN FORCED TO FILE THIS DOCUMENT MYSELF BECAUSE MY ATTORNEY HAS ABANDONED ME AND MY CAUSE. ALL ATTEMPTS TO COMMUNICATE WITH MY LAWYER MNR. JARVIS HAVE BEEN FUTILE.

    AS I HAVE RAISED NUMEROUS CONSTITUTIONAL ISSUE'S IN THIS MATTER, THAT REGARDS THE WAY MY MOTION FOR SELECTIVE ENFORCEMENT WAS HANDLED, I ASK ONLY THAT YOU GIVE THIS MATTER A CAREFUL REVIEW BEFORE RULING ON SUCH.

    A RESPONSE AT YOUR EARLIEST CONVENIENCE IS RESPECTFULLY SOUGHT.

SINCERELY YOURS,
*Askia B. Washington*
ASKIA WASHINGTON - PRO SE

Did not have time to serve the U.S. Attorney due to the time limitation.

RECEIVED
JUL 08 2014

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>RESPONDENT.<br><br>V.<br><br>ASKIA WASHINGTON - PRO SE. | :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: | CRIMINAL NO# 13-171-2<br><br><br>NOTICE OF MOTION FOR COURT TO<br>RECONSIDER ITS ORDER PURSUANT<br>TO RULE - 7.1.(G) AND R. 59(E).<br><br>DISTRICT COURT DECISION - 6/30/14 |
| TO: HON: JOEL H. SLOMSKY. U.S.D.J.<br>UNITED STATES COURTHOUSE<br>PHILADELPHIA, PA. 19105-9865 | :: <br> :: <br> :: | MR. SALVATORE ALSTOLFI, A.U.S.A.<br>U.S. ATTY'S OFFICE - 615 CHESTNUT ST.<br>PHILADELPHIA, PA. 19106 - SUITE#1250 |

GENTLEMEN:

PLEASE TAKE NOTICE, THAT AT A HEARING, ON A DATE AND AT A TIME TO BE SET BY THE COURT, THE DFEENDANT, __ASKIA WASHINGTON - PRO SE__ , SHALL MOVE BEFORE THE HONORABLE JOEL H. SLOMSKY - UNITED STATES DISTRICT JUDGE, AT THE UNITED STATES COURHOUSE , PHILADELPHIA. PA. 19106-9865 FOR AN ORDER RECONSIDERING THE DECISION DENYING DEFENDANT THE RIGHT TO FULL DISCOVERY ON RACIAL PROFILING AND SELECTIVE ENFORCEMENT AND PROSECUTION IN A.T.F. DRUG STASH HOUSE FICTITIOUS STINGS. DEFENDANT SUBMITS THAT THE COURT CAUSED A MANIFEST INJUSTICE TO HIS CLAIM BY MISAPPLICATION OF THE LAWS.

RESPECTFULLY SUBMITTED,

_____
ASKIA WASHINGTON - PRO SE
FEDERAL DETENTION CENTER - BOX 562
PHILADELPHIA, PA. 19105

DATED: JULY 7. 2014    /:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA RESPONDENT, <br> V. <br> ASKIA WASHINGTON - PRO SE <br> DEFENDANT | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CRIMINAL NO# 13-171-2 <br><br> MOTION FOR RECONSIDERATION OF ORDER PURSUANT TO RULE - 7.1(G) AND RULE - 59(E). <br><br> DISTRICT COURT DECISION DATED JUNE 30, 2014, |

BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF DISTRICT COURT DECISION DATED JUNE 30, 2014,
DENYING DEFENDANT RIGHT TO DISCOVERY SEEKING
DOCUMENTS SUPPORTING RACIAL & SELECTIVE ENFORCEMENT.

ASKIA WASHINGTON - PRO SE
FEDERAL DETENTION CENTER BOX 562
PHILADELPHIA, PA. 19105

SAT BEFORE:

HONORABLE : JOEL H. SLOMSKY, U.S.D.J.
UNITED STATES DISTRICT COURTHOUSE
PHILADELPHIA, PENNSYLVANIA 19106-9865

LEGAL ARGUMENTS RAISED:

    (A) RECONSIDERATION UNDER RULE - 7.1(G) LOCAL RULE AND RULE - 59(E) SHOULD BE GRANTED IN THIS MATTER ON THE COURT'S CLEAR MISAPPLICATION OF THE LAW TO THE FACTS.

    (B) THE COURT ERRED BY APPLYING A RIGOROUS STANDARD UNDER UNITED STATES V. ARMSTRONG, 517 U.S. 456 (1996) THAN THE CURRENT LEGAL AUTHORITY IN CIRCUIT COURTS PROVIDE.

    (C) THE COURT'S DEFECTIVE WAIVER CAUSED A SIXTH AMENDMENT STRUCTURAL ERROR, BY 'SUA SPONTE' WAIVING THE DEFENDANT'S RIGHT TO COUNSEL'S ASSISTANCE OR GUIDING HAND.

    (D) COURT RE-CHARACTERIZED DEFENDANT'S ISSUE AND MADE A DECISION TO DECIDE SUCH BASED ON WHAT IT BELIEVED DEFENDANTS ARGUMENT WAS WITHOUT GIVING DEFENDANT A OPPORTUNITY TO HAVE ARGUMENT DECIDED AS SUBMITTED. THUS, VIOLATING UNITED STATES V. MILLER, 197 F.3D 644 (3D CIR. 1999).

## LEGAL ARGUMENT

### (A) RECONSIDERATION UNDER RULE - 7.1.(G) LOCAL RULE AND RULE - 59(E) SHOULD BE GRANTED IN THIS MATTER BASED ON THE COURT'S CLEAR MISAPPLICATION OF THE LAW TO THE FACTS.

==========================================================================

DEFENDANT WASHINGTON SUBMITS THAT RECONSIDERATION OF THIS MATTER SHOULD BE GRANTED UNDER THE GROUNDS - (1) **THE NEED TO CORRECT A CLEAR ERROR OF LAW OR FACT, OR TO PREVENT MANIFEST INJUSTICE.**

RULE - 7.1(G) OF THE LOCAL RULES OF CIVIL PROCEDURE PERMITS A PARTY TO MOVE FOR RECONSIDERATION OF A COURT'S ORDER WITHIN 10 DAYS AFTER THE ENTRY OF THAT ORDER. LOCAL RULES OF CIVIL PROCEDURE - 7.1(G). THE PURPOSE OF A MOTION FOR RECONSIDERATION UNDER THIS RULE IS "TO CORRECT MANIFEST ERRORS OF LAW OR FACT, OR TO PRESENT NEWLY DISCOVERED EVIDENCE". SEE - COMMENT 6(C); **GATECO V. SAFECO INS. CO.**, 2005 U.S. DIST LEXIS 29542 AT *2, (E.D. PA. OCT. 28, 2005)(QUOTING - HARSCO CORP. V. ZLOTNICK, 779 F.2D 906 3D CIR. 1985). UNDER THIS STANDARD, A PARTY SEEKING RECONSIDERATION MAY PREVAIL IF IT MEETS AT LEAST ONE OF THE FOLLOWING GROUNDS FOR RELIEF UNDER LOCAL R. CIV. P. 7.1(G). (CITING - **MAX'S SEAFOOD CAFE EX REL. LOU-ANN, INC. V. QUINTEROS**, 176 F.3D 699 (3D CIR. 1999).

