IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKIA WASHINGTON | : | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

The government, by and through its attorneys, Zane David Memeger, United States Attorney, and Salvatore L. Astolfi, Assistant United States Attorney, submits this response to the defendant's motion for reconsideration of the Court's June 30, 2014 Order. For the reasons set forth herein, the defendant's motion should be denied.

**I.    INTRODUCTION**

On March 15, 2013, the defendant was arrested along with three others as part of a "sting" operation by the Bureau of Alcohol, Tobacco, Firearms and Explosives, as they attempted to commit the home invasion robbery of a drug stash house. The defendants were indicted on April 11, 2013. Three defendants pleaded guilty, and one defendant – Askia Washington has expressed his intention of pursuing a jury trial.

Defendant Washington filed a motion seeking discovery on the alleged issue of selective prosecution. The defendant sought discovery in aid of a motion to dismiss the indictment on the basis that the government impermissibly targeted him and the other three defendants because of their race. On June 30, 2014, this Court denied Washington's motion. Washington now seeks reconsideration of that order by filing a pro se motion.

II.     **ARGUMENT**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Laboratories Inc. v. Dentsply Intl., Inc., 602 F.3d 237, 251 (3d Cir. 2010), see also, Harsco Co. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a motion for reconsideration "may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). No such error of law or fact exists here, therefore Washington's motion should be denied.

In his motion Washington claims that the Court committed a clear error of law, therefore in order to correct a manifest injustice, the Court should reconsider its June 30, 2014 Order. Br. p. 1. He is wrong.[1] The Court correctly applied controlling Supreme Court authority. When analyzing Washington's initial claim, the Court applied the standard set forth in United States v Armstrong, 517 U.S. 456 (1996). Under Armstrong, in order to succeed on a selective prosecution claim, a defendant "must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Id. at 465. In keeping with this "rigorous standard" for proving a selective prosecution claim, the Supreme Court requires "a correspondingly rigorous standard for discovery in aid of such a claim," and requires the defendant to present "some evidence tending to show the existence of the essential elements[.]" Id. at

---

[1] Washington also argues in his motion that the Court violated his Sixth Amendment rights by conducting a defective waiver, and that the Court improperly re-characterized his arguments. These things did not occur. The Court simply accepted the defendant's pro se filings in support of his arguments, which is what defendant requested that the Court do when he submitted them. See Defendant's cover letter dated March 12, 2014, Docket Entry 121. Moreover, the Court never re-characterized the defendant's arguments. Instead the Court simply clarified his claims and proceeded accordingly in denying his motion.

2

468.  Clearly it was the defendant's burden to make the necessary showing.[2]

This Court acknowledged that <u>Armstrong</u> was the applicable standard, Opinion, p. 5, and further acknowledged that it was "bound to follow <u>Armstrong</u> and may not deviate from the Supreme Court's standard." <u>Id.</u> at 10.  Also, the Court expressly acknowledged that "raw statistics regarding overall charges say nothing about charges brought against similarly situated defendants." <u>Id.</u> at 7, <u>quoting</u> <u>United States v. Bass</u>, 536 U.S. 862, 864 (2002).  The Court concluded that because Washington did nothing more than present raw statistics in support of his claim he failed to meet the standard set forth in <u>Armstrong</u>. <u>Id.</u> at 10-11.

Washington relies on <u>United States v. Jones</u>, 159 F.3d 969 (6th Cir. 1998),[3] in support of his argument that a less stringent standard applies to the "investigative phase of the prosecution." Br. p. 4.  Once again he is wrong.  In <u>Jones</u> the court applied <u>Armstrong,</u> however based on the evidence presented the court reached a different result.  Therefore, <u>Jones</u> is factually distinguishable.  In <u>Jones</u>, the defendant sought to have the indictment against him dismissed prior to trial based on a claim of selective prosecution based on race.  In addition, he sought discovery in aid of his claim.  The district court denied his motions, the case proceeded to trial and Jones was convicted.  In his appeal, Jones argued that he had presented evidence of both a discriminatory intent and discriminatory purpose for his prosecution.  On the discriminatory intent prong, Jones had presented evidence of outrageous police conduct which the court found did in fact demonstrate that he was targeted because of his race.  <u>Id.</u> at 977.  On the discriminatory

---

[2] Washington now attempts to shift the burden to the government, arguing, "The government should be required to identify the policy or practice which accounts for the federal prosecution of only minorities, and excludes the investigation and arrest, and prosecution of Caucasians for the same government sponsored stings." Br. p. 3.  This is contrary to <u>Armstrong</u>.

[3] Jones was an African American defendant.

3

effect prong, Jones presented evidence that while he and his two codefendants (one of whom was African American and the other white), were referred for federal prosecution, eight other defendants, all non-African-Americans who were arrested for the same offense were not.  Id. at 978.  The court determined that although this evidence was insufficient to make the necessary showing sufficient to require dismissal of his indictment, Jones had presented "some evidence" tending to show the existence of discriminatory effect, therefore he was entitled to discovery in aid of his claim.  Id. at 978.  Unlike Jones, Washington did not present any evidence that defendants similarly situated were not prosecuted.  Instead he presented nothing more than "raw statistics" and has therefore failed to satisfy the requirements set forth in Armstrong.

      Washington also relies on United States v. James, 257 F.3d 1173 (10th Cir. 2001), in support of the same argument.  Br. p. 4.  His reliance on James is completely misplaced.  Applying the same Armstrong standard, the court in James determined that the defendants were not entitled to discovery on their selective prosecution claims because the statistical evidence they presented failed to show that people similarly situated were not prosecuted.  Id. at 1181.

      Washington has failed to make the necessary showing for reconsideration of this Court's June 30, 2014 Order.  Therefore, the government requests that his motion be denied.

## III. CONCLUSION

For the foregoing reason, the government respectfully requests that the defendants' motion be denied.

                                                    Respectfully submitted,

                                                    ZANE DAVID MEMEGER
                                                    United States Attorney

                                                    /s/Salvatore L. Astolfi
                                                    SALVATORE L. ASTOLFI
                                                    Assistant United States Attorney

July 29, 2014

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by the District Court Clerk's electronic filing system upon:

Roland B. Jarvis, Esquire
1528 Walnut Street, Suite 1401
Philadelphia, PA  19102


　　　　　　　　　　　　　　　　　　　　　　/s/ Salvatore L. Astolfi
　　　　　　　　　　　　　　　　　　　　SALVATORE L. ASTOLFI
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

Date:   July 29, 2014