IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-171-1 |
| DWIGHT BERRY | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.    BACKGROUND**

On February 18, 2014, defendant Dwight Berry plead guilty to Counts One through Six of the indictment in which he was charged as follows: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); conspiracy to possess with the intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count Three); attempted possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count Four); carrying a firearm during and in relation to a crime of violence and to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Six).   These charges arise out of the defendant's participation in an attempted armed Hobbs Act robbery of what he and his coconspirators believed to be a drug stash house.

Although Berry is a facing a sentencing guidelines range of 270-322 months imprisonment, the parties have agreed that the appropriate sentence in this case is 180 months' imprisonment.   Therefore, based upon the guilty plea agreement, we are requesting that the Court impose the agreed upon sentence.

## II.     SENTENCING CALCULATION

### A.     Statutory Maximum Penalties

**Counts One and Two - Hobbs Act Conspiracy and Attempted Robbery**

The maximum term of imprisonment is 20 years, three years supervised release, a $250,000 fine, and a $100 special assessment on each count.

**Counts Three and Four - Conspiracy to Possess with the Intent to Distribute and Attempted Possession with the Intent to Distribute Five Kilograms or More of Cocaine**

The maximum term of imprisonment is life, and a mandatory minimum of 10 years in prison, a fine of $10,000,000, at least 5 years to lifetime supervised release, and a $100 special assessment on each count.

**Count Five - Using and Carrying Firearm in Relation to a Crime of Violence and Drug Trafficking Offense**

The maximum term of imprisonment is life, with a mandatory minimum term of imprisonment of five years, which must be served consecutive to any other sentence imposed, a $250,000 fine, a period of supervised release of not more than five years, a $100 special assessment, and forfeiture.

**Count Six - Felon in Possession of Firearm**

The maximum term of imprisonment is 10 years, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

**Total Maximum and Mandatory Minimum Sentence** is: lifetime imprisonment, 15 years' mandatory minimum imprisonment, a mandatory minimum 5 years supervised release up to a lifetime of supervised release, $21,000,000 fine, and a $600 special assessment.

     **B.**     **Sentencing Guidelines Calculation**

The Probation Office calculated the defendant's advisory guideline range to be 270-322 months imprisonment. The government agrees with this calculation but requests that the Court impose the agreed upon sentence of 180 months imprisonment.

**III.**     **ANALYSIS**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should accept the calculation of the advisory guidelines as set forth above, review all other factors, including the mandatory minimum sentence, and impose an appropriate sentence within the applicable sentencing guidelines range.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18

U.S.C. § 3553(a).[1]

**Consideration of the 3553(a) Factors**

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

Dwight Berry was the leader of a group of men who set out to commit an armed robbery of what they believed to be a drug stash house. Berry assembled a crew of young men to participate in the armed robbery, led the planning and preparation of the robbery, and on March 15, 2013, Berry met with the crew that he assembled in a predetermined staging area where they finalized their plan to commit the armed robbery.

Berry has a lengthy history of arrests in the criminal justice system. From the age of 11 Berry has been arrested on 13 separate occasions. His arrests have resulted in seven juvenile adjudications for crimes including possession of a controlled substance, theft, PWID, reckless endangering, unauthorized use of an automobile, and escape. Berry has also been convicted as an adult of crimes including carrying a firearm and terroristic threats. His remaining charges were dismissed.

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

**(2)** **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Berry's offenses of conviction are very serious.  Berry and his coconspirators intended to commit a violent armed robbery of what they believed to be a drug stash house for the purpose of stealing kilograms of cocaine.  Fortunately this was a sting operation and they were apprehended on March 15, 2013 when they met at the staging area to review and finalize their plan.  There is no doubt that Berry and his coconspirators demonstrated their propensity for committing violent acts and they were completely willing to carry out their plan.

**(3)** **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

The Court's sentence in this case must deter others like Berry and his coconspirators who would consider engaging in similar serious criminal conduct.  Thus the need for general deterrence is great.  Berry must also be deterred.  Throughout the years, Berry has repeatedly violated the law both as a juvenile and as an adult.  Although on one occasion he was sentenced to a term of imprisonment of two to five years, and he has been in and out of prison during his adult years, clearly Berry has not learned from this past experience.  It is evident from his involvement in this case that he intended to continue down the wrong path.  He is once again being given an opportunity through his plea agreement in this case to straighten his life out.  The imposition of the recommended 180 month sentence will be an appropriate reminder to Berry that his past conduct will no longer be tolerated.

**(4)** **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

The PSR revealed that Berry has a lengthy history of alcohol and substance abuse.  Although he has received treatment for his drug abuse it appears that he could benefit from additional counseling.  The government therefore requests that as part of the Court's sentence in

this case, Berry be required to undergo additional drug therapy and counseling.

Berry dropped out of high school during his 9th grade year, however while incarcerated in the Pennsylvania State Prison System he obtained his GED.   In recent years, Berry has established a somewhat consistent work history, having opened his own business in the cleanout and scrap industry.   Even with this work history, it appears that Berry could benefit from vocational training while incarcerated.

**(5)** **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Berry is not unlike many other federal defendants in that his offenses of conviction are very serious and his has a lengthy history of arrests and convictions.   In addition, Berry suffers from drug and alcohol addiction which may have contributed to his involvement in the offenses in this case or at a minimum contributed to his inability or unwillingness to remove himself from his criminal lifestyle.   Therefore, it appears that the recommended sentence would help avoid an unwarranted disparity.

**(6)** **The need to provide restitution to any victims of the offense.**

Restitution is not an issue in Berry's case.

**VI.** **CONCLUSION**

Therefore, in sum, all of the appropriate considerations of sentencing favor the acceptance by the Court of the agreed upon sentence of 180 months imprisonment.   We ask that

the Court accept this a as a joint recommendation by the parties and impose this sentence.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney


        s/Salvatore L. Astolfi
        SALVATORE L. ASTOLFI
        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by the district court clerk's electronic filing system upon:

Kenneth Edelin Esq. PC
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
kceesq@gmail.com

s/Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

DATED:   October 16, 2014