IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-171 |
| ASKI WASHINGTON,<br>    a/k/a "Ski" | : | |

### GOVERNMENT'S REQUESTED JURY VOIR DIRE QUESTIONS

The United States of America, by its undersigned attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Salvatore L. Astolfi, Assistant United States Attorney for the district, respectfully requests that this Honorable Court ask the following questions of the jury panel during the jury selection process:

1.  The indictment alleges that in Philadelphia, in the Eastern District of Pennsylvania, defendant Aski Washington and three others committed the following offenses:

    A.  Conspiracy to commit robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Section 1951(a) (Count One);

    B.  Attempted robbery, and aiding and abetting attempted robbery, which interferes with interstate commerce, in violation of Title 18, United States Code, Sections 1951(a) and 2 (Count Two);

    C.  Conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count Three);

        D.        Attempted possession with intent to distribute controlled substances, and aiding and abetting the attempted possession with intent to distribute, in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2 (Count Four);

        E.        Using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence and to a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1) and 2 (Count Five).

Are you personally acquainted with the defendant or do you, or any member of your family, or any friend, have any connection of any kind with him?

        2.        Do you believe that you would not be able to decide this case fairly because of the nature of the charges contained in the indictment?

        3.        Do you know counsel for the government, Salvatore L. Astolfi, or counsel for the defendant, Roland B. Jarvis?   If yes, please explain.

        4.        To your knowledge, has any lawyer in this case ever acted as your attorney or as the attorney for any family members or friends?

        5.        Among the individuals who may be called to testify by the government and by the defense are:

GOVERNMENT WILL PROVIDE COMPLETE LIST OF WITNESSES AT THE TIME OF JURY SELECTION.

Do any of you know personally, or have dealings with, any of these people or their families?

6. One or more of the witnesses in this case have received, or may receive in the future, lesser sentences in exchange for cooperation with the government. Such "plea bargaining" is lawful and proper. Do any of you believe that the government should not offer reduced sentences in exchange for cooperation and testimony?

7. Do any of you have opinions about guilty plea agreements that would prevent you from being a fair and impartial juror in this case?

8. Would you refuse to believe such a witness simply because he or she has been convicted of a federal offense?

9. The government alleges that the incidents at issue in this case occurred at the following locations:

    A. McDonald's, 100 block of South 52nd Street, Philadelphia, PA

    B. 4000 block of City Avenue, Philadelphia, PA

    C. Hilton Hotel, Island Avenue, Philadelphia, PA

    D. 6125 Passyunk Avenue, Philadelphia, PA

Do you or any member of your family, or any close friend, live in or near or frequent this area? If so, would your familiarity with this area make it difficult for you to fairly and impartially serve as a juror in this matter?

10. Do you have any information with respect to the alleged offenses or know anything about the facts of the case? Has anyone seen, heard, or read anything about this case on radio or television or in the newspapers or on the internet? Have you heard anything about this case since you arrived at the courthouse? If so: (answers to be elicited at bench)

    A. What have you heard or read?

        B.        Based upon what you have heard or read, have you formed any opinion about the charges or the guilt or innocence of the defendant?

        C.        Could you follow my instructions and disregard what you heard or read and determine the guilt or innocence of the defendant on the basis of the evidence introduced at trial?

11.        Do you, or does any member of your family or close friend, have any involvement with the United States Government, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Philadelphia Police Department, or any other federal or local law enforcement agency?   Do you have any negative feelings towards any law enforcement agency which would affect your ability to render a fair and impartial verdict in this case?

12.        Have you ever had, or do you now have, or do you anticipate having, any case or dispute with or claim against the United States Government, including the Internal Revenue Service?

13.        Have you had any dealing whatsoever with the United States Government in connection with which you feel that the government did not give you fair treatment?   If so, please explain.

14.        Have you had any dealing whatsoever with the Commonwealth of Pennsylvania or any of its agencies, the city of Philadelphia, or the Philadelphia Police Department, in connection with which you feel that the government did not give you fair treatment?   If so, please explain.

15.        Has anyone had any negative experiences with law enforcement officers or agents that would cause you not to be fair and impartial?

16. Have you ever been a juror before? If yes, where, when, and in what type of case (civil or criminal)? If yes, did you reach a verdict?

17. Have you had any training in law? If so, please describe. Are any members of your family, close friends, or work associates attorneys? If so, what type of law do they practice?

