**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 13-171** |
| **ASKI WASHINGTON,**<br>    **a/k/a "Ski"** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

    The United States of America, by its attorneys, Zane David Memeger, United

States Attorney for the Eastern District of Pennsylvania, and Salvatore L. Astolfi, Assistant

United States Attorney, pursuant to Federal Rule of Criminal Procedure 30, requests that this

Court tender the following jury instructions in addition to the standard instructions, and further

requests leave to file any supplemental instructions as may appear necessary and proper.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney


        /s/ Salvatore L. Astolfi
        SALVATORE L. ASTOLFI
        Assistant United States Attorney

Date: January 16, 2015

# TABLE OF CONTENTS

**Instruction**                                                                                          **Page**

GOVERNMENT'S REQUEST NO. 1
    Role of Jury.................................................................................................1

GOVERNMENT'S REQUEST NO. 2
    Evidence....................................................................................................3

GOVERNMENT'S REQUEST NO. 3
    Direct and Circumstantial Evidence ............................................................6

GOVERNMENT'S REQUEST NO. 4
    Opinion Evidence – Expert Witnesses.........................................................8

GOVERNMENT'S REQUEST NO. 5
    Credibility of Witnesses – In General.........................................................9

GOVERNMENT'S REQUEST NO. 6
    Credibility of Witnesses – Law Enforcement Officer ....................................11

GOVERNMENT'S REQUEST NO. 7
    Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related
    Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses...........12

GOVERNMENT'S REQUEST NO. 8
    Credibility of Witnesses – Testimony of Informer .........................................14

GOVERNMENT'S REQUEST NO. 9
    Defendant's Choice Not to Testify or Present Evidence..................................15

GOVERNMENT'S REQUEST NO. 10
    Defendant's Testimony ...............................................................................16

GOVERNMENT'S REQUEST NO. 11
    Stipulation of Fact......................................................................................17

GOVERNMENT'S REQUEST NO. 12
    Audio/Video Recordings – Consensual ........................................................18

GOVERNMENT'S REQUEST NO. 13
    Audio/Video Recordings – Transcripts ........................................................19

GOVERNMENT'S REQUEST NO. 14

i

Summaries – Admitted (F.R.E. 1006) ............................................................20

GOVERNMENT'S REQUEST NO. 15
Fingerprints and Handwriting Evidence ........................................................21

GOVERNMENT'S REQUEST NO. 16
Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.)...............22

GOVERNMENT'S REQUEST NO. 17
Not All Evidence, Not all Witnesses Needed ..................................................23

GOVERNMENT'S REQUEST NO. 18
Specific Investigative Techniques Not Required.............................................24

GOVERNMENT'S REQUEST NO. 19
Presumption of Innocence – Burden of Proof – Reasonable Doubt ..................25

GOVERNMENT'S REQUEST NO. 20
On or About ................................................................................................27

GOVERNMENT'S REQUEST NO. 21
Indictment: Use of Conjunctive "and" ..........................................................28

GOVERNMENT'S REQUEST NO. 22
Separate Consideration – Multiple Defendants Charged with the Same Offenses...........29

GOVERNMENT'S REQUEST NO. 23
Nature of the Indictment ..............................................................................30

GOVERNMENT'S REQUEST NO. 24
Count One – Conspiracy to Interfere with Interstate Commerce (18 U.S.C. § 1951(a))...32

GOVERNMENT'S REQUEST NO. 25
Count Two – Attempted Interference with Interstate Commerce by Robbery
(Hobbs Act) (18 U.S.C. § 1951(a))................................................................34

GOVERNMENT'S REQUEST NO. 26
Conspiracy – Existence of an Agreement ......................................................35

GOVERNMENT'S REQUEST NO. 27
Conspiracy – Membership in the Agreement .................................................37

GOVERNMENT'S REQUEST NO. 28
Conspiracy – Mental States .........................................................................39

GOVERNMENT'S REQUEST NO. 29
Conspiracy – Overt Acts..............................................................................40

GOVERNMENT'S REQUEST NO. 30
Conspiracy – Success Immaterial .......................................................................41

GOVERNMENT'S REQUEST NO. 31
Conspiracy – Duration ........................................................................................42

GOVERNMENT'S REQUEST NO. 32
Conspiracy – Acts and Statements of Co-Conspirators ....................................43

GOVERNMENT'S REQUEST NO. 33
Hobbs Act – "Robbery" Defined ........................................................................44

GOVERNMENT'S REQUEST NO. 34
Hobbs Act – "Unlawful Taking by Force, Violence or Fear" Defined ..............45

GOVERNMENT'S REQUEST NO. 35
Hobbs Act – "Fear of Injury" Defined ...............................................................46

GOVERNMENT'S REQUEST NO. 36
Hobbs Act – "Property" Defined ........................................................................47

GOVERNMENT'S REQUEST NO. 37
Hobbs Act – Affecting Interstate Commerce.....................................................48

GOVERNMENT'S REQUEST NO. 38
Attempt ...............................................................................................................49

GOVERNMENT'S REQUEST NO. 39
Count Three – Conspiracy to Possess with Intent to Distribute Controlled Substances
(21 U.S.C. § 846) ...............................................................................................51

GOVERNMENT'S REQUEST NO. 40
Count Four – Attempted Possession with Intent to Distribute Controlled Substances
(21 U.S.C. § 846) ...............................................................................................53

GOVERNMENT'S REQUEST NO. 41
Controlled Substances – Controlled Substance Defined ...................................54

GOVERNMENT'S REQUEST NO. 42
Controlled Substances – Possession Defined ....................................................55

GOVERNMENT'S REQUEST NO. 43
Controlled Substances – Intent to Distribute Defined .......................................56

GOVERNMENT'S REQUEST NO. 44
  Controlled Substances – Knowingly or Intentionally Defined ..........................................57

