IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKI WASHINGTON,<br>    a/k/a "Ski," | : | |

## ORDER

AND NOW, this         day of February 2015, upon consideration of the motion *in limine* of the government made pursuant to Federal Rule of Evidence 104, the Court finds that records of the phone companies set forth below, identified as the government exhibits also set forth below:

| Exhibit No. | Description |
|---|---|
| 202 | a-Disk containing Sprint phone records for Dwight Berry's Phone (267) 850-2524; and printout of records<br>b-Certification of authenticity of business records |
| 203 | a-Disk containing T-Mobile phone records for Antonio Ellis' Phone (267) 265-1918; and printout of records<br>b-Certification of authenticity of business records |

are authentic and are business records within the meaning of Federal Rule of Evidence 803(6), and subject only to a determination of relevance by the Court at or in advance of trial, are admissible at trial.

The Court further finds that, as reflected in the Certifications of Authenticity executed by the records custodian of the respective phone companies set forth above, these exhibits are records of regularly conducted business activity that were made at or near the time of the activity by, or from information transmitted by persons with knowledge; the records were kept in the course of the regularly conducted business activity; and it was the regular practice of the business to make these records.  Therefore, such exhibits are self-authenticating within the meaning of F.R.E.

902(11) and, as such, extrinsic evidence of authenticity as a condition precedent to admissibility is not required.

                BY THE COURT:

                _____
                HONORABLE JOEL H. SLOMSKY
                *Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKI WASHINGTON,<br>a/k/a "Ski," | : | |

**GOVERNMENT'S MOTION *IN LIMINE* FOR A DETERMINATION
THAT RECORDS QUALIFY AS BUSINESS RECORDS UNDER
<u>FEDERAL RULE OF EVIDENCE 803(6)</u>**

The government, by its counsel, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Salvatore L. Astolfi, Assistant United States Attorney, hereby move the court for a determination, *in limine*, under Federal Rule of Evidence 104, that records from the phone companies set forth below, which are supported by Certificates of Authenticity executed by a records custodian from each phone company identified below, pertaining to phone records set forth below in the following government exhibits:

| Exhibit No. | Description |
|---|---|
| 202 | a-Disk containing Sprint phone records for Dwight Berry's Phone (267) 850-2524; and printout of records |
| | b-Certification of authenticity of business records |
| 203 | a-Disk containing T-Mobile phone records for Antonio Ellis' Phone (267) 265-1918; and printout of records |
| | b-Certification of authenticity of business records |

are authentic business records within the meaning of Federal Rules of Evidence 803(6) and 902(11), and subject to a determination of relevance by the Court at or in advance of trial, are admissible at trial.

3

The government respectfully moves for a determination on its request in order to facilitate adequate preparation in arranging for potential witnesses if necessary.   The government's reasons are set forth in the attached memorandum.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney


        /s/Salvatore L. Astolfi
        SALVATORE L. ASTOLFI
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKI WASHINGTON,<br>    a/k/a "Ski," | : | |

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
FOR A DETERMINATION THAT RECORDS QUALIFY AS BUSINESS RECORDS
UNDER FEDERAL RULE OF EVIDENCE 803(6)

      The government seeks a preliminary determination, as authorized by Federal Rule of Evidence 104, of the admissibility of certain evidence under F.R.E.803(6) (business records exception to hearsay) and 902(11) (self-authentication of certified domestic records of regularly conducted activity). The government attaches hereto (Attachment A) "Certificates of Authenticity" executed by a custodian of records from each of the phone companies identified in the below chart, authenticating the records within the requirements of F.R.E. 902(11). These records include phone records relating to the following government exhibits already marked in the above-captioned trial matter:

| Exhibit No. | Description |
|---|---|
| 202 | a-Disk containing Sprint phone records for Dwight Berry's Phone (267) 850-2524; and printout of records |
| | b-Certification of authenticity of business records |
| 203 | a-Disk containing T-Mobile phone records for Antonio Ellis' Phone (267) 265-1918; and printout of records |
| | b-Certification of authenticity of business records |

      In order to avoid the necessity of the records custodians from each of the identified companies from testifying to authenticate these records, the government requests that the Court, as provided in Rule 104, make the preliminary determination that the foundational prerequisites for

admissibility under F.R.E. 803(6) and 902(11) have been met and that, as such, the listed exhibits are admissible, subject only to a determination of relevance. This Motion is intended to streamline the trial by obviating the need for the custodians of records to testify.

## I. F.R.E. 104 AND PRELIMINARY DETERMINATIONS OF ADMISSIBILITY OF BUSINESS RECORDS

The Court's prerogative to make preliminary determinations regarding the application of the rules of evidence is set forth in Rule 104. Rule 104(a) provides:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

This rule applies to all preliminary determinations, including the question whether documents fall within the business records exception to the hearsay rule. *See In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 287-88 (3d Cir. 1983) (holding that the determination is made by the judge rather than jury, and that the court is not confined to admissible evidence).

The prerequisites for admissibility under Rule 803(6) (or any other rule of evidence) must be established to the Court by a preponderance of the evidence. *Id.* at 287; *see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Rule 803(6) provides that the following is not excluded by the hearsay rule:

> (6) Records of Regularly Conducted Activity.--A record of an act, event, condition, opinion or diagnosis if: (A) the record was made at or near the time by - or from information transmitted by - a person with knowledge; (B) the record if kept in the course of a regularly conducted business activity of a business, organization, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

In this matter, as authorized by Rule 803(6), the government has established the authenticity of the records in question, as well as their admissibility under Rule 803(6), through certifications ("Certificates of Authenticity") obtained from the phone companies' custodians of records, as contemplated in Rule 803(6). Rule 902, relating to "Self-Authentication" of documents, provides that business records certified in accordance with subsection (11) of Rule 902 are self-authenticating, and thus extrinsic evidence of authenticity (i.e., testimony of records custodians) is not required:

> (11) Certified Domestic Records of Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record-and must make the record and certification available for inspection-so that the party has a fair opportunity to challenge them.

