## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

**v.** : **CRIMINAL NO. 13-171-2**

**ASKI WASHINGTON,** :
a/k/a "Ski,"

### ORDER

AND NOW, this 2th day of February 2015, upon consideration of the motion *in limine* of the government made pursuant to Federal Rule of Evidence 104, the Court finds that records of the phone companies set forth below, identified as the government exhibits also set forth below:

| Exhibit No. | Description |
|---|---|
| 202 | a-Disk containing Sprint phone records for Dwight Berry's Phone (267) 850-2524; and printout of records |
| | b-Certification of authenticity of business records |
| 203 | a-Disk containing T-Mobile phone records for Antonio Ellis' Phone (267) 265-1918; and printout of records |
| | b-Certification of authenticity of business records |

are authentic and are business records within the meaning of Federal Rule of Evidence 803(6), and subject only to a determination of relevance by the Court at or in advance of trial, are admissible at trial.

The Court further finds that, as reflected in the Certifications of Authenticity executed by the records custodian of the respective phone companies set forth above, these exhibits are records of regularly conducted business activity that were made at or near the time of the activity by, or from information transmitted by persons with knowledge; the records were kept in the course of the regularly conducted business activity; and it was the regular practice of the business to make these records. Therefore, such exhibits are self-authenticating within the meaning of F.R.E.

902(11) and, as such, extrinsic evidence of authenticity as a condition precedent to admissibility is not required.

BY THE COURT:

*Joel Slomsky*

HONORABLE JOEL H. SLOMSKY
*Judge, United States District Court*