DEFENDANT WASHINGTON NOW PRESENTS THAT THE COURT COMMITTED A CLEAR ERROR OF LAW AND/OR FACT THAT HAS CAUSED A MANIFEST INJUSTICE, AND WHICH THE COURT SHOULD NOW RECONSIDER ITS ORIGINAL DECISION IN ORDER TO ALLOW THE DEFENDANT TO CORRECT SUCH ERRORS. DEFENDANT SUBMITS THAT THE LEGAL ISSUES HE NOW RAISES ARE NOT A RELITIGATION OF PREVIOUS ISSUES ALREADY DECIDED OR DISCUSSED WITH THE COURT BY ORAL OR LEGAL BRIEFS.

(1)

## (B) THE COURT ERRED BY APPLYING A RIGOROUS STANDARD UNDER UNITED STATES V. ARMSTRONG, 517 U.S. 456 (1996), THAN THE CURRENT LEGAL AUTHORITY IN CIRCUIT COURTS PROVIDE.

====================================================================

DEFENDANT WASHINGTON SUBMITS THAT THE "SHIELD OF ARMSTRONG" DOES NOT PER SE PROHIBIT THE COURT FROM DRAWING ANY INFERENCE OF INTENTIONAL RACIAL DISCRIMINATION OR SELECTIVE ENFORCEMENT IN PROSECUTION. 'ARMSTRONGS' SHIELD ONLY ADDRESSES WHETHER A DEFENDANT HAS CARRIED HIS BURDEN OF PROOF ON THE MERITS OF HIS CLAIM. IN SELECTIVE ENFORCEMENT THE COURT NEED ONLY DETERMINE WHETHER WASHINGTON HAS SHOWN **"SOME EVIDENCE"** TENDING TO SHOW THE EXISTENCE OF DISCRIMINATORY INTENT SUFFICIENT TO WARRANT DISCOVERY. SEE - **UNITED STATES V. JONES, 159 F.3D AT 978.** 'ARMSTRONG' DOES NOT POSE ABSOLUTE BAR AT THE DISCOVERY STAGE.

THE PRINCIPLE OF EQUAL PROTECTION ADMITS NO ARTIFICIAL LINE. ANY RACIAL CLASSIFICATION MUST MEET STRICT SCRUTINY, FOR WHEN GOVERNMENT DECISIONS "TOUCH UPON AN INDIVIDUAL'S RACE, DEMOGRAPHICS, OR ETHNIC BACKGROUND, HE IS ENTITLED TO A JUDICIAL DETERMINATION THAT THE BURDEN HE IS ASKED TO BEAR ON THAT BASIS IS PRECISELY TAILORED TO SERVE A COMPELLING INTEREST."

WHEN THE LAW LAYS AN UNEQUAL HAND ON THOSE WHO HAVE COMMITTED THE SAME QUALITY OF OFFENSE, OR WHO ARE ABLE TO COMMITT THE SAME QUALITY OF OFFENSE AND STERILIZES THE OTHER BY NOT INVESTIGATING OR ARRESTING THE OTHER, IT HAS MADE AS INVIDIOUS A DISCRIMINATION AS IF IT HAD SELECTED A PARTICULAR RACE OR NATIONALITY FOR OPPRESSIVE TREATMENT. SEE - YICK WO V. HOPKINS, 30 L. ED 220 (1886). DESPITE THE HIGH THRESHOLD IN 'ARMSTRONG' DEFENDANT SUBMITS THAT HE HAS MET SUCH BY SUBMITTING "SOME EVIDENCE" WHICH HAS SIGNIFICANT FORCE IN THE COURT'S ANALYSIS.

IN MOST CASES WHERE THE COURT HAS REFUSED TO ORDER DISCOVERY ITS REASONING HAS BEEN MADE ONLY AFTER THE EXTENSIVE INFORMATION OFFERED BY THE GOVERNMENT IN RESPONSE TO THE DEFENDANT'S RESPECTIVE DISCOVERY MOTION ON THE ISSUE. SEE - UNITED STATES V. TURNER, 104 F.3D 1180 (9TH. CIR. 1997)("CONCLUSION TO DENY SELECTIVE PROSECUTION CLAIM BASED UPON SUBMISSION OF EXTENSIVE AFFIDAVITS BY GOVERNMENT EXPLAINING FEDERAL POLICY AND AFFIDAVITS DESCRIBING THE PARTICULAR REASONS FOR THE ARRESTS IN THE CASES BFORE THE COURT"). IN THOSE CASES, THE GOVERNMENT SUBMITTED THE INFORMATION WHICH ADDRESSED THE ULTIMATE QUESTION REGARDING THE EXERCISE OF PROSECUTORIAL DISCRETION, AND THIS MADE IT EVEN MORE DIFFICULT FOR THE DEFENDANTS TO PASS THE PRELIMINARY THRESHOLD FOR DISCOVERY. SEE - AH SIN V. WITTMAN, 49 L. ED 1142 (1905),("GENERALLY, IN DETERMINING WHETHER PERSONS ARE SIMILARLY-SITUATED FOR EQUAL PROTECTION PURPOSES, A COURT MUST EXAMINE ALL RELEVANT FACTORS"). BECAUSE WHEN THE

GOVERNMENT PRESENTS CONCRETE AND LEGITIMATE "COUNTERVAILING REASONS" TO JUSTIFY THE PROSECUTION, A COURT MAY REFUSE TO HOLD A HEARING EVEN IF THE DEFENDANT HAS SUCCESSFULLY SATISFIED THE THRESHOLD BURDEN. SEE - UNITED STATES V. BERRIOS, 501 F.2D 1207 (2ND CIR. 1974). THE GOVERNMENT SHOULD BE REQUIRED TO IDENTIFY THE POLICY OR PRACTICE WHICH ACCOUNTS FOR THE FEDERAL PROSECUTION OF ONLY MINORITIES, AND EXCLUDES THE INVESTIGATION AND ARREST, AND PROSECUTION OF CAUCASIANS FOR THE SAME GOVERNMENT SPONSORED STINGS. SEE - UNITED STATES V. GREEN, 108 F. SUPP. 2D 1169 (10TH. CIR. 2000), ("GOVERNMENT PRESENTED TESTIMONY FROM AGENTS INVOLVED IN STING, ALONG WITH CRIMINAL HISTORY INFORMATION, INTELLIGENCE, AND OTHER FACTORS SHOWING WHY AND HOW GOVERNMENT MADE DECISION TO PROSECUTE CASES").

THERE ARE MANY FACTORS THAT AFFECT A DECISION TO PROSECUTE A PARTICULAR PERSON, INCLUDING "THE STRENGTH OF THE CASE, THE PROSECUTOR'S GENERAL DETERENCE VALUE, THE GOVERNMENT'S OVERALL ENFORCEMENT PLAN". ALL OF THESE ARE READILY APPARENT NON-DISCRIMINATORY REASONS WHY A DEFENDANT MAY BE CHARGED. SEE - WAYTE, 470 U.S. AT 607. ACTS GENERALLY LAWFUL MAY BECOME UNLAWFUL WHEN DONE TO ACCOMPLISH AN UNLAWFUL END, AND A CONSTITUTIONAL POWER CANNOT BE USED BY WAY OF CONDITION TO ATTAIN AN UNCONSTITUTIONAL RESULT. SEE UNITED STATES V. READING CO., 57 L. ED 243 (    ). DEFENDANT SUBMITS THAT FURTHER DISCOVERY WILL ALLOW THE COURT TO DETERMINE WHETHER THE VAGUE RULES ISSUED ON SUCH STING OPERATIONS MAY AUTHORIZE AND EVEN ENCOURAGE ARBITRARY AND DISCRIMINATORY ENFORCEMENT, BY FAILING TO ESTABLISH MINIMAL GUIDELINES TO GOVERN ENFORCEMENT. SEE - KOLENDER V. LAWSON, 461 U.S. AT 358 (1983).