18. Have you or any member of your immediate family, close friends, or relatives ever been the victim of a crime or participated in a criminal case as a complainant, witness for the Government, or the Commonwealth, or in some other capacity? If yes, please explain.

19. Have you or any member of your immediate family, close friends, or relatives ever been arrested or participated in a criminal case as a defendant, witness for the defense, or in some other capacity? If yes, please explain.

20. Do you believe that you or any member of your immediate family, close friends, or relatives has ever been unfairly accused or convicted of a crime? If yes, please explain.

21. Would any of you believe a witness just because s/he testifies on behalf of the government? Would any of you believe a witness just because s/he testifies on behalf of the defense?

22. Is there any member of the panel who feels that he or she could not fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

23. Does anyone believe that a person is guilty just because they are here in court?

24. The defendant in a criminal case is allowed to testify if he wishes, but is never required to testify. Under the law, jurors are not allowed to hold against the defendant because he chooses not to testify. Could you follow this rule?

25. Has any member of the panel, or relative or close friend, ever been in military service, employed by the United States Government or any state, local or private law enforcement agency? If so:

    A. In what capacity did you, your relative or close friend serve?

    B. If a relative or close friend is or was so employed, do you or did you often discuss their work with them?

**Since this case involves alleged narcotics offenses, I will ask you the following questions:**

26. Have you or any members of your family or any close friends ever had a problem with substance abuse, including abuse of prescription medications? You may inform the Court at sidebar rather than in open court if you wish.

27. Are you or any members of your family employed in positions which require frequent contact with substance abusers? If so, please explain.

28. Do you believe that selling drugs is a valid or reasonable means of employment?

29. Do you believe that being a drug addict or substance abuser is an excuse for committing crimes?

30. Do you have any preconceived opinions about the narcotics laws that would make you unable to decide this case on the evidence presented and the law as stated by the court? For example, do you believe that the federal narcotics laws are unconstitutional?

31. Do you believe that the use, possession or distribution of any drug that is currently illegal, should be legalized? If yes, please explain.

**Since this case involves alleged unlawful firearm possession, I will ask you the following questions:**

32. Do you belong to the National Rifle Association or any other organization which takes a position regarding the legality and registration of firearms and ammunition? If so, what organization? What is the organization's position with respect to the legality and registration of ammunition and firearms?

33. Do you or any member of your family own or possess any type of firearm or ammunition? If so, what kind and for what purpose?

34. Do you belong to a gun club or shooting range?

35. Do you believe that <u>all</u> people, even those who have been convicted of crimes punishable by more than one year in prison, should be permitted by law to own or possess firearms and ammunition?

36. Do you believe that people should be allowed to carry a gun and or ammunition without obtaining a license or a permit for the gun?

37. Do you believe that any law which forbids or restricts the possession of a firearm and or ammunition is unconstitutional?

38. Does anyone have any opinions, religious beliefs, philosophies, or prejudices which might make you unable to come to a fair and impartial verdict in this case? For example, do you believe that no person should ever be judged or convicted?

39. Do you have a problem with your hearing, your eyesight, or any other physical disability which would in any manner prevent you from either hearing or seeing the evidence presented at trial?

40. Are you taking any medication that might interfere with your ability to concentrate, understand, consider, and weigh the evidence in this case?

41. Do you have any physical, emotional, or psychological issues that would prevent you from sitting on a jury and rendering a fair and impartial verdict?

42. Do you have a sufficient understanding of the English language to allow you to read the exhibits introduced into evidence and to understand the testimony of witnesses?

43. If you were representing the government or the defendant in this case, is there any reason why you would not be content to have the case decided by someone in your frame of mind?

44. Is there any matter pending in your life, about which you are concerned, that would prevent you from devoting your full, undivided attention to this trial?

45. If you are selected to sit on this case as a juror, will you be willing and able to render a verdict based solely on the evidence presented at the trial and the law as I give it to you in my instructions, regardless of any other ideas or personal beliefs about the law you may have?

46. Can you think of any other matter which you should call to the Court's attention which might have some bearing on your qualifications as a juror, or which may prevent you rendering a fair and impartial verdict based solely upon the evidence and my instruction on the law?

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

Dated: January 16, 2015

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of the Government's Requested Voir Dire Questions to be served by electronic filing and/or first class mail addressed to:

> Roland B. Jarvis
> Jarvis Law Associates P.C.
> 20 North 3rd Street, 4th Floor
> Philadelphia, PA   19106
> *Counsel for Askia Washington*

/s/Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

Dated:   January 16, 2015