GOVERNMENT'S REQUEST NO. 45
  Method of Proving Knowledge..........................................................................................58

GOVERNMENT'S REQUEST NO. 46
  Count Five – Using or Carrying a Firearm During and In Relation to Any Crime of
  Violence and to a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)) ...............................59

GOVERNMENT'S REQUEST NO. 47
  Firearm Offenses – Firearm Defined ................................................................................62

GOVERNMENT'S REQUEST NO. 48
  Knowingly...........................................................................................................................63

GOVERNMENT'S REQUEST NO. 49
  Counts Two, Four, and Five – Accomplice Liability – Aiding and Abetting
  (18 U.S.C. § 2) ...................................................................................................................64

GOVERNMENT'S REQUEST NO. 50
  Responsibility for Substantive Offenses Committed by Co-Conspirators
  (*Pinkerton* Liability) ........................................................................................................66

GOVERNMENT'S REQUEST NO. 51
  Motive Explained................................................................................................................68

GOVERNMENT'S REQUEST NO. 52
  Further Deliberations .........................................................................................................69

GOVERNMENT'S REQUEST NO. 53
  Election of Foreperson – Unanimous Verdict – Duty Not Consider Punishment –
  Duty to Deliberate – Communication With the Court .......................................................70

GOVERNMENT'S REQUEST NO. 54
  Verdict Form.......................................................................................................................73

GOVERNMENT'S REQUEST NO. 55
  Controlled Substances – Verdict Form with Special Interrogatories With Respect to
  Substance Identity and Weight ..........................................................................................74

## After Initial Deliberations

GOVERNMENT'S REQUEST NO. 56
Count Six – Felon in Possession of a Firearm (18 U.S.C. § 922(g)) ................................76

GOVERNMENT'S REQUEST NO. 57
Proof of Prior Conviction............................................................................77

GOVERNMENT'S REQUEST NO. 58
Evidence of Prior Conviction......................................................................78

GOVERNMENT'S REQUEST NO. 59
Firearm Offenses – Knowing Possession Defined............................................79

GOVERNMENT'S REQUEST NO. 60
Firearm Offenses – In or Affecting Interstate Commerce Defined ...................81

## GOVERNMENT'S REQUEST NO. 1

### Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.   Now I will instruct you on the law.

You have two duties as a jury.   Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.   That is your job and yours alone. I play no part in finding the facts.   You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.   My role now is to explain to you the legal principles that must guide you in your decisions.   You must apply my instructions carefully.   Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.   All of you will have to agree on it or there will be no verdict.   In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.   This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone

1

any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.   Do not allow sympathy, prejudice, fear, or public opinion to influence you.   You should also not be influenced by any person's race, color, religion, national ancestry, or gender *(, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community)*.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.01 (2012).
**GOVERNMENT'S REQUEST NO. 2**

2

**<u>Evidence</u>**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.    Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4)     Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1)     The indictment;

(2)     Statements and arguments of the lawyers for the parties in this case;

(3)     Questions by the lawyers and questions that I might have asked;

(4)     Objections by lawyers, including objections in which the lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.    Consider it in light of your everyday experience with people and events, and give it whatever weight you

believe it deserves.   If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.   During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.   These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.   You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.   When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.   When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.   You must disregard the question or the exhibit entirely.   Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.   Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.   If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.   When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

4

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.   It is your own recollection and interpretation of the evidence that controls your decision in this case.   Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.02 (2012).

<u>**GOVERNMENT'S REQUEST NO. 3**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."   You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.   A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.   A reasonable inference is not a suspicion or a guess.   It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.   You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.   The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

6

You should consider all the evidence that is presented in this trial, direct and circumstantial.   The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.   It is for you to decide how much weight to give any evidence.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.03 (2012).

## GOVERNMENT'S REQUEST NO. 4

### Opinion Evidence – Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from *(state the name of the person(s) who offered an opinion)*.   Because of *(his)(her)(their)* knowledge, skill, experience, training, or education in the field of *(state the witness(es)'s field)*, *(Mr.)(Ms.)(Dr.) (name) (was)(were)* permitted to offer a*(n)* opinion*(s)* in that field and the reasons for *(that)(those)* opinion*(s)*.

The opinion*(s) (this)(these)* witness*(es)* state*(s)* should receive whatever weight you think appropriate, given all the other evidence in the case.   In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.   You may disregard the opinion*(s)* entirely if you decide that *(Mr.)(Ms.)(Dr.) (name)*'s opinion*(s) (is)(are)* not based on sufficient knowledge, skill, experience, training, or education.   You may also disregard the opinion*(s)* if you conclude that the reasons given in support of the opinion*(s)* are not sound, or if you conclude that the opinion*(s) (is)(are)* not supported by the facts shown by the evidence, or if you think that the opinion*(s) (is)(are)* outweighed by other evidence.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.08 (2012).
## GOVERNMENT'S REQUEST NO. 5

8

**Credibility of Witnesses – In General**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.    You are the sole judges of the credibility of the witnesses.    Credibility refers to whether a witness is worthy of belief: Was the witness truthful?    Was the witness' testimony accurate?    You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.    In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)    The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)    The quality of the witness' knowledge, understanding, and memory;

(3)    The witness' appearance, behavior, and manner while testifying;

(4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)    Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)    Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

9

(7)      Whether the witness' testimony was consistent or inconsistent with other

evidence that you believe; and

(8)      Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony

of different witnesses may or may not cause you to disbelieve a witness' testimony.   Two or

more persons witnessing an event may simply see or hear it differently.   Mistaken recollection,

like failure to recall, is a common human experience.   In weighing the effect of an

inconsistency, you should also consider whether it was about a matter of importance or an

insignificant detail.   You should also consider whether the inconsistency was innocent or

intentional.