The attached certifications, see Attachment A, attest to the foundational requirements cited in these rules with respect to the government exhibits at issue. The government has previously provided a copy of these certifications to the defendants. The business records, previously provided in discovery and now marked as exhibits, remain available for inspection as marked along with the accompanying certifications. The records also are available for the Court's inspection. Accordingly, the government has complied with the requirement of advance notice to the defense and has provided an opportunity for inspection of the record exhibits.

It bears mentioning that the admissibility of business records under Rule 803(6) and 902(11), and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which applies to certain hearsay. In *Crawford*, the Supreme

Court held that any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. However, the Court made clear that business records admitted pursuant to an evidentiary hearsay exception are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned.  *See also Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (June 25, 2009).

To determine the scope of the Confrontation Clause, the *Crawford* Court examined the "historical background of the Clause to understand its meaning." 541 U.S. at 43.   It concluded that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused."  *Id*. at 50.   As a prominent example, the Court cited the 1603 treason trial of Sir Walter Raleigh, at which the accusatory statement of Sir Walter's alleged accomplice was read in court and the witness was never produced for cross-examination.  *Id.* at 44.

The Court stated that the Sixth Amendment is directed at "testimonial" hearsay, and prohibits the introduction of such statements unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination.   It cited prior testimony as an example of such hearsay.   The Court specifically observed that business records "by their nature" are not testimonial.  *Id*. at 56.

The decision in *Crawford*, assuring a right to confront witnesses at trial, also has no bearing on the determination of admissibility authorized by Rule 104.   That rule has long provided that the rules of evidence do not apply in the trial judge's determination of admissibility. Further, the Supreme Court has often held that the right of confrontation does not apply to the same extent at pretrial hearings as it does at trial.   For example, the Court has held that hearsay is

8

admissible at a pretrial suppression hearing. "[T]he interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *see also United States v. Matlock*, 415 U.S. 164, 172-75 (1974) (suppression hearing); *McCray v. Illinois*, 386 U.S. 300, 312-13 (1967) (probable cause hearing).

In *Bourjaily v. United States*, 483 U.S. 171 (1987), the Court addressed the preliminary determination under Rule 104 regarding whether a statement qualifies for admission under the co-conspirator exception to the hearsay rule. The Court held that the proponent of the evidence, in a preliminary inquiry under Rule 104, must establish the prerequisites of admissibility by a preponderance of the evidence. *Id*. at 175. The Court stated that "the evidentiary standard is unrelated to the burden of proof on the substantive issues," and "[t]he preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Id*.

The Supreme Court further observed that "[t]he Rule on its face allows the trial judge to consider any evidence whatsoever, bound only by the rules of privilege." *Id*. at 178. Accordingly, the Court determined that in deciding whether a conspiracy existed, in order to address the admissibility of a co-conspirator statement under Rule 801(d)(2)(E), the trial court may consider the hearsay statement itself. *Id*. Finally, with respect to the co-conspirator statements, the Court held: "We also reject any suggestion that admission of these statements against petitioner violated his rights under the Confrontation Clause of the Sixth Amendment." *Id*. at 181.

After the *Crawford* decision, courts have routinely held that a certification under Rule 902(11) does not violate the Confrontation Clause.  *E.g.*, *United States v. Kahre,* 610 F. Supp. 2d 1261 (D. Nev. 2009) (certificates of record custodians were not testimonial evidence and thus did not violate Confrontation Clause); *United States v. Adefehinti,* 510 F.3d 319, 327-328 (D.C. Cir. 2007); *United States v. Ellis,* 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Weiland*, 420 F.3d 1062, 1076-77 (9th Cir. 2005); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *accord United States v. Cervantes-Flores*, 421 F.3d 825 (9th Cir. 2005) (certificate of absence of record); *United States v. Rueda-Rivera*, 396 F.3d 678 (5th Cir. 2005) (same); *United States v. Yeley-Davis*, 732 F.3d 673, 677 (10th Cir. 2011) (certificates of authenticity for phone records not testimonial).  *See also United States v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011) ("the Supreme Court has indicated that business records are almost never 'testimonial' for Confrontation Clause purposes," *citing Melendez-Diaz v. Massachusetts*.).

## II.     CONCLUSION

For all of these reasons, the government respectfully requests that the Court enter an order *in limine,* finding the phone records included in exhibits identified in the above chart admissible, subject to a determination of relevance at trial, under F.R.E. 803(6), as self-authenticating documents under F.R.E. 902(11).

                Respectfully submitted,

                ZANE DAVID MEMEGER
                United States Attorney

                /s/Salvatore L. Astolfi
                SALVATORE L. ASTOLFI
                Assistant United States Attorney

# **EXHIBIT A**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Government's Motion *in Limine* upon the following by filing it with the Court's Electronic Case Filing System:

Jarvis Law Associates, P.C.
20 North Third Street
Suite 402a
Philadelphia, Pa 19106

Attn: Roland Jarvis, Esquire
Attorney for Askia Washington

/s/Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

Date: February 9, 2015