DEFENDANT THUS SUBMITS THAT HE HAS MET THE SOLE INQUIRY UNDER THE PRONG OF THE ANALYSIS OF WHETHER HE HAS SUBMITTED "SOME EVIDENCE" THAT THE UNITED STATES GOVERNMENT THROUGH ITS LAW ENFORCEMENT BRANCH TREATED HIM DIFFERENTLY FROM SIMILARLY SITUATED MEMBERS OF AN UNPROTECTED CLASS (WHITES). IN BRADLEY V. UNITED STATES, 299 F.3D 197 (3D CIR. CT. APPEALS), THE COURT STATED THAT A "DISCRIMINATORY EFFECT MAY BE PROVEN BY NAMIING SIMILARLY SITUATED MEMBERS OF AN UNPROTECTED CLASS WHO WERE NOT SELECTED FOR THE SAME SEARCH (EMPHASIS), OR IN SOME CASES BY SUBMITTING STATISTICAL EVIDENCE OF BIAS. SEE - CHAVEZ V. ILLINOIS STATE POLICE, 251 F.3D 612, 636 (7TH CIR. 2001)("A DEFENDANT MAY SATISFY THE CREDIBLE SHOWING REQUIREMENT BY IDENTIFYING A SIMILAR-SITUATED INDIVIDUAL OR THROUGH THE USE OF STATISTICAL EVIDENCE"),("A COURT SHOULD AT ALL RELEVANT FACTORS ..... WHICH DEPENDS ON THE CONTEXT OF THE CASE"). SEE - RADUE V. KIMBERLY-CLARK CORP., 219 F.3D 612, 617 (7TH. CIR. 2000).

( 3 )

DEFENDANT SUBMITS THAT THE COURT COMMITTED A CLEAR ERROR IN LAW WHEN THE COURT DECIDED THE ISSUE USING A RIGOROUS STANDARD UNDER 'ARMSTRONG" WITH THE BELIEF THAT DEFENDANT WAS MANDATED BY THE 'ARMSTRONG' SIMILAR-SITUATED STANDARD TO SHOW THAT SIMILAR-SITUATED CAUCASIAN STASH HOUSE ROBBERS WERE NOT PROSECUTED. VIEWING THE 'ARMSTRONG' CRITERIA IN THIS FASHION CAUSED THE COURT TO CREATE AN INSURMOUNTABLE HURDLE THAT THE RULING IN 'ARMSTRONG' NEITHER DICTATED OR REQUIRED FOR A DEFENDANT TO MAKE A CREDIBLE SHOWING THAT AN 'UNPROTECTED CLASS' WAS NOT PROSECUTED. DEFENDANT SUBMITS THAT THE 'ARMSTRONG' RIGOROUS REQUIREMENT DOES NOT APPLY IN THIS CASE BECAUSE THE DEFENDANT'S CLAIM IS BASED UPON THE INVESTIGATIVE PHASE OF THE PROSECUTION. UNDER THE INVESTIGATIVE PHASE OF THE PROSECUTION THE DEFENDANT IS ONLY REQUIRED TO MAKE A SHOWING THAT A SIMILARLY-SITUATED INDIVIDUAL OF ANOTHER RACE COULD HAVE BEEN, BUT WAS NOT, ARRESTED OR REFERRED FOR PROSECUTION FOR THE SAME OFFENSE FOR WHICH DEFENDANT WAS INVESTIGATED, ARRESTED AND PROSECUTED FOR. SEE - UNITED STATES V. JONES, 159 F.3D 969 (6TH. CIR. 1998); UNITED STATES V. JAMES, 257 F.3D 1173 (10TH. CIR. 2001).

A DEFENDANT MAY DEMONSTRATE THAT HE WAS PROSECUTED FOR AN IMPROPER MOTIVE BY EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE (OR BOTH). THE STANDARD FOR OBTAINING DISCOVERY IN SUPPORT OF A SELECTIVE ENFORCEMENT OR PROSECUTION CLAIM IS LOWER THAN FOR DISMISSAL OF INDICTMENT, RATHER THAN PRESENTING CLEAR EVIDENCE, THE DEFENDANT MUST PRODUCE SOME EVIDENCE MAKING A CREDIBLE SHOWING OF BOTH DISCRIMINATORY EFFECT AND DISCRIMINATORY INTENT.

THE FACT THAT NO WHITE DEFENDANTS OR MEMBERS OF AN UNPROTECTED CLASS EXIST AT ALL IN THE THIRD CIRCUIT, ALONG WITH THE FACT THAT NONE WERE EVEN INVESTIGATED, ARRESTED, OR REFERRED FOR PROSECUTION UNDER THE CRITERIA OR GUIDELINES OF THE A.T.F. STING OPERATION SHOWS A PRIM FACIE CASE OF RACIAL DISCRIMINATION AND SELECTIVE PROSECUTION SUFFICIENT ENOUGH TO REQUIRE FURTHER DISCOVERY. "JONES" ALSO STANDS FOR THE PROPOSITION THAT A DEFENDANT NEED NOT PROVE HIS CASE IN ORDER TO JUSTIFY DISCOVERY ON THE ISSUE.

DEFENDANT WASHINGTON SUBMITS THAT THE COURT WAS BOUND TO REVIEW HIS CASE UNDER THE SIMILAR-SITUATED STANDARD USING THE 'SOME EVIDENCE' CRITERIA. DEFENDANT SUBMITS THAT HAD THE COURT APPLIED THIS CRITERIA THAT THE COURT WOULD HAVE FOUND THAT DEFENDANT'S CASE MET THE 'ARMSTRONG' BURDEN BASED UPON THE FACT THAT DEFENDANT IN THIS CASE IS SIMILARLY SITUATED BECAUSE HIS CIRCUMSTANCES PRESENT NO DISTINGUISHABLE LEGITIMATE PROSECUTORIAL FACTORS THAT MIGHT JUSTIFY THE A.T.F. OR UNITED STATES ATTORNEY'S OFFICE FROM MAKING DIFFERENT INVESTIGATIVE OR PROSECUTORIAL DECISIONS WITH RESPECT TO HIM AS COMPARED TO THE UNPROTECTED CLASS (WHITES) WHO WERE NOT INVESTIGATED OR ARRESTED AND PROSECUTED.