You are not required to accept testimony even if the testimony was not

contradicted and the witness was not impeached.   You may decide that the witness is not

worthy of belief because of the witness' bearing and demeanor, or because of the inherent

improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can

then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the

number of witnesses who testified or the quantity of evidence that was presented.   What is more

important than numbers or quantity is how believable the witnesses were, and how much weight

you think their testimony deserves.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.04 (2012).

10

## GOVERNMENT'S REQUEST NO. 6

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers.   The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his/her testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.18 (2012).

## GOVERNMENT'S REQUEST NO. 7

11

**Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses**

You have heard evidence that *(name of witness) [Include as many of the following that apply:*

*is an alleged (accomplice)(co-conspirator), someone who says (he)(she) participated in the crime charged; or*

*has made a plea agreement with the government; or*

*has received a promise from the government that (he)(she) will not be prosecuted; or*

*has received a promise from the government that (his)(her) testimony will not be used against (him)(her) in a criminal case; or*

*has received a benefit from the government in exchange for testifying.]*

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has *(describe the witness' situation, e.g., reached a plea bargain with the government, received a benefit from the government)* in exchange for his testimony, but you should consider the testimony of *(name of witness)* with great care and caution.    In evaluating *(name of witness)*'s testimony, you should consider this factor along with the others I have called to your attention.    Whether or not his testimony may have been influenced by the *(plea agreement)(government's promise)(alleged involvement in the crime charged)* is for you to determine.    You may give his testimony such weight as you think it deserves.

You must not consider *(name of witness)*'s guilty plea as any evidence of defendant's guilt.    His decision to plead guilty was a personal decision about his own guilt.    Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate

any concern that any of the defendants has been singled out for prosecution; and to explain how

the witness came to possess detailed first-hand knowledge of the events about which he testified.

You may consider *(name of witness)*'s guilty plea only for these purposes.

————————————————

Third Circuit Model Criminal Jury Instruction, No. 4.19 (2012).

## <u>GOVERNMENT'S REQUEST NO. 8</u>

**<u>Credibility of Witnesses – Testimony of Informer</u>**

You have heard evidence that *(name of witness)* has an arrangement with the government under which *(he)(she) (gets paid)(receives) (describe benefit)* for providing information to the government.   *(Name of witness)*'s testimony was received in evidence and may be considered by you.   The government is permitted to present the testimony of someone who *(gets paid)(receives) (describe benefit)* for providing information to the government, but you should consider the testimony of *(name of witness)* with great care and caution.   In evaluating *(name of witness)*'s testimony, you should consider this factor along with the others I have called to your attention.   You may give the testimony such weight as you think it deserves. It is for you to determine whether or not *(name of witness)*'s information or testimony may have been influenced by *(his)(her)* arrangement with the government.

—————————————————

Third Circuit Model Criminal Jury Instruction, No. 4.20 (2012).

14

<u>**GOVERNMENT'S REQUEST NO. 9**</u>

<u>**Defendant's Choice Not to Testify or Present Evidence**</u>

       The defendant did not testify *(did not present evidence)* in this case.   A defendant has an absolute constitutional right not to testify *(or to present any evidence).*   The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.   The defendant is never required to prove that he is innocent.   You must not attach any significance to the fact that the defendant did not testify.   You must not draw any adverse inference against him because he did not take the witness stand.   Do not consider, for any reason at all, the fact that defendant did not testify.   Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.27 (2012).

15

## <u>GOVERNMENT'S REQUEST NO. 10</u>

**<u>Defendant's Testimony</u>**

        In a criminal case, the defendant has a constitutional right not to testify.

However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own

behalf.   In this case, the defendant testified. You should examine and evaluate his testimony just

as you would the testimony of any witness.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.28 (2010).

16

<u>**GOVERNMENT'S REQUEST NO. 11**</u>

<u>**Stipulation of Fact**</u>

    The Government and the defendant have agreed that *(set forth stipulated fact(s))*

*(is)(are)* true. You should therefore treat these facts as having been proved. You are not

required to do so, however, since you are the sole judge of the facts.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.02 (2012).

<u>**GOVERNMENT'S REQUEST NO. 12**</u>

<u>**Audio/Video Recordings – Consensual**</u>

        During the trial you heard audio and video recordings of conversations with the defendant made without his knowledge.    These recordings were made with the consent and agreement of *a confidential informant and/or ATF Special Agent Patrick Edwards*, one of the other parties to the conversations.

        The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.04 (2012).

## GOVERNMENT'S REQUEST NO. 13

### Audio/Video Recordings – Transcripts

You have heard audio and video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence.   They were given to you only as a guide to help you follow what was being said.   The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

*[The transcripts name the speakers.   But remember, you must decide who you actually heard speaking in the recording.   The names on the transcript were used simply for your convenience.]*

_____

Third Circuit Model Criminal Jury Instruction, No. 4.06 (2012).

## GOVERNMENT'S REQUEST NO. 14

**Summaries - Admitted (F.R.E 1006)**

Certain charts and summaries offered by the government were admitted as evidence.   You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

*[However, the (accuracy)(authenticity) of those charts and summaries has been challenged.   You must decide how much weight, if any, you will give to them.   In making that decision, you should consider the testimony you heard about the way in which the charts and summaries were prepared.]*

---

Third Circuit Model Criminal Jury Instruction, No. 4.11 (2012).

## GOVERNMENT'S REQUEST NO. 15

**Fingerprint Evidence**

When the identity of the person who committed a crime is in question, the parties may introduce fingerprint evidence to try to prove who committed the crime.   To do this, a party may present a "known" sample of a person's fingerprint, one that is proved or admitted to come from that person.   This known fingerprint sample is then compared with any fingerprint being introduced to prove who committed the crime.   In this case, the "known" sample is the fingerprint card, and testimony produced by the government which, if believed, establishes that the fingerprint samples on the card are the defendant's, and the disputed evidence is the fingerprint that was found on the box that contained the guns.