DEFENDANT WASHINGTON THEREFORE, ARGUES THAT THE COURT APPLIED A 'MANIFEST INCORRECT APPLICATION OF THE STANDARD AND LAW AS RELATES TO THE 'ARMSTRONG' TWO PRONG BURDEN. DEFENDANT CONTENDS THAT ANY AND ALL MEMBERS OF THE UNPROTECTED CLASS ARE SIMILAR TO DEFENDANT BECAUSE THE POLICY AND PRACTICE OF THE A.T.F. AND UNITED STATES ATTORNEY'S OFFICE TARGETS SUSPECTS FOR PROSECUTION MINUS ANY GUIDELINES OR CRITERIA THAT DEFENDANTS ARE KNOWN CRIMINALS OR ARE ENGAGED IN SIMILAR CRIMINAL BEHAVIOR PRIOR TO BEING SELECTED AS A TARGET. IN THAT REGARD, THE UNPROTECTED CLASS ARE SIMILAR-SITUATED ON THE SOLE BASIS THAT THEY MAY BE SELECTED OR TARGETED FOR INVESTIGATION, ARREST, AND PROSECUTION UNDER THE SAME CRITERIA THAT THE PROTECTED CLASS (MINORITIES) CURRENTLY ARE CHOSEN UNDER BY THE GOVERNMENT. THUS, THE 'SOME EVIDENCE' CRITERIA UNDER ARMSTRONG HAS BEEN ESTABLISHED BY THE DEFENDANT MAKING A "CREDIBLE SHOWING" THAT PERSONS OF ANOTHER RACE COULD HAVE BEEN INVESTIGATED, ARRESTED, AND TARGETED FOR PROSECUTION UNDER THE A.T.F.'S CRITERIA OR GUIDELINES, OR LACK THEREOF A CRITERIA, POLICY OR GUIDELINE. BUT SUCH WAS NOT ENFORCED OR USED AGAINST THE UNPROTECTED CLASS (WHITES). DEFENDANT HAS SUBMITTED PRIMA FACIE EVIDENCE THAT THE GOVERNMENT BASED ITS DECISION TO PROSECUTE ON IMPERMISSIBLE CONSIDERATIONS (RACE). THE COURT ERRED IN ITS APPLICATION OF THE LAW BY DISREGARDING AND APPLYING A RIGOROUS STANDARD UNDER 'ARMSTRONG' INSTEAD OF REVIEWING DEFENDANT'S EVIDENCE SHOWING THAT THE EXISTENCE OF THE ESSENTIAL ELEMENTS OF HIS DEFENSE AND THE DOCUMENTS SUBMITTED BY DEFENDANT AND IN THE GOVERNMENT'S POSSESSION WOULD BE FURTHER PROBATIVE OF THOSE ELEMENTS. SEE - UNITED STATES V. BERRIOS, 501 F.2D AT 1211 (2ND CIR. 1974); UNITED STATES V. AHMAD, 347 F. SUPP. 912 (M.D. PA. 1972).

IN LIGHT OF 'ARMSTRONG'S' SEEMINGLY LESS STRINGENT "SOME EVIDENCE TENDING TO SHOW" STANDARD, THE DEFENDANT NEED NOT ESTABLISH UNDER THE RIGOROUS STANDARD OF 'ARMSTRONG' A SELECTIVE PROSECUTION PRONG OF EFFECT TO OBTAIN DISCOVERY ON THE ISSUE. SEE - UNITED STATES V. JONES, 159 F.3D 969 (6TH. CIR. 1998). ("A DEFENDANT NEED NOT PROVE HIS CASE IN ORDER TO JUSTIFY DISCOVERY ON THE ISSUE"); UNITED STATES V. BIN LADEN, 126 F. SUPP. 2D 256 (2ND CIR. 2000)("DEFENDANTS REQUEST FOR DISCOVERY SHOULD BE GRANTED IF THERE IS PRODUCED "SOME EVIDENCE" THAT SIMILARLY-SITUATED DEFENDANTS OF OTHER RACES WHO COULD HAVE BEEN PROSECUTED, BUT WERE NOT"). WHEN SUCH A CLAIM IS BASED ON THE INVESTIGATIVE PHASE OF THE PROSECUTION, THE DEFENDANT NEED ONLY MAKE A CREDIBLE SHOWING THAT A SIMILAR-SITUATED INDIVIDUAL OF ANOTHER RACE COULD HAVE BEEN, BUT WAS NOT, ARRESTED OR REFERRED FOR FEDERAL PROSECUTION FOR THE OFFENSE WHICH THE DEFENDANT WAS ARRESTED OR REFERRED. UNITED STATES V. JONES,

( 5 )

257 F.3D. 1173 (10TH. CIR. 2001).

THE COURT ERRED IN THIS MATTER BY USING THE SIMILAR-SITUATED COMPARISON OF THE NUMBER OF DEFENDANT(S) WHO WERE 'WHITE' AND LABLED AS "DRUG STASH HOUSE ROBBERS" AND NOT PROSECUTED, INSTEAD OF THE COMPARISON FINDING USING THE SPECIFIC NUMBER OF WHITE DEFENDANTS WHO WERE NOT INVESTIGATED, ARRESTED, AND PROSECUTED IN THE SAME MANNER AS MINORITIES WERE. THIS CAUSED THE COURT'S ANALYSIS TO BE FATALLY FLAWED UNDER THE 'ARMSTRONG' STANDARD. THE COURT AND GOVERNMENT DEFINED SIMILARLY-SITUATED TOO NARROWLY. AS A RESULT OF THIS ERROR, THE SIMILARLY-SITUATED STANDARD WAS TURNED INTO A "IDENTICALLY-SITUATED" ONE. SEE - UNITED STATES V. OLVIS, 97 F.3D 739 (4TH. CIR. 1996)("HOLDING THAT DEFENDANT(S) ARE 'SIMILARLY-SITUATED WHEN THEIR CIRCUMSTANCES PRESENT NO DISTINGUISHABLE LEGITIMATE PROSECUTORIAL FACTORS THAT MIGHT JUSTIFY MAKING DIFFERENT PROSECUTORIAL DECISIONS WITH RESPECT TO THEM"). STATISTICALLY AND BY DIRECTION THE PROOF SHOWS THAT THE ACTION OF FEDERAL LAW ENFORCEMENT SHOWS DISCRIMINATORY INTENT IN THEIR SELECTION. QUOTING - CHAVEZ V. ILLINOIS STATE POLICE, 251 F.3D 612, 636 (7TH CIR. 2001)("A DEFENDANT MAY SATISFY THE CREDIBLE SHOWING REQUIREMENT BY IDENTIFYING A SIMILAR SITUATED INDIVIDUAL OR THROUGH THE USE OF STATISTICAL EVIDENCE"). THE IMPACT OF THE OFFICIAL ACTION - WHETHER IT BEARS MORE HEAVILY ON ONE RACE THAN ANOTHER, WASHINGTON V. DAVIS, 48 L. ED 2D 597, MAY PROVIDE AN IMPORTANT STARTING POINT. SOMETIMES A CLEAR PATTERN, UNEXPLAINABLE ON GROUNDS OTHER THAN RACE. EMERGES FROM THE EFFECT OF THE ACTION EVEN WHEN THE GOVERNING LEGISLATION APPEARS NEUTRAL ON ITS FACE. PRIMA FACIE EVIDENCE DETAILED BY STATISTICAL INFORMATION WHICH STATISTICS IS NOT DISPUTED, AND IS FURTHER SUPPORTED BY THE ETHNIC BACKGROUND OF THE GENERAL POPULATION IN THE SURROUNDING COUNTY OR CITY WILL CONSTITUTE SUFFICIENT EVIDENCE OF A SIGNIFICANTLY DISCRIMINATING PATTERN. SEE - MEDITZ V. CITY OF NEWARK, 658 F.3D 364 (3D CIR. 2011).