[In this case you also heard the testimony of a witness who claims special qualification in the field of fingerprint identification.   This witness was allowed to express an opinion in order to help you decide whether the disputed fingerprint connected to the crimes in question are the defendant's fingerprint.   You may therefore consider the witness' opinion in reaching your independent decision on this issue.]

_____

Third Circuit Model Criminal Jury Instruction, No. 4.13 (2012).

21

## <u>GOVERNMENT'S REQUEST NO. 16</u>

**<u>Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.)</u>**

You have heard testimony that after the crime was supposed to have been committed, the defendant *[] attempted to flee* and hide from law enforcement.

If you believe that defendant [] attempted to flee and hide from law enforcement, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged.   This conduct may indicate that he thought he was guilty of the crime charged and was trying to avoid punishment.   On the other hand, sometimes an innocent person may flee and hide from law enforcement for some other reason.   Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.30 (2012).

## <u>GOVERNMENT'S REQUEST NO. 17</u>

**<u>Not All Evidence, Not All Witnesses Needed</u>**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.   In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, the defendant [presented evidence][produced witnesses].   The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

_____

Third Circuit Model Criminal Jury Instruction, No. 3.05 (2011).

23

## GOVERNMENT'S REQUEST NO. 18

**Specific Investigative Techniques Not Required**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.   However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case.   There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence)*.

Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors. Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed or what the evidence might look like.   You must decide this case on the evidence in front of you and the law as I give it to you.   Do not decide this case, even in part, based on something you saw on television or in a movie.   It is improper and unfair.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

_____

See Third Circuit Model Criminal Jury Instruction, No. 4.14 (2012).

## GOVERNMENT'S REQUEST NO. 19

**Presumption of Innocence – Burden of Proof – Reasonable Doubt**

The defendant pleaded not guilty to the offenses charged.    The defendant is presumed to be innocent.    He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt.    The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.    The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt.    That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.    A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.    Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.    A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.    It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to

25

hesitate to act in matters of importance in his or her own life.    It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.    However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.06 (2012).

## GOVERNMENT'S REQUEST NO. 20

**On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date.    The government does not have to prove with certainty the exact date of the alleged offense.    It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.08 (2012).

27

## <u>GOVERNMENT'S REQUEST NO. 21</u>

**<u>Indictment: Use of Conjunctive "and"</u>**

Before I discuss elements of the offenses charged in the indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and."   If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.   As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged."

---------------------------

See <u>Turner v. United States</u>, 396 U.S. 398, 420-21 (1970); <u>United States v. Niederberger</u>, 580 F.2d 63, 67-68 (3d Cir. 1978).

28

## GOVERNMENT'S REQUEST NO. 22

### Separate Consideration – Multiple Defendants Charged with the Same Offenses

The defendants were charged with several offenses; each offense is charged in a separate count of the indictment.    The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.    Also, in our system of justice, guilt or innocence is personal and individual.    You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense.    For each defendant and offense, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses.    Each offense and each defendant should be considered separately.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.14 (2012).

### GOVERNMENT'S REQUEST NO. 23

29

**Nature of the Indictment**

   As you know, the defendant is charged in the indictment with violating federal law, specifically:

   Count One of the indictment charges the defendant with conspiracy to commit robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Section 1951(a).

   Count Two charges the defendant with attempted robbery which interferes with interstate commerce, and aiding and abetting the robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Sections 1951(a) and 2.

   Count Three charges the defendant with conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.

   Count Four charges the defendant with attempted possession with the intent to distribute a controlled substance, and aiding and abetting the attempted possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

   Count Five of the indictment charges the defendant with using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence and to a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c) and 2.

   As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.    An indictment is simply a description of the charges against a defendant.    It is an accusation only.    An indictment is not

evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.07 (2012).

**<u>GOVERNMENT'S REQUEST NO. 24</u>**

**Count One – Conspiracy to Interfere with Interstate Commerce by Robbery
(18 U.S.C. § 1951(a))**

Count One of the indictment charges that from at least on or about February 2012 through on or about March 15, 2013, in Philadelphia, in the Eastern District of Pennsylvania, the defendant conspired and agreed to commit robbery, which robbery would unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, in that they conspired to unlawfully take and obtain illegal controlled substances, that is, cocaine, from the person and in the presence of other persons against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property in their possession.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.   A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to interfere with interstate commerce by robbery, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

One:        The conspiracy, agreement, or understanding to commit Hobbs Act robbery, as described in the indictment, was formed, reached, or entered into by two or more persons;

Two:        At some time during the existence or life of the conspiracy, agreement, or understanding, defendant knew the purposes of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

Three:        At some time during the existence or life of the conspiracy,

agreement, or understanding, one of its alleged members

knowingly performed one of the overt acts charged in the

indictment and did so in order to further or advance the purpose of

the agreement

I will explain these elements in more detail.

_____

<u>See</u> Third Circuit Model Criminal Jury Instruction, No. 6.21.846B (2013).
**<u>GOVERNMENT'S REQUEST NO. 25</u>**

**<u>Count Two – Attempted Interference with Interstate Commerce by Robbery (Hobbs Act)</u>**
**<u>(18 U.S.C. § 1951(a))</u>**

In order to sustain its burden of proof for the crime of attempting to interfere with interstate commerce by robbery as charged in Count Two of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

First:      That the defendant attempted to take from another the property described in Count Two of the indictment;

Second:   That the defendant did so knowingly and willfully by robbery; and

Third:     That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951 (2012).

## GOVERNMENT'S REQUEST NO. 26

## Conspiracy – Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of interfering with interstate commerce by robbery.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inference drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

35

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371C (2013).

<b><u>GOVERNMENT'S REQUEST NO. 27</u></b>

**<u>Conspiracy – Membership in the Agreement</u>**

       If you find that a criminal agreement or conspiracy existed, then in order to find

the defendant guilty of conspiracy you must also find that the government proved beyond a

36

reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.   The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

        The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

        You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective.   Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it.   Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.   You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

37

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371D (2013).