THUS, WHEN THE GOVERNMENT IMPOSED THE BURDEN ON DEFENDANT ON THE BASIS OF INDIVIDUAL RACIAL CLASSIFICATIONS, THAT ACTION IS REVIEWABLE UNDER STRICT SCRUTINY. SEE - PARENTS INVOLVED V. SEATTLE SCHOOL, 168 L. ED 2D 508 (2007), CITING - JOHNSON V. CALIFORNIA, 160 L. ED 2D 949 (2005); ADARAND, 515 U.S. AT 224). INTENTIONAL DISCRIMINATION CAN BE SHOWN WHEN A FACIALLY NEUTRAL LAW OR POLICY THAT IS APPLIED EVEN-HANDLELY IS MOTIVATED BY DISCRIMINATORY INTENT AND HAS A RACIALLY DISCRIMINATORY IMPACT. SEE - VILLAGE OF ARLINGTON HEIGHTS V. METRO. HOUSING DEVELOPMENT CORP., 50 L. ED. 2D 450 (1977); ANTONELLI V. NEW JERSEY, 419 F.3D 267 (3D CIR. 2005). THE COURT ERRED BY NOT EVALUATING AND JUDGING THIS MATTER UNDER THE 'SOME EVIDENCE' STANDARD. THE FEDERAL LAW DOES NOT GENERALLY DISTINGUISH BETWEEN DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE, AND PERMITS A CONVICTION WHICH REQUIRES PROOF BEYOND

A REASONABLE DOUBT TO BE BASED ENTIRELY ON CIRCUMSTANTIAL EVIDENCE. SEE - DESERT PALACE, INC. V. COSTA, 156 L. ED 2D 84 (2003). DEFENDANT CONTENDS THAT THE KIND AND AMOUNT OF EVIDENCE SUBMITTED WAS SUFFICIENT TO MEET THE 'SOME EVIDENCE' THRESHOLD IN 'ARMSTRONG'. AND THAT THE COURT SHOULD HAVE CONSIDERED WHAT EVIDENCE THE DEFENDANT COULD OBTAIN WITH DUE DILIGENCE IN THE ABSENCE OF DISCOVERY. SEE - BATSON V. KENTUCKY, 90 L.ED 2D 69 (1986), ("CIRCUMSTANTIAL EVIDENCE OF INVIDOIOUS INTENT MAY INCLUDE PROOF OF DISPROPORTIONATE IMPACT"). THEREFORE. THE COURT WOULD HAVE FOUND THAT WHITE SIMILAR SITUATED DEFENDANTS COULD HAVE BEEN ARRESTED, INVESTIGATED AND PICKED BY THE GOVERNMENT INFORMANT USING THE SAME PROCEDURES, GUIDELINES, OR SCRIPT USED TO INVESTIGATE. ARREST, SELECT OR PROSECUTE SIMILAR-SITUATED MINORITIES OF THE PROTECTED CLASS. SEE - UNITED STATES V. HAYES, 236 F.3D 891 (7TH. CIR. 2001),("DEFENDANT MAY OBTAIN DISCOVERY ON SELECTIVE PROSECUTION CLAIM ONCE HE HAS PRODUCED 'SOME EVIDENCE' THAT SIMILARLY-SITUATED DEFENDANTS OF OTHER RACES COULD HAVE BEEN PROSECUTED BUT WERE NOT"); UNITED STATES V. DAVIS, 339 F.3D 1223 (10TH. CIR. 2003); UNITED STATES V. SERAFINO, 281 F.3D 327 (1ST. CIR. 2002).

    THE REASON THERE IS A SIMILARLY SITUATED REQUIREMENT IN THE FIRST PLACE IS THAT AT THEIR HEART, EQUAL PROTECTION CLAIMS ARE BASICALLY CLAIMS OF DISCRIMINATION. SEE - WILLOWBROOK V. OLECH, 145 L. ED 2D 1060 (2000), ("THE PURPOSE OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT IS TO SECURE THE RIGHTS OF EVERY PERSON WITHIN THE STATE'S JURISDICTION AGAINST INTENTIONAL AND ARBITRARY DISCRIMINATION").

    DEFENDANT REMINDS THE COURT, THAT THE EQUAL PROTECTION CLAUSE "IS ESSENTIALLY A DIRECTION THAT ALL PERSONS SIMILARLY-SITUATED SHOULD BE TREATED ALIKE". SEE - CITY OF CLEBURNE V. CLEBURNE LIVIN CENTER, INC., 87 L.ED 2D 313 (1985), THE SUPREME COURT STATED AND HAS CLARFIED THAT "EQUAL PROTECTION DOES NOT REQUIRE THAT ALL PERSONS BE DEALT WITH IDENTICALLY, BUT DOES REQUIRE THAT A DISTINCTION MADE HAVE SOME RELEVANCE TO THE PURPOSE FOR WHICH THE CLASSIFI- CATION IS MADE. SEE - BAXSTROM V. HERROLD, 15 L. ED 2D 620 (1966); ACCORD WALTERS V. CITY OF ST. LOUIS, 98 L. ED 660 (1954); FETTERUSSO V. STATE OF NEW YORK, 898 F.2D 322 (2D CIR. 1990).

    DEFENDANT SUBMITS THAT THE COURT ERRED IN ITS APPLICATION OF THE LAW WHEN IT FAILED TO ACKNOWLEDGE THAT DEFENDANT'S WHITE COMPARATORS ARE SIMILARLY SITUATED FOR THE PURPOSE OF MEETING DEFENDANT'S BURDEN UNDER THE 'ARMSTRONG' CRITERIA. ALL THAT WAS REQUIRED WAS THAT THE SIMILARLY SITUATED INDIVIDUALS BE COMPARABLE TO DEFENDANT IN ALL RELEVANT RESPECTS, BUT SUCH SIMILAR-SITUATED

INDIVIDUALS DO NOT NEED TO BE IDENTICALLY SITUATED. THE FACTORS WHICH SHOULD HAVE BEEN RELEVANT TO THE COURT'S ANALYSIS OF THE SIMILAR-SITUATED INDIVIDUAL STANDARD UNDER ARMSTRONG ARE WHETHER:

1. WHITE SIMILAR-SITUATED DEFENDANTS ARE CAPABLE OF BEING INVESTIGATED, ARRESTED, AND PROSECUTED FOR DRUG STASH HOUSE STINGS.

2. THE A.T.F.'S POLICY, GUIDELINES, OR SELECTION PROCEDURES WOULD APPLY TO SIMILAR-SITUATED WHITES AT THE SAME LEVEL THAT THEY APPLY TO BLACKS AND LATINOS AS RELATES TO INITIATING DRUG STASH HOUSE STINGS.

3. WHETHER THE A.T.F.'S LACK OF ANY GUIDELINE, POLICY, OR SELECTION PROCESS IN DRUG STASH HOUSE STINGS WOULD ALLOW FOR SIMILAR-SITUATED WHITES TO BE SELECTED AS TARGETS FOR SUCH STINGS AT THE SAME LEVEL THAT BLACKS AND LATINOS ARE TARGETED.

4. THE POLICY FOR INVESTIGATING, ARRESTING, AND PROSECUTING WHITE SIMILAR-SITUATED INDIVIDUALS (METH DEALERS, WHITE SUPREMIST, MOTORCYCLE GANGS, DRUG DEALERS, ARMED ROBBERS, ETC., ARE DIFFERENT FROM BLACK AND LATINO DRUG STASH HOUSE SIMILAR-SITUATED INDIVIDUALS.