## GOVERNMENT'S REQUEST NO. 28

**Conspiracy – Mental States**

In order to find the defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective.    That is, the government must prove: (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent.    For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371E (2013).

## <u>GOVERNMENT'S REQUEST NO. 29</u>

**<u>Conspiracy – Overt Acts (Hobbs Act Conspiracy only)</u>**

With regard to the third element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts.   The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the government does not have to prove that the defendant personally committed any of the overt acts, or that he joined the conspiracy before the overt act was committed.   The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy.   You must unanimously agree on the overt act that was committed.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371F (2013).

## GOVERNMENT'S REQUEST NO. 30

**Conspiracy – Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.   You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371G (2013).

41

## GOVERNMENT'S REQUEST NO. 31

**Conspiracy – Duration**

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it.   However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn.   A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time.   Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371I (2013).

42

<u>**GOVERNMENT'S REQUEST NO. 32**</u>

<u>**Conspiracy – Acts and Statements of Co-Conspirators**</u>

    Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things.   The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

    Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.   You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.   As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371K (2013).

## <u>GOVERNMENT'S REQUEST NO. 33</u>

**<u>Hobbs Act – "Robbery" Defined</u>**

Robbery is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, whether immediately or in the future, to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his or her family or of anyone in his or her company at the time of the taking or obtaining.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-1 (2012).

## GOVERNMENT'S REQUEST NO. 34

### Hobbs Act – "Unlawful Taking by Force, Violence or Fear" Defined

The government must prove beyond a reasonable doubt that the defendant unlawfully took the alleged victim's property against his or her will by actual or threatened force, violence, or fear of injury, whether immediately or in the future.   You must determine whether the defendant obtained the property by using any of these unlawful means, as set forth in the indictment.   The government does not need to prove that force, violence, and fear were all used or threatened.   The government satisfies its burden of proving an unlawful taking if you unanimously agree that the defendant employed any of these methods; that is, the government satisfies its burden only if you all agree concerning the particular method used by the defendant.

In considering whether the defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.   A threat may be made verbally or by physical gesture.   Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

———————————————

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-3 (2012).

45

## GOVERNMENT'S REQUEST NO. 35

**Hobbs Act – "Fear of Injury" Defined**

Fear exists if a victim experiences anxiety, concern, or worry over expected personal physical harm.   The fear must be reasonable under the circumstances existing at the time of the defendant's actions.

Your decision whether the defendant used or threatened fear of injury involves a decision about the alleged victim's state of mind at the time of the defendant's actions.   It is obviously impossible to prove directly a person's subjective feeling.   You cannot look into a person's mind to see what his or her state of mind is or was.   But a careful consideration of the circumstances and evidence should enable you to decide whether the alleged victim was in fear and whether this fear was reasonable.

Looking at the overall situation and the actions of the person in question may help you determine what his or her state of mind was.   You can consider this kind of evidence – which is called "circumstantial evidence" – in deciding whether the defendant obtained property through the use of threat or fear.

You may also consider the relationship between the defendant and the alleged victims in deciding whether the element of fear exists.   However, even a friendly relationship between the parties does not preclude you from finding that fear exists.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-4 (2012).

46

## GOVERNMENT'S REQUEST NO. 36

**Hobbs Act – "Property" Defined**

The term "property" includes money and other tangible and intangible things of value.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-5 (2012).

47

## GOVERNMENT'S REQUEST NO. 37

**Hobbs Act – Affecting Interstate Commerce**

The third element that the government must prove beyond a reasonable doubt is that the defendant's conduct affected or could have affected interstate commerce.   Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.   The effect can be minimal.

It is not necessary to prove that the defendant intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce.   Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general.   You do not even have to find that there was an actual effect on commerce.   All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight.

Also, the commerce affected need not be lawful.   In this regard, I instruct you that possession, distribution and sale of controlled substances, such as cocaine, are commerce over which the United States has jurisdiction.   It is also irrelevant that the intended victims and narcotics were fictional.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-7 (2012); United States v. Bernard, 47 F.3d 1101 (11th Cir. 1995)(Congress declared that possession of illegal drugs impacts upon interstate commerce); United States v. Rodriguez, 360 F.3d 949, 957 (9th Cir. 2004)(Court rejected defendant's argument that "neither the narcotics nor the narcotics traffickers actually existed," and found that the "non-existent status of the target drug traffickers is inapposite.   Impossibility is not a defense to the conspiracy charge.")

## GOVERNMENT'S REQUEST NO. 38

**Attempt**

           The defendant is charged with attempt to commit the crime of Hobbs Act Robbery and attempted possession with the intent to distribute 5 kilograms or more of cocaine. An attempt to commit Hobbs Act Robbery and attempt to possess with the intent to distribute 5 kilograms or more of cocaine are a federal crimes even though the defendant did not actually complete the crimes of Hobbs Act Robbery and possession with the intent to distribute 5 kilograms or more of cocaine.

           In order to find the defendant guilty of attempted Hobbs Act Robbery and/or attempted possession with the intent to distribute 5 kilograms or more of cocaine, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

> First:      That the defendant intended to commit the crimes of Hobbs Act Robbery and/or possession with the intent to distribute 5 kilograms or more of cocaine, as I have defined that offense; and
>
> Second:    That the defendant performed an act constituting a substantial step toward the commission of Hobbs Act Robbery and/or possession with the intent to distribute 5 kilograms or more of cocaine which strongly corroborates or confirms that the defendant intended to commit that crime.

           With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit Hobbs Act Robbery and/or possession with the intent to distribute 5 kilograms or more of cocaine merely because he thought about it.   You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit Hobbs Act Robbery and/or possession with the intent to distribute 5 kilograms or more of cocaine merely because he made some plans to or some preparation for committing that crime.   Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit Hobbs Act Robbery and/or possession with the intent to distribute 5 kilograms or more of cocaine.   However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

---

Third Circuit Model Criminal Jury Instruction, No. 7.01 (2010).