DEFENDANT WASHINGTON SUBMITS THAT THE COURT COMMITTED ERROR IN LAW WHEN IT RULED THAT THE GOVERNMENT "RETAINED BROAD DISCRETION" AS TO WHOM TO PROSECUTE AND "THE DECISION TO PROSECUTE IS PARTICULARLY ILL-SUITED TO JUDICIAL REVIEW". SEE - PAGE 9, OF COURT'S OPINION AND ORDER DATED JUNE 30, 2014.

THE ISSUE HERE HAS NEVER BEEN DISCRETION, BUT ABUSE, NOT LAW ENFORCEMENT INDEPENDENT CHARGING DECISIONS, BUT LAW ENFORCEMENT MISCONDUCT. THE RACIAL PROFILING, SELECTIVE ENFORCEMENT, AND SELECTIVE PROSECUTION OF OVER ONE THOUSAND MINORITIES. THE TOTALITY OF THE GOVERNMENT'S CONDUCT DOES NOT FIT WITHIN THEIR DISCRETIONARY DUTIES OR FUNCTION WITHOUT DOING VIOLENCE TO ALL THAT THIS COUNTRY STANDS FOR. THE DISCRETIONARY FUNCTION EXCEPTION IMMUNIZES ONLY THE CONDUCT OF AGENTS EXERCISING JUDGMENT WITHIN THEIR LAWFUL DISCRETION. NO GOVERNMENT ACTOR HAS DISCRETION TO VIOLATE THE CONSTITUTION. WHERE AGENTS OF THE GOVERNMENT TAKE ILLEGAL ACTIONS, THEY ACT OUTSIDE THEIR DISCRETION. WHEN THEIR ACTS VIOLATE THEIR CONSTITUTIONAL OBLIGATIONS, THEY ACT OUTSIDE OF THEIR DISCRETION. IF ANY CONCEPT IS FUNDAMENTAL TO OUR SYSTEM OF JUSTICE, IT IS THAT THOSE CHARGED WITH UPHOLDING THE LAW ARE PROHIBITED FROM BREAKING IT.

FAILURE TO ANALYZE THE RACIAL DISPARITY IN CASES THAT THE PROSECUTOR CHOSE NOT TO PURSUE, CANNOT IMPOSE A BURDEN UPON A DEFENDANT IF ITS IMPOSSIBLE TO

DETERMINE THE RACES OF THE INDIVIDUALS THAT POLICE OFFICER'S CHOSE NOT TO PURSUE OR INVESTIGATE. SEE - CHAVEZ, 251 F.3D AT 640; MCCRAY V. CITY OF DOTHAN, 169 F. SUPP. 2D 1260 (11TH. CIR. 2001), ("BROAD DISPARITY BETWEEN PERCENTAGES CREATE A GENUINE ISSUE OF MATERIAL FACT WITH REGARD TO WHETHER DEFENDANT HAS DEMONSTRATED DISCRIMINATORY INTENT OR EFFECT").

DEFENDANT WASHINGTON ASKS THAT IN LIGHT OF ALL THE LEGITIMATE FACTORS SUBMITTED IN THIS REQUEST FOR RECONSIDERATION THAT THE COURT RULE THAT IT HAS CAUSED A MANIFEST INCORRECT APPLICATION OF THE LAW BY NOT DEFINING A SIMILAR-SITUATED INDIVIDUAL FOR SELECTIVE ENFORCEMENT AND SELECTIVE PROSECUTION AS ONE WHO IS CAPABLE OF ENGAGING IN THE SAME TYPE OF CRIMINAL CONDUCT AS DEFENDANT WASHINGTON, WHICH MEANS THE COMPARATOR WHITE CRIMINAL ARE AS CAPABLE OF COMMITTING THE SAME DRUG STASH HOUSE STING IN SUBSTANTIALLY THE SAME MANNER AS THE DEFENDANT --- SO THAT ANY PROSECUTION OF THAT CLASS OF INDIVIDUAL (WHITES) WOULD HAVE THE SAME DETERRENCE VALUE AND WOULD BE RELATED IN THE SAME WAY TO THE GOVERNMENT'S ENFORCEMENT PRIORITIES AND ENFORCEMENT PLAN. AND THAT AS A RESULT OF THAT MISAPPLICATION OF THE SIMILAR SITUATED STANDING IN UNITED STATES V. ARMSTRONG, SUPRA.; THIS COURT MUST NOW REVISIT THIS ISSUE BY RE-OPENING THE HEARING.

THE FOURTEENTH AMENDMENT PROMISES THAT NO LAW SHALL BURDEN A FUNDAMENTAL RIGHT. NOR TARGET A SUSPECT CLASS. AND THAT COURT'S SHOULD NOT UPHOLD SUCH CLASSIFICATION UNLESS IT BEARS A RATIONAL RELATION TO SOME LEGITIMATE END. SEE - HELLER V. DOE, 125 L. ED 2D 257 (1993).

## LEGAL ARGUMENT

### (C) THE COURT'S DEFECTIVE WAIVER CAUSED A SIXTH AMENDMENT STRUCTURAL ERROR, BY 'SUA SPONTE' WAIVING DEFENDANT'S RIGHT TO COUNSEL'S ASSISTANCE OR GUIDING HAND.

==========================================================================

DEFENDANT SUBMITS THAT HE NEVER WAIVED HIS RIGHT TO HAVE COUNSEL REPRESENT HIM AS REGARDS HIS DESIRE TO SUPPLEMENT THE RECORD WITH LEGAL ISSUES EXPLAINING THE "SIMILAR-SITUATED" STANDARD IN 'ARMSTRONG' AND HOW SUCH APPLIED TO HIS SELECTIVE ENFORCEMENT AND SELECTIVE PROSECUTION CLAIM.

DEFENDANT WASHINGTON SUBMITS THAT THE COURT ERRED WHEN IT ALLOWED THE LEGAL DOCUMENTS AND REQUEST TO BE FILED "PRO SE". DEFENDANT WAS REPRESENTED BY COUNSEL AND THE ONLY PURPOSE OF FILING SUCH DOCUMENTS IN REFERENCE TO HIS LEGAL ISSUE'S WAS TO PRESERVE HIS RIGHT TO ARGUE SUCH ISSUE BEFORE THE COURT MADE ITS DECISION. THE LETTER SUBMITTED WITH SUCH DOCUMENT'S CLEARLY EXPLAINED THAT THE ONLY REASON SUCH WAS SENT PRO SE WAS BECAUSE DEFENDANT COULD NOT REACH HIS APPOINTED COUNSEL AND ALL COMMUNICATION HAD FAILED. DEFENDANT WENT ON TO STATE THAT HE (DEFENDANT) HAD REQUESTED COUNSEL TO FILE A SUPPLEMENTAL OR ADDENDUM TO THE SELECTIVE ENFORCEMENT CLAIM RAISING THE ISSUE OF SIMILAR-SITUATED BEFORE THE COURT RULED ON SUCH SELECTIVE ENFORCEMENT CLAIM WITHOUT SUCH LEGAL ARGUMENT BEING EXPLAINED. DEFENDANT AT THAT TIME TOLD THE COURT THAT HE WAS THEREFORE FORCED TO SEND SUCH LETTER AND LEGAL DOCUMENTS HIMSELF IN ORDER TO PRESERVE HIS RIGHT TO RAISE SUCH ISSUE OR ARGUE SUCH ON APPEAL. AT NO TIME DID DEFENDANT WASHINGTON INDICATE THAT HE WANTED TO PROCEED WITH THIS LEGAL ISSUE OR ARGUMENT WITHOUT THE GUIDING HAND OF COUNSEL, NOR AT NO TIME DID THE COURT ENGAGE IN ANY ANALYSIS GRANTING DEFENDANT "HYBRID" OR "FARETTA" RIGHTS INDICATING THAT DEFENDANT WAS ACTING CO-COUNSEL.