**GOVERNMENT'S REQUEST NO. 39**

**Count Three – Conspiracy to Possess with Intent to Distribute a Controlled Substance (21 U.S.C. § 846)**

50

Count Three of the indictment charges that from at least on or about February 2012 through on or about March 15, 2013, in Philadelphia, in the Eastern District of Pennsylvania, the defendant conspired and agreed with one or more other person to possess with the intent to distribute a controlled substance.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.   A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to possess with the intent to distribute a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First:      That two or more persons agreed to possess with the intent to distribute a controlled substance.   I will explain the elements of this offense to you shortly;

Second:   That the defendant was a party to or member of that agreement; and

Third:     That the defendant joined the agreement or conspiracy knowing of its objectives to possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

I will explain these elements in more detail.

51

———————————————

Third Circuit Model Criminal Jury Instruction, No. 6.21.846B (2013).

## GOVERNMENT'S REQUEST NO. 40

## Count Four – Attempted Possession with Intent to Distribute a Controlled Substance (21 U.S.C. § 841(a) & (b))

Count Four of the indictment charges the defendant with attempting to possess five kilograms or more of a mixture or substance containing a controlled substance, specifically cocaine, with the intent to distribute the controlled substance, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First:       That the defendant intended to possess a mixture or substance containing a controlled substance;

Second:   That the defendant possessed the controlled substance knowingly or intentionally;

Third:     That the defendant intended to distribute the controlled substance; and

Fourth:   That the controlled substance was cocaine.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.21.841A (2013).

53

## <u>GOVERNMENT'S REQUEST NO. 41</u>

**<u>Controlled Substances – Controlled Substance Defined</u>**

You are instructed that, as a matter of law, cocaine is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendant attempted to possess with the intent to distribute cocaine.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-3 (2013).

## GOVERNMENT'S REQUEST NO. 42

**Controlled Substances – Possession Defined**

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that a defendant physically held the controlled substance, that is, had actual possession of it.   As long as the controlled substance was within the defendant's control, he possessed it.   If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that the defendant had the ability to take actual possession of the substance when the defendant wanted to do so - you may find that the government has proved possession.   Possession may be momentary or fleeting.   Proof of ownership of the controlled substance is not required.

*[The law also recognizes that possession may be sole or joint.   If one person alone possesses a controlled substance, that is sole possession.   However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession.   If you find that the defendant had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.]*

*[Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.]*

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-1 (2013).

55

## GOVERNMENT'S REQUEST NO. 43

**Controlled Substances – Intent to Distribute Defined**

       In order to find the defendant guilty of possession of a controlled substance with intent to distribute, as charged in Count Four of the indictment, you must find that the government proved beyond a reasonable doubt that the defendant intended to distribute a mixture or substance containing a controlled substance.   To find that the defendant had the intent to distribute, you must find that the defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

       In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence presented, including the defendant's words and actions.   In determining the defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-5 (2013).

## GOVERNMENT'S REQUEST NO. 44

**Controlled Substances Offenses – Knowingly or Intentionally Defined**

To act knowingly, as used in the offenses charged, means that the defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense.   Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offenses charged, means to act deliberately and not by accident.   Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that the defendant knew that what he distributed or possessed with intent to distribute was a controlled substance.   In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact cocaine.   However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he possessed was a controlled substance, you need not find that the defendant knew that the controlled substance was cocaine.

In deciding whether the defendant acted "knowingly or intentionally," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-4 (2013).

## GOVERNMENT'S REQUEST NO. 45

**Method of Proving Knowledge**

Your decision whether the defendant knew the materials he possessed was a controlled substance involves a decision about the defendant's state of mind.   It is obviously impossible to prove directly the operation of a defendant's mind.   But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is.   Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words.   Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

For example, a defendant's behavior may indicate knowledge.   Nervousness in the presence of the controlled substances may indicate that a defendant knew that the materials in question were controlled substances.   It is up to you, based on all the evidence, including the testimony of others, to determine whether the defendant knew that the material he possessed was a controlled substance.

---

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, § 56.01 at 56-15 (1990); <u>United States v. Iafelice</u>, 978 F.2d 92, 97-98 (3d Cir. 1992).

## GOVERNMENT'S REQUEST NO. 46

**Count Five – Using or Carrying a Firearm During Any Crime of Violence or Drug Trafficking Crime (18 U.S.C. § 924(c)(1))**

        Count Five of the indictment charges the defendant with using and carrying a firearm during and in relation to a crime of violence and to drug trafficking crimes, which is a violation of federal law.   The offenses alleged in Counts One and Two are crimes of violence, and the offenses alleged in Counts Three and Four are drug trafficking crimes.

        In order to find the defendant guilty of the offense charged in the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt.

First:       That the defendant committed the crime of conspiracy to interfere with interstate commerce by robbery (Hobbs Act Robbery) as charged in Count One, attempt to interfere with interstate commerce by robbery as charged in Count Two, conspiracy to possess with intent to distribute controlled substances as charged in Count Three, or attempted possession with intent to distribute as charged in Count Four of the indictment, and

Second:    That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.   The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the Hobbs Act Robbery or the possession with intent to distribute controlled substances.   "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show

59

active employment of the firearm.    If the defendant did not either

disclose or mention the firearm or actively employ it, the defendant

did not use the firearm.    "Carry" means that the defendant had the

firearm on his person or possessed the firearm.

Third:          That the defendant used or carried the firearm during and in

relation to the Hobbs Act Robbery or the possession with intent to

distribute a controlled substance.    During and in relation to means

that the firearm must have had some purpose or effect with respect

to the Hobbs Act Robbery or the possession with intent to

distribute a controlled substance.    The firearm must have at least

facilitated or had the potential of facilitating the Hobbs Act

Robbery or the possession with intent to distribute a controlled

substance.