THE COURT'S DECISION TO SUBMIT DEFENDANT'S PRO SE SUPPLEMENTAL DOCUMENTS AND ARGUMENTS IN SUPPORT OF HIS RACIAL PROFILING AND SELECTIVE PROSECUTION CLAIM RESULTED IN AN INVALID 'FARETTA' WAIVER, AND AS A RESULT, VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL. SEE - IOWA V. TOVAR, 158 L.ED 2D 209 (2004)("CHARACTERIZING AN INVALID WAIVER OF COUNSEL AS A VIOLATION OF THE SIXTH AMENDMENT RIGHT TO COUNSEL"). SEE - UNITED STATES V. VENABLE, 373 F. APPX. 402 (4TH. CIR. 2010).("A DEFECTIVE 'FARETTA' WAIVER IS PER SE PREJUDICIAL"). THIS IS BECAUSE AN INVALID WAIVER OF COUNSEL IS TANTAMOUNT TO THE COMPLETE DEPRIVATION OF COUNSEL. WHICH THE SUPREME COURT HAS RECOGNIZED AS STRUCTURAL ERROR. SEE - UNITED STATES V. GONZALES-LOPEZ, 165 L. ED 2D 409

(2006) ("SUCH [STRUCTURAL] ERRORS INCLUDE DENIAL OF COUNSEL ..." (CITING GIDEON V. WAINWRIGHT, 9 L. ED 2D 799 (1963); PENSON V. OHIO, 102 L. ED 2D 300 (1988)("PREJUDICE MAY BE PRESUMED WHEN A RULING LEFT THE DEFENDANT COMPLETELY WITHOUT REPRESENTATION DURING THE ACTUAL DECISIONAL PROCESS").

HERE THE DEFENDANT WAS LEFT WITHOUT COUNSEL'S ADVICE OR LEGAL EXPERTISE ON A MAJOR ISSUE (SIMILAR-SITUATED STANDING), AND THAT ISSUE UNFORTUNATELY FOR THE DEFENDANT WASHINGTON, TURNED OUT TO BE THE ISSUE UPON WHICH THE COURT WAS CAPABLE OF DENYING THE MOTION.

OUR COURT HAS TREATED DEFECTIVE 'FARETTA' WAIVERS AS STRUCTURAL SIXTH AMENDMENT ERRORS NOT AMENABLE TO ANY PREJUDICE INQUIRY (EMPHASIS). SEE - UNITED STATES V. SALEMO, 61 F.3D 214 (3D CIR. 1995)("WE DECLINE TO ENGAGE IN A HARMLESS ERROR ANALYSIS [WHERE DEFENDANT DID NOT VALIDLY WAIVE COUNSEL].

IN THIS MATTER DEFENDANT BECAME CONCERNED THAT HIS LEGAL ISSUE'S WERE NOT PROPERLY PRESENTED TO THE COURT ON THE LEGAL ISSUE OF "SIMILAR-SITUATED INDIVIDUALS". DEFENDANT WROTE HIS ATTORNEY ROLAND JARVIS AND DISCUSSED WITH HIM THE ISSUE OF RAISING SUCH ARGUMENT BY SUPPLEMENTAL BRIEF AS CONCERNED WHY WHITES WHO WERE NOT PROSECUTED AT ALL WERE SIMILARLY SITUATED TO BLACK AND LATINO DRUG STASH HOUSE ROBBERS. IN SUCH LETTER DEFENDANT SENT TWO LEGAL ARGUMENTS SHOWING THE LAW AND FACTS SUPPORTING SUCH SIMILAR-SITUATED FINDING AND ASKING HIS LAWYER TO REFINE THE TWO LEGAL ARGUMENT'S BY ADDING AND TAKING THINGS OUT, AND FILING AND ADDENDUM OR SUPLEMENTAL ARGUMENT TO THE ISSUE'S THAT WERE DISCUSSED IN COURT AND TO STRENGTHEN IT BEFORE THE COURT MADE IT'S RULING. THE DEFENDANT'S COUNSEL REFUSED TO RESPOND TO ALL LEGAL CALLS AND COMMUNICATIONS BY DEFENDANT AND HIS FAMILY MATTERS CONCERNING WHETHER HE FILED THE SUPPLEMENTAL OR ADDENDUM BRIEF RAISING THE ISSUE'S OF SIMILAR-SITUATED STANDING. DEFENDANT FEARING THAT HIS TIME LIMITATION MIGHT RUN OUT THEN WROTE THE COURT EXPLAINING HIS PROBLEM AND ISSUE AND ASKED THE COURT TO ACCEPT HIS DOCUMENTS PRO SE IN ORDER TO RESERVE OR PRESERVE HIS TIME LIMITATION BECAUSE THE COURT MENTIONED ON RECORD THAT IT WOULD HAND DOWN A DECISION LATE JUNE OR EARLY JULY 2014.

DEFENDANT MEANWHILE BELIEVED THAT COUNSEL HAD FILED A SUPPLEMENTAL BRIEF INCLUDING THE ISSUE'S RELATING TO THE SIMILARLY-SITUATED STANDARD AS INSTRUCTED AND GIVEN TO HIM. ON OR ABOUT JUNE 27, 2014, DEFENDANT WASHINGTON'S LAWER CAME TO VISIT HIM AND ADVISED HIM THAT HE DID NOT FILE THE SIMILARLY-SITUATED BRIEF BECAUSE THE COURT ADVISED HIM THAT HE (MR. JARVIS) DID NOT NEED TO FILE THE BRIEF, DUE TO THE FACT THAT THE COURT WAS ACCEPTING THE DEFENDANT'S BRIEF AND PAPERWORK IN PRO SE, AND THERE WAS NO NEED TO FILE A SUPPLEMENTAL.

(11)

ON JUNE 30, 2014, THE COURT ISSUED ITS OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR DISCOVERY ON RACIAL PROFILING OR SELECTIVE ENFORCEMENT ON THE GROUNDS THAT DEFENDANT FAILED TO SHOW THE "SIMILARLY-SITUATED STANDARD" IN ORDER TO MEET THE THRESHOLD BURDEN IN "ARMSTRONG". THIS BEING THE VERY ISSUE THAT I SOUGHT COUNSEL'S ADVICE TO FORMULATE FOR THE COURT ALONG WITH MY ALREADY SUBMITTED LEGAL ARGUMENTS ON THE ISSUE TO COUNSEL. THE COURT BY ADVISING MY COUNSEL TO NOT SUBMIT A SUPPLEMENTAL BRIEF BASED ON SUCH COURT ACCEPTING MY PRO SE SUBMISSIONS, DENIED ME THE RIGHT TO COUNSEL'S LEARNED EXPERIENCE.

DEFENDANT SUBMITS THAT THE COURT PRESUMED THAT DEFENDANT WAIVED HIS RIGHT TO COUNSEL, OR TO HAVE COUNSEL REFINE HIS LEGAL ARGUMENTS THAT WERE MOST LIKELY INARTFULLY PRESENTED TO THE COURT AS A LEGAL ISSUE CONCERNING SIMILAR-SITUATED STANDARD UNDER 'ARMSTRONG'.