In determining whether the defendant used or carried a firearm in relation to the

Hobbs Act Robbery or the possession with intent to distribute a controlled substance, you may

consider all of the factors received in evidence in the case including the nature of the underlying

crime, Hobbs Act Robbery and possession with intent to distribute a controlled substance, how

close the defendant was to the firearm in question, the usefulness of the firearm to the Hobbs Act

Robbery or the possession with intent to distribute a controlled substance, and the circumstances

surrounding the presence of the firearm.

The government is not required to show that the defendant actually displayed or

fired the weapon.    However, the government must prove beyond a reasonable doubt that the

firearm was in the defendant's possession or under his control at the time that the Hobbs Act

60

Robbery or the possession with intent to distribute a controlled substance was committed and that the firearm facilitated or had the potential of facilitating the Hobbs Act Robbery or the possession with intent to distribute a controlled substance.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.924B (2012).

## GOVERNMENT'S REQUEST NO. 47

**Firearm Offenses – Firearm Defined**

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive.    The term includes the frame or receiver of any such weapon.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.922A-2 (2012).

## GOVERNMENT'S REQUEST NO. 48

**Knowingly**

The offense of using or carrying a firearm during a crime of violence charged in the indictment requires that the government prove that the defendant acted "knowingly" with respect to an element of the offense.   This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew his acts were against the law.

––––––––––––––––––––––––––

Third Circuit Model Criminal Jury Instruction, No. 5.02 (2012).

63

## GOVERNMENT'S REQUEST NO. 49

## Counts Two, Four, and Five – Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.   The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendant aided and abetted the alleged principal in committing an attempted Hobbs Act robbery, an attempted possession with intent to distribute a controlled substance, and carrying and using a firearm during and in relation to a crime of violence and to a drug trafficking crime as charged in the indictment.   In order to find the defendant guilty of attempted Hobbs Act robbery, or an attempted possession with intent to distribute a controlled substance, or carrying and using a firearm during and in relation to a crime of violence and to a drug trafficking crime because he aided and abetted the alleged principal in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First:      That the alleged principal committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions.   The alleged principal need not have been charged with or found guilty of the offenses, however, as long as you find that the government proved beyond a reasonable doubt that he committed the offenses.

Second:      That the defendant knew that the offenses charged were going to be committed or were being committed by the alleged principal,

64

Third:          That the defendant knowingly did some act for the purpose of

aiding the alleged principal in committing the specific offenses

charged and with the intent that the alleged principal commit those

specific offenses, and

Fourth:         That the defendant's acts did, in some way, aid the alleged

principal to commit the offenses.    The defendant's acts need not

themselves be against the law.

Evidence that the defendant was merely present or was merely a knowing

spectator during the commission of the offenses is not enough for you to find the defendant

guilty as an aider and abetter.    If the evidence shows that the defendant knew that the offense

was being committed or was about to be committed, but does not also prove beyond a reasonable

doubt that it was the defendant's intent and purpose to aid or otherwise associate himself with the

offense, you may not find the defendant guilty of the offenses as an aider and abetter.    The

government must prove beyond a reasonable doubt that the defendant in some way participated

in the offense committed by the alleged principal as something the defendant wished to bring

about and to make succeed.

_____

Third Circuit Model Criminal Jury Instruction, No. 7.02 (2010).

<u>**GOVERNMENT'S REQUEST NO. 50**</u>

<u>**Responsibility For Substantive Offenses Committed By Co-Conspirators (*Pinkerton Liability)***</u>

Certain counts of the indictment charge that more than one defendant committed the offense charged or that one of the defendants committed the offense with another defendant who has pleaded guilty.

The government may prove the defendant guilty of these offenses by proving that the defendant personally committed them.   The government may also prove the defendant guilty of these offenses based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to the defendant as a necessary or natural consequence of the agreement.   In other words, under certain circumstances the act of one conspirator may be treated as the act of all.   This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find the defendant guilty of *(state offense(s))* charged in Count*(s) (no.)* based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

First:        That the defendant was a member of the conspiracy charged in the

                indictment;

Second:    That while the defendant was still a member of the conspiracy, one

                or more of the other members of the conspiracy committed the

                offenses charged in that count, by committing each of the elements

                of those offenses, as I explained those elements to you in these

66

instructions.   *[However, the other member(s) of the conspiracy need not have been found guilty of (or even charged with) the offenses, as long as you find that the government proved beyond a reasonable doubt that the other member(s) committed the offenses.]*

Third:          That the other member*(s)* of the conspiracy committed these offenses within the scope of the unlawful agreement and to help further or achieve the objectives of the conspiracy; and

Fourth:         That these offenses were reasonably foreseeable to or reasonably anticipated by the defendant as a necessary or natural consequence of the unlawful agreement.

The government does not have to prove that the defendant specifically agreed or knew that these offenses would be committed.   However, the government must prove that the offenses were reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.

_____

Third Circuit Model Criminal Jury Instruction, No. 7.03 (2010).

## <u>GOVERNMENT'S REQUEST NO. 51</u>

**<u>Motive Explained</u>**

Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict.   Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty.   Evidence of defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts.   Motive is what prompts a person to act.   Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.   However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

---------------

Third Circuit Model Criminal Jury Instruction, No. 5.04 (2012).

## <u>GOVERNMENT'S REQUEST NO. 52</u>

**Further Deliberations**

        Please be aware that, after you complete your deliberations, there may be some

additional evidence presented and an additional matter about which you will have to deliberate.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.922G-1 (2012).

**GOVERNMENT'S REQUEST NO. 53**

**Election of Foreperson – Unanimous Verdict – Do Not Consider Punishment – Duty to Deliberate – Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.   Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:   The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.   He or she will also preside over your discussions.   However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:   I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.   To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.   To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:   If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.   You should never consider the possible punishment in reaching your verdict.