THE LAW IS CLEAR THAT A DEFENDANT MAY NOT FILE DOCUMENTS OR LEGAL ARGUMENTS IN PRO SE WHILE REPRESENTED BY ASSIGNED COUNSEL. SEE - UNITED STATES V. TURNER, 677 F.3D 570 (3D CIR. 2012); IN RE ORDAZ, 491 FED. APPX. 348 (3D CIR. 2012)("DISTRICT COURT DOES NOT HAVE TO ANSWER PRO SE MOTIONS OF REPRESENTED DEFENDANT"); ABDULLAH V. UNITED STATES, 240 F.3D 683 (8TH CIR. 2001),("A DISTRICT COURT HAS NO OBLIGATION TO ENTERTAIN PRO SE MOTIONS FILED BY A REPRESENTED DEFENDANT"); SEE - UNITED STATES V. POWELL, 269 F.3D 175 (3D CIR. 2001); UNITED STATES V. IBEH, 480 FED. APPX. 658 (3D CIR. 2012) ("HOLDING THAT, EXCEPT IN CASES GOVERNED BY ANDERS, PARTIES REPRESENTED BY COUNSEL MAY NOT FILE PRO SE BRIEFS").

DEFENDANT RESPECTFULLY SUBMITS THAT THE COURT SHOULD NOT HAVE ALLOWED THE DEFENDANT'S LEGAL ISSUE'S AND DOCUMENTS TO BE FILED 'PRO SE' BECAUSE THE COURT WAS AWARE OF THE CONTENTS OF THE DOCUMENTS AND KNEW THAT THE ISSUE OF SIMILAR-SITUATED WOULD BE THE MAIN FOCUS OF ITS DECISION, AND THUS SHOULD HAVE AT THE LEAST ALLOWED DEFENDANT'S COUNSEL TO REVIEW DEFENDANT'S PRO SE SUBMISSIONS AND AMEND OR SUPPLEMENT THE LEGAL ISSUE THAT DEFENDANT WAS TRYING TO RAISE ON THE ISSUE OF SIMILAR-SITUATED. DEFENDANT WAS DENIED COUNSEL WHEN HE NEED REPRESENTATION THE MOST, AND THIS COURT WAS AWARE THAT DEFENDANT WAS ATTEMPTING TO RAISE THE VERY ISSUE THAT THE COURT WAS LOOKING TO DENY THE DEFENDANT FOR NOT PROVIDING SUFFICIENT SIMILAR-SITUATED INDIVIDUALS. THIS FACT ALONE, REQUIRED THE COURT TO SUBMIT THE DOCUMENTS AND LETTER FROM DEFENDANT TO HIS APPOINTED COUNSEL TO FURTHER INVESTIGATE AND TAKE WHAT EVER ACTION THAT APPOINTED COUNSEL THOUGHT NECESSARY.(INCLUDING SEEKING A POST-PONEMENT).

DEFENDANT WASHINGTON, NOW ASKS THAT THE COURT RECONSIDER THE DECISION BECAUSE THERE IS A NEED TO CORRECT A CLEAR ERROR OF LAW OR FACT AND TO PREVENT A MANIFEST INJUSTICE.

DEFENDANT SPECIFICALLY REQUEST THAT THE COURT RECALL ITS JUNE 30, 2014 OPINION AND ORDER UPON REVIEW OF THIS PETITION, AND THAT THE COURT ISSUE A ORDER ALLOWING DEFENDANT TO REOPEN THE HEARING FOR SELECTIVE PROSECUTION AND SELECTIVE ENFORCEMENT AFTER ALLOWING DEFENDANT'S COUNSEL TO SUBMIT THE BRIEF OUTLINING THE SIMILARLY-SITUATED STANDARD THAT DEFENDANT HAS MET WHICH DEFEATS THE 'ARMSTRONG' TWO PRONG REQUIREMENT.

(D) COURT RE-CHARACTERIZED DEFENDANT'S ISSUE AND MADE A DECISION TO DECIDE SUCH BASED ON WHAT IT BELIEVED DEFENDANTS ARGUMENT WAS WITHOUT GIVING DEFENDANT A OPPORTUNITY TO HAVE THE ARGUMENT DECIDED AS SUBMITTED. THUS, VIOLATING UNITED STATES V. MILLER, 197 F.3D 644 (3D CIR. 1999).

==================================================================

DEFENDANT WASHINGTON SUBMITS THAT THE DISTRICT COURT SHOULD HAVE TAKEN CERTAIN PROPHYLACTIC MEASURES BEFORE RECHARCTERIZING HIS PRO SE PETITION, MOTION AND/OR PLEADINGS CHALLENGING HIS INCARCERATION.

ON PAGE - 5 OF THE COURT'S OPINION AND ORDER THE COURT STATES THAT WHILE DEFENDANT REFERS TO SELECTIVE PROSECUTION IN HIS MOTION, THAT HE ACTUALLY COMPLAINS OF RACIAL PROFILING OR SELECTIVE LAW ENFORCEMENT. THE COURT THEN GOES ON TO STATE THAT SUCH ARE GOVERNED BY THE SAME ANALYSIS.

DEFENDANT NOW COMPLAINS THAT THE COURT FAILED TO INQUIRE OF HIM AS TO WHETHER HE WANTED SUCH MOTION AND ISSUE DECIDED USING THE COURT'S VERSION OF WHAT HE BELIEVED DEFENDANT MEANT TO FILE SUCH MOTION AS (WHICH IS NOT CLEAR FROM THE OPINION) OR DECIDED UNDER THE LABEL THAT SUCH MOTION WAS FILED UNDER. THIS VIOLATES CASTRO V. UNITED STATES, 157 L. ED 2D 778 (SUPREME 2003); UNITED STATES V. MOON, 228 FED. APPX. 133 (3D CIR. 2007) ("OURS IS A SYSTEM OF RULES WITHIN WHICH PRO SE LITIGANTS MUST BE ABLE TO PURSUE THEIR RIGHTS") ("FEDERAL COURTS SOMETIMES WILL IGNORE THE LEGAL LABEL THAT A PRO SE LITIGANT ATTACHES TO A MOTION AND RECHARACTERIZE THE MOTION IN ORDER TO ... AVOID AN UNNECESSARY DISMISSAL, TO AVOID INAPPROPRIATELY STRINGENT APPLICATION OF FORMAL LABELING REQUIREMENTS, OR TO CREATE A BETTER CORRESPONDENCE BETWEEN THE SUBSTANCE OF A PRO SE MOTION'S CLAIM AND ITS UNDERLYING LEGAL BASIS").

DEFENDANT STATES THAT THE ONLY THING WHICH IS CLEARER AS TO WHAT ANALYSIS THIS COURT DECIDED DEFENDANT'S CLAIM UNDER IS THE FACT THAT DEFENDANT DID NOT RECEIVE ANY NOTICE OF SUCH OR ANY RIGHT TO CONTEST SUCH. THUS, A CLEAR VIOLATION OF UNITED STATES V. MILLER, 197 F.3D 644 (3D CIR. 1999).

DEFENDANT REQUEST A NEW HEARING IN THIS MATTER IN ORDER TO CORRECT THE ERRONEOUS APPLICATION OF THE LAW AND TO CORRECT A MANIFEST INJUSTICE.