Fourth:   As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:   Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.   In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can

70

to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.   But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote.   It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.   Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.   You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.   You should not give your notes greater weight than your independent recollection of the evidence.   You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth:   Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.   During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:   If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.   I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.   In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages.   Do not ever write down or tell anyone how you or any one else voted.   That should stay secret until you have finished your deliberations.   If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense*(s)*.

———————————————————

Third Circuit Model Criminal Jury Instruction, No. 3.16 (2012).

72

## GOVERNMENT'S REQUEST NO. 54

**Verdict Form**

A verdict form has been prepared that you should use to record your verdicts. Take this form with you to the jury room.   When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.   If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.   If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

Third Circuit Model Criminal Jury Instruction, No. 3.17 (2012).

## GOVERNMENT'S REQUEST NO. 55

73

**Verdict Form with Special Interrogatories With Respect to Substance Identity and Weight**

If you find the defendant guilty of the offense charged in Count Three or Count Four, you must answer some questions, called jury interrogatories, to decide whether the offense involved certain weights or quantities of controlled substances.   Do not answer these jury interrogatories until after you have reached your verdict.   If you find that the government has not proved the defendant guilty of the offense charged in Count Three or Count Four, then you do not need to answer the interrogatories.

If you find the defendant guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a certain weight or quantity of controlled substances, you must all be satisfied that the government proved the weight or quantity beyond a reasonable doubt.   Weight or quantity means the total weight of any mixture or substance which contains a detectable amount of the controlled substance charged.

Jury Interrogatory Number One relates to Count Three and asks whether you unanimously find beyond a reasonable doubt that the weight or quantity of cocaine which was involved in the conspiracy was 5 grams or more.   In making this decision, you should consider all controlled substances that the members of the conspiracy actually possessed with intent to distribute.

74

Jury Interrogatory Number Two relates to Count Four and asks whether you unanimously find beyond a reasonable doubt that the weight or quantity of cocaine which was involved in the conspiracy was 5 grams or more.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.21.841C (2013).

**After Initial Deliberations**

**GOVERNMENT'S REQUEST NO. 56**

**Count Six – Felon In Possession of Firearm (18 U.S.C. § 922(g)(1))**

Count Six of the indictment charges the defendant with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First:         That the defendant has been convicted of a felony, that is, a crime
                  punishable by imprisonment for a term exceeding one year;

Second:    That after this conviction, the defendant knowingly possessed the
                  firearm described in Count Six of the indictment; and

Third:       That the defendant's possession was in or affecting interstate or
                  foreign commerce.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G (2012).

## GOVERNMENT'S REQUEST NO. 57

**Proof of Prior Conviction**

In order to find the defendant guilty of this offense, you must find that the government proved that before the date the defendant is charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The government contends that the defendant was convicted of aggravated assault in state court.   I charge you that as a matter of law, this is a crime punishable by imprisonment for a term exceeding one year.   However, you must determine beyond a reasonable doubt if the defendant was convicted of this crime.

To satisfy this element, you need only find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime and that the conviction was prior to the possession of the weapon as charged in the indictment.   It is not necessary that the government prove that the defendant knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year. A plea of guilty has the same consequences as a conviction after trial.

*[If the parties stipulate, substitute: "The parties have stipulated that the defendant was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year.   The parties have also stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the firearm charged in the indictment."*

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-2 (2012).

77

## GOVERNMENT'S REQUEST NO. 58

**Evidence of Prior Conviction**

You heard evidence *(through a stipulation)* that the defendant was convicted before this incident in a federal court of a crime punishable by imprisonment for a term exceeding one year.   This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment.   You are not to speculate as to the nature of the conviction.   You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime from at least on or about June 23, 2011 through on or about June 26, 2011, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned.   You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-3 (2012).

## GOVERNMENT'S REQUEST NO. 59

### Firearm Offenses – Knowing Possession Defined

To establish the first element of the offense, the government must prove that the defendant possessed the firearm in question.    To "possess" means to have something within a person's control.    The government does not have to prove that the defendant physically held the firearm, that is, had actual possession of it.    As long as the firearm was within the defendant☐s control, he possessed it.    If you find that the defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in the defendant☐s physical possession - that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so - you may find that the government has proven possession.    Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint.    If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession.    If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Proof of ownership of the firearm is not required.    The government need not demonstrate that the defendant possessed the gun with intent to cause harm.    Knowing possession of a gun by a convicted felon - for any reason, whether otherwise lawful or not - is a crime.

The government must prove that the defendant knowingly possessed the firearm described in the indictment.    This means that the defendant possessed the firearm purposely and

79

voluntarily, and not by accident or mistake.    It also means that the defendant knew the object

was a firearm.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-4 (2012); <u>United States v. Dodd</u>, 225 F.3d 340, 344 (3d Cir. 2000) (government need not prove that defendant possessed firearm with intent to cause harm or with knowledge that possession is lawful).

## GOVERNMENT᾽S REQUEST NO. 60

### Firearm Offenses – In or Affecting Interstate or Foreign Commerce Defined

The third element that the government must prove beyond a reasonable doubt is that the firearm specified in the indictment was in or affecting interstate or foreign commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate or foreign commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line or the United States border.   The government does not need to prove that the defendant himself carried it across a state line or border, or to prove who carried it across or how it was transported.   It is also not necessary for the government to prove that the defendant knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state or country than the state where the defendant is charged with possessing it.   You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-5 (2012).

81

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Proposed Jury

Instructions has been served by electronic filing and/or first class mail on this date to:

> Roland B. Jarvis
> Jarvis Law Associates P.C.
> 20 North 3rd Street, 4th Floor
> Philadelphia, PA   19106
> *Counsel for Askia Washington*


/s/Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

Dated:   January 16, 2015