**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA                    :

             v.                    :                    No.: 13-cr-171-02

ASKIA WASHINGTON                    :

**<u>PROPOSED JURY INSTRUCTIONS</u>**

COMES NOW defendant Askia Washington, by and through his attorney, Roland B. Jarvis, Esquire, and submit the following JURY INSTRUCTIONS for consideration and use during the jury charge:

## TABLE OF CONTENTS

Instruction                                                                                                                      Page

REQUEST NUMBER 1
    Evidence .................................................................................................................1

REQUEST NUMBER 2
    Credibility of Witnesses....................................................................................4

REQUEST NUMBER 3
    Presumption of Innocence; Burden of Proof; Reasonable Doubt.......................................7

REQUEST NUMBER 4
    Indictment is not Evidence................................................................................9

REQUEST NUMBER 5
    Separate Consideration - Multiple Defendant's Charged With Multiple Offenses...........10

REQUEST NUMBER 6
    Audio/Video Recordings - Transcripts.................................................................11

REQUEST NUMBER 7
    Credibility of Witness - Law Enforcement Officer.........................................................12

REQUEST NUMBER 8
    Credibility Of Witness - Witness who Has Pleaded Guilty To Same Offense.................13

REQUEST NUMBER 9
    Credibility of Witness - Accomplice................................................................15

REQUEST NUMBER 10
    Credibility of Witnesses - Testimony of Informer..........................................................16

REQUEST NUMBER 11
    Credibility of Witnesses - Drug or Alcohol Abuser.........................................................17

REQUEST NUMBER 12
    Impeachment of Witness - Prior Inconsistent Statement for Credibility Only.................18

REQUEST NUMBER 13A
    Credibility of Witnesses - Conviction of Felony...........................................................20

REQUEST NUMBER 13B
     False In One, False In All..................................................................................21

REQUEST NUMBER 14
     Defendant's Choice Not To Testify or Present Evidence....................................22

REQUEST NUMBER 15
     Defendant's Testimony...................................................................................23

REQUEST NUMBER 16
     Prior Statement of Non-testifying Defendant in Multi-Defendant Trial............................24

REQUEST NUMBER 17
     Defendant's Character Evidence.......................................................................26

REQUEST NUMBER 18

     Legal Impossibility........................................................................................27

WASHINGTON REQUEST NUMBER 1

Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits;  and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the

courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to

the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 3.02 (2013)

WASHINGTON REQUEST NUMBER 2

Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straight forward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any

motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe [alternative: how believable the witness' testimony was when considered with other evidence that you believe]; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to

you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 3.04 (2013)

WASHINGTON REQUEST NUMBER 3

Presumption of Innocence; Burden of Proof; Reasonable Doubt

MR. WASHINTON has pleaded not guilty to the offenses charged and is presumed innocent. He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. WASHINGTON unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. WASHINGTON is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. WASHINGTON not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. WASHINGTON has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Marlon Graham is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. WASHINGTON guilty of the offenses charged, the government must convince you that Mr. WASHINGTON is guilty beyond a reasonable doubt.  That means the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubt or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

---

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 3.06 (2013)

WASHINGTON REQUEST NUMBER 4

Indictment is Not Evidence

An Indictment is but a formal method used by the government to accuse a person of a crime. It is not evidence of any kind against MR. WASHINGTON.

An indictment is just the formal way of specifying the exact crimes Mr. WASHINGTON is accused of committing.  An indictment is simply a description of the charges against a person.  It is an accusation only. MR. WASHINGTON is presumed innocent of the crimes charged. Even though this indictment has been returned against MR. WASHINGTON, he began this trial with absolutely no evidence against him.

An indictment is not evidence of anything, and you should not give any weight to the fact that MR. WASHINGTON has been indicted in making your decision in this case.

MR. WASHINGTON has pled "Not Guilty" to this indictment and, therefore, denies that he is guilt of the charges.

_____
Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 3.07 (2013); O'Malley, Grenig and Lee, Federal Jury Practice & Instructions, § 13.04 (5th ed.).

WASHINGTON REQUEST NUMBER 5

Separate Consideration – Multiple Defendants Charged with Multiple Offenses

MR. WASHINGTON and the other defendants are charged with several offenses. The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense. For each defendant and offense, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each offense and each defendant should be considered separately.

_____
Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 3.15 (2013)

WASHINGTON REQUEST NUMBER 6

Audio/Video Recordings - Transcripts

You have heard (audio)(video) recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

[The transcripts name the speakers. But remember, you must decide who actually heard speaking in the recording. The names on the transcript were used simply for your convenience.]

---

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.06 (2013)

WASHINGTON REQUEST NUMBER 7

Credibility of Witnesses - Law Enforcement Officer

You have heard the testimony of a(n) law enforcement officer(s).  The fact that a witness is employed as a law enforcement officer does not mean that (his)(her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____
Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.18 (2013)

WASHINGTON REQUEST NUMBER 8

Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses

You have heard evidence that  (name of witness) [Include as many of the following that apply:

> is an alleged (accomplice)(co-conspirator),  someone who says (he)(she)
>
> participated in the crime charged;  or
>
> has made a plea agreement with the government; or
>
> has received a promise from the government that (he)(she)
>
> will not be prosecuted;  or
>
> has received a promise from the government that (his)(her)
>
> testimony will not be used against (him)(her) in a criminal
>
> case; or
>
> received a benefit from the government in exchange for
>
> testifying.]

(His)(Her) testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has (describe the witness' situation, e.g., reached a plea bargain with the government, received a benefit from the government) in exchange for (his)(her) testimony, but you should consider the testimony of (name of witness) with great care and caution.  In

evaluating  (name of witness)'s testimony,  you should  consider this factor along with the others I have called to your attention.  Whether or not (his)(her) testimony may have been influenced  by the (plea agreement)(government's promise)(alleged involvement in the crime charged) is for you to determine.  You may give (his)(her) testimony  such weight as you think  it deserves.

[You must not consider (name of witness)'s guilty plea as any evidence of (name of defendant)'s guilt.  (His)(her) decision to plead guilty was a personal decision about (his)(her) own guilt.  Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that (the defendant) (any of the defendants) has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which (he)(she) testified.   You may consider (name of witness)'s guilty plea only for these purposes.]

Do not convict the defendant based on the unsupported testimony of such a witness,

standing alone, unless you believe his testimony  beyond a reasonable doubt.

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.19 (2013); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §15.03(5th ed. 2000); Pattern Criminal Jury Instructions for the District Court of the First Circuit, Instruction No. 2.08 (2011).

Page 15 of  29

WASHINGTON REQUEST NUMBER 9

Credibility of Witnesses - Accomplice

1. The testimony of an alleged accomplice, someone who said he/she participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime. In this case [Name of witness] may be considered to be an alleged accomplice in this case.

2. The fact that an alleged accomplice has entered/has agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person including the defendant.

3. The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he/she may have with the government, or by his/her own interest in the outcome of this case, or by prejudice against the defendant.

4. Do not convict the defendant based on the unsupported testimony of such witnesses, unless you believe his/her testimony beyond a reasonable doubt.

Authority and/or Adapted From:

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §15.04(5th ed. 2000); Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 7.08 (1991).

WASHINGTON REQUEST NUMBER 10

Credibility of Witnesses - Testimony of Informer

You have heard evidence that (name of witness) has an arrangement with the government under which (he)(she) (gets paid)(receives) (describe benefit) for providing information to the government. (Name of witness)'s testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who (gets paid)(receives) (describe benefit) for providing information to the government, but you should consider the testimony of (name of witness) with great care and caution. In evaluating (name of witness)'s testimony, you should consider this factor along with the others I have called to your attention. You may give the testimony such weight as you think it deserves. It is for you to determine whether or not (name of witness)'s information or testimony may have been influenced by (his)(her) arrangement with the government.

_____

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.20 (2013)

Page 17 of 29

WASHINGTON REQUEST NUMBER 11

Credibility of Witnesses - Drug or Alcohol Abuser

1. You have heard that [name of witness] have abused drugs or alcohol. There is nothing improper about calling such a witness to testify about events within (his)(her) personal knowledge.

However, the testimony of a drug or alcohol abuser must be examined and weighed by with greater care than the testimony of a witness who does not abuse drugs or alcohol. The testimony of a witness who (describe circumstances) may be less believable because of the effect the (drugs)(alcohol) may have on (his)(her) ability to perceive, remember, or relate the events in question.

2. An addict may have a constant need for drugs, and for money to buy drugs and may have a greater fear of imprisonment because his or her supply of drugs may be cut off. Such factors should be considered when weighing a substance abuser's testimony.

3. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.21 (2013); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §15.05(5th ed. 2000); Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 7.06B (1991)

<u>WASHINGTON</u> <u>REQUEST NUMBER 12</u>

<u>Impeachment of Witness - Prior Inconsistent Statement for Credibility Only</u>

You have heard the testimony of certain witnesses (if only one witness was impeached with a prior inconsistent statement, include name of witness). You have also heard that before this trial (they)(he)(she) made (statements)(a statement) that may be different from (their)(his)(her) testimony in this trial. It is up to you to determine whether (these statements were)(this statement was) made and whether (they were)(it was) different from the witness(es)' testimony in this trial. (These earlier statements were)(This earlier statement was) brought to your attention only to help you decide whether to believe the witness(es)' testimony here at trial. You cannot use it as proof of the truth of what the witness(es) said in the earlier statement(s). You can only use it as one way of evaluating the witness(es)' testimony in this trial.

[You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from (his)(her) testimony at trial. When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s). But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you

may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).]

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.22 (2013)

WASHINGTON REQUEST NUMBER 13A

Credibility of Witnesses - Conviction of Felony

You have heard testimony that [name of witness] has been convicted of at least one felony, not including the cases for which (he)(she) is now charged.

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year. Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.25 (2013); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §15.05(5th ed. 2000); Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 7.06B (1991).

WASHINGTON <u>REQUEST NUMBER 13B</u>

<u>False in One, False in All (Falsus in Uno, Falsus in Omnibus)</u>

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.26 (2013); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §15.06 (5th ed.).

WASHINGTON REQUEST NUMBER 14

Defendant's Choice Not to Testify or Present Evidence

MR. WASHINGTON did not testify (did not present evidence) in this case. A defendant has an absolute constitutional right not to testify (or to present any evidence). The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that MR. WASHINGTON did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that MR. WASHINGTON did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

_____

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.27 (2013); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §15.14 (5th ed.).

WASHINGTON REQUEST NUMBER 15

Defendant's Testimony

In a criminal case, a defendant has a constitutional right not to testify. However, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, MR. WASHINGTON testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.28 (2013).

<u>WASHINGTON REQUEST NUMBER 16</u>

<u>Prior Statement of Non-testifying Defendant in Multi-Defendant Trial</u>

The government introduced evidence that the defendant (name of defendant) made a statement to (name of person who took statement). I caution you that you may consider (name of defendant)'s statement to (name of person who took statement) only in resolving whether (name of defendant) is guilty or not guilty. You may not consider or discuss this evidence in any way in resolving whether (name of co-defendant, if there is only one) (any of the other defendants on trial) (is)(are) guilty or not guilty. (Name of defendant)'s statement is evidence only against (name of defendant) and not against (name of co-defendant)(any other defendant).

You must decide whether (name of defendant) did in fact make the statement. If you find that (name of defendant) did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning (name of defendant) (himself)(herself) and the circumstances under which the statement was made.

[If, after considering the evidence, you determine that a statement was made voluntarily, you may give it such weight as you feel it deserves under the circumstances. On the other hand, if you determine that the statement was not made voluntarily, you must disregard it. In determining whether any alleged statement was made voluntarily,

you should consider (name of defendant)'s age, training, education, occupation, and physical and mental condition, and (his)(her) treatment while in custody or under interrogation as shown by the evidence in the case.  Also consider all other circumstances in evidence surrounding the making of the alleged statement.]

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.33 (2013).

## WASHINGTON REQUEST NUMBER 17

Defendant's Character Evidence

You have heard (reputation)(opinion)(reputation and opinion) evidence about whether the defendant has a character trait for (name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.).

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge(s) beyond a reasonable doubt.

Authority and/or Adapted From:

Third Circuit Model Criminal Jury Instruction, No. 4.39 (2013).

WASHINGTON REQUEST NUMBER 18

LEGAL IMPOSSIBILITY

*United States v. Berrigan*, 482 F.2d [171] at 190 [(3d Cir. 1973)], where we held that legal impossibility is a defense to certain crimes of attempt." 155 F.3d at 199-200.   *Berrigan* held that legal impossibility was a defense to attempt to smuggle letters in and out of a federal prison without the knowledge and consent of the warden in violation of 18 U.S.C. § 1791.   The Third Circuit recognized that the modern position is to eliminate the impossibility defense, but it nonetheless concluded that legal impossibility was a valid defense unless the specific federal statute involved provided otherwise.

In more recent cases, however, the Third Circuit "noted that *Berrigan* was a case of statutory interpretation, and we found that we should limit its reasoning to the particular law in that case." *United States v. Hsu*, 155 F.3d at 200, referring to *United States v. Everett*, 700 F.2d 900, 908 (3d Cir. 1983).   In these cases, the Third Circuit analyzed Congressional intent and concluded that Congress intended to eliminate the defense of impossibility for the statutory provisions defining the specific attempt crimes charged.   *See, e.g., United States v. Tykarsky*, 446 F.3d 458, 465-69 (3d Cir. 2000) (attempt to persuade, etc., any person under the age of 18 to engage in prostitution or other criminal sexual activity, in violation of 18 U.S.C. § 2422(b)); *United States v. Hsu*, 155 F.3d at 199-203 (attempt to misappropriate trade secrets in violation of 18 U.S.C. §1832(a)(4)); *United States v. Everett*, 700 F.2d at 904-09 (attempted distribution of a controlled substance in violation of 21 U.S.C. § 846). The Third Circuit also noted in *Tykarsky*, 446 F.3d at 466, that the purpose of the Model Penal Code's definition of attempt, which the Third Circuit has adopted, was to eliminate the legal impossibility defense.   Thus, although *Berrigan* has not been overruled, the Third Circuit has clearly suggested that legal impossibility will be a defense in few if any other situations, only in what seem to be very rare cases in which, applying the analysis of *Everett, Hsu*, and *Tykarsky*, it is possible to find that Congress did not intend to eliminate the impossibility defense.

<u>WASHINGTON REQUEST NUMBER 19</u>

**Attempt**

*(Name)* **is charged with attempt to commit the crime of** *(state offense defendant is alleged to have attempted)***.   An attempt to** *(state offense)* **is a federal crime even though the defendant did not actually complete the crime of** *(state offense)***.**

**In order to find** *(name)* **guilty of attempt to** *(state offense)***, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:**

> **First:   That** *(name)* **intended to commit the crime of** *(state offense)***,** *(as I have defined that offense) (as I will define that offense)***; and**

> **Second:   That** *(name)* **performed an act***(s)* **constituting a substantial step***(s)* **toward the commission of** *(state offense)* **which strongly corroborates or confirms that** *(name)* **intended to commit that crime.**

**With respect to the first element of attempt, you may not find** *(name)* **guilty of attempt to commit** *(state offense)* **merely because** *(he) (she)* **thought about it.   You must find that the evidence proved beyond a reasonable doubt that** *(name)***'s mental state passed beyond the stage of thinking about the crime to actually intending to commit it.**

**With respect to the substantial step element, you may not find** *(name)* **guilty of attempt to commit** *(state offense)* **merely because** *(he) (she)* **made some plans to or some preparation for committing that crime. Instead, you must find that** *(name)*

**took some firm, clear, undeniable action to accomplish** *(his) (her)* **intent to commit**

*(state offense)***.        However, the substantial step element does not require the**

**government to prove that the defendant did everything except the last act necessary**

**to complete the crime.**

However, with respect to attempt as used in federal statutes, the Third Circuit and most federal appeals courts have adopted the Model Penal Code's formulation. *See, e.g., United States v. Earp*, 84 Fed. Appx. 228, 232-34 (3d Cir 2004) (unpublished opinion containing thorough discussion of Third Circuit attempt law, citing many published decisions); *United States v. Hsu*, 155 F.3d 189, 202-03 (3d Cir. 1998) ("We adopt the Model Penal Code ... test for attempt because it is consistent with our own case law and with the great weight of modern precedent," citing *Kikumura*, *Cruz-Jiminez*, and *Everett*); *United States v. Cicco*, 10 F.3d 980, 984-85 (3d Cir. 1993); *United States v. Cruz-Jiminez*, 977 F.2d 95, 102 (3d Cir. 1992); *United States v. Kikumura*, 918 F.2d 1084, 1108 (3d Cir. 1990); *United States v. Everett*, 700 F. 2d 900, 903-04 (3d Cir. 1983).

WASHINGTON REQUEST NUMBER 20

**Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))**

**A person may be guilty of an offense**(s) because *(he) (she)* **personally committed the offense**(s) *(himself) (herself)* **or because** *(he) (she)* **aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.   The person whom the accomplice aids and abets is known as the principal.**

**In this case, the government alleges that** *(name of defendant)* **aided and abetted** *(name of alleged principal, if known)* **in committing** *(state offense(s))* **as charged in the indictment.   In order to find** *(name of defendant)* **guilty of** *(state offense(s))* **because** *(he) (she)* **aided and abetted** *(name of alleged principal)* **in committing** *(this) (these)* **offense**(s)**, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:**

**First:   That** *(name of alleged principal)* **committed the offense**(s) **charged by committing each of the elements of the offense**(s) **charged, as I have explained those elements to you in these instructions.**   *((Name of alleged principal) need not have been charged with or found guilty of the offense(s), however, as long as you find that the government proved beyond a reasonable doubt that (he) (she) committed the offense(s)).*

**Second:   That** *(name of defendant)* **knew that the offense**(s) **charged** *(was) (were)* **going to be committed or** *(was) (were)* **being committed by** *(name of*

*alleged*                *principal*)**,**                  **and**

**Third:   That** *(name of defendant)* **knowingly did some act for the purpose of** *[aiding] [assisting] [soliciting] [facilitating] [encouraging] (name of alleged principal)* **in committing the specific offense***(s)* **charged and with the intent that** *(name of alleged principal)* **commit that** *[those]* **specific offense***(s)***, and**

**Fourth:   That** *(name of defendant)* **performed an act***(s)* **in furtherance of the offense***(s)* **charged.**

**In deciding whether** *(name of defendant)* **had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including** *(name of defendant)***'s words and actions and the other facts and circumstances. However, evidence that** *(name)* **merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense***(s)* **is not enough for you to find** *(name)* **guilty as an aider and abetter. If the evidence shows that** *(name)* **knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was** *(name)***'s intent and purpose to** *[aid] [assist] [encourage] [facilitate]* **or otherwise associate** *(himself) (herself)* **with the offense, you may not find** *(name)* **guilty of the offense***(s)* **as an aider and abettor.   The government must prove beyond a reasonable doubt that** *(name)* **in some way participated in the offense committed by** *(name of alleged principal)* **as something** *(name of defendant)* **wished to bring about and to make succeed.**

**To show that** *(name of defendant)* **performed an act***(s)* **in furtherance of the**

**offense***(s)* **charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by** *(name)* **which at least encouraged** *(name of alleged principal)* **to commit the offense.   That is, you must find that** *(name of defendant)***'s act***(s)* **did, in some way,** *[aid,] [assist,] [facilitate,] [encourage,] (name of alleged principal)* **to commit the offense***(s)***.   ***(Name of defendant)***'s act***(s)* **need not further** *[aid,] [assist,] [facilitate,] [encourage,]* **every part or phase** *(or element)* **of the offense***(s)* **charged; it is enough if** *(name of defendant)***'s act***(s)* **further** *[aid,] [assist,] [facilitate,] [encourage,]* **only one** *(or some)* **part***(s)* **or phase***(s) (elements)* **of the offense***(s)***.   Also,** *(name of defendant)***'s acts need not themselves be against the law.**

Although some Third Circuit opinions conflate the elements of aiding and abetting liability into two or three, this instruction reflects the Third Circuit's more precise articulation of four elements in *United States v. Nolan*, 718 F.2d 589, 592 (3d Cir. 1983).

<u>WASHINGTON REQUEST NUMBER 21</u>

**Accomplice Liability (Aiding and Abetting) Instructions in Cases Charging 18 U.S.C. §924(c) Offenses**.

With respect to accomplice liability (aiding and abetting) for the specific offense of using or carrying a firearm during or in relation to a crime of violence or drug trafficking offense (18 U.S.C. §924(c)), the Supreme Court held in *Rosemond v. United States*,      U.S. 134 S. Ct. 1240, 1243 (2014), "that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."

Although the Court is clear that for aiding and abetting a § 924(c) offense, "advance knowledge" of the firearm is the mental state requirement for the uses or carries a firearm, the Court's opinion does not seem to change the traditional requirement of specific intent or purpose to further offenses other than the compound § 924(c) offense.

"Actively participated in the underlying" crime of violence or drug trafficking offense requires proof that the defendant intended to further the commission of that offense with the purpose that the principal succeed in committing it; "advance knowledge" is applies to the use or carrying of the firearm.   The Court reasoned that the alleged accomplice "manifests that greater intent" – the intent to facilitate "a drug deal carried out with a gun" – "when he chooses to participate in a drug transaction knowing that it will involve a firearm," as long as the knowledge of the firearm comes at a time when the accomplice is "reasonably able to act upon it."   *Id.* at 1251.

Where the government asserts an aiding and abetting theory for a § 924(c) charge, the trial judge should make the following three modifications, specific to the § 924(c) context, in this accomplice liability (aiding and abetting) instruction.

First, as to the mental state component of accomplice liability, in a § 924(c) case the trial court should give the following instruction in place of the "Third" requirement stated in the instruction above:

**Third:   That** *(name of defendant)* **was an active participant in the** *(name of crime of violence or drug trafficking offense)* **and also had advance knowledge that** *[one of]* **the principal/***[s]* **would** *(use) (carry)* **a firearm during and in relation to the** *(name of offense)*.

Second, the following paragraph should be added to the instruction right after the listing of the four requirements that the government must prove:

**To find that** *(name of defendant)* **was an active participant in the** *(name of crime of violence or drug trafficking offense)* **you must find that the government proved** *(name of defendant)* **knowingly did some act for the purpose of** *[aiding] [assisting] [soliciting]*

*[facilitating] [encouraging] (name of alleged principal)* **in committing the** *(name of crime of violence or drug trafficking offense)* **and with the intent that** *(name of alleged principal)* **commit that offense.   To find that** *(name of defendant)* **had advance knowledge that** *[one of]* **the principal***[s]* **would** *(use) (carry)* **a firearm during and in relation to the** *(name of offense)***, you must find that the government proved that** *(name of defendant)* **had knowledge of the firearm at a time when** *(he) (she)* **could do something with that knowledge, such as walking away from the criminal venture.**

Finally, as to the "Fourth" requirement (the conduct component) stated in this instruction, in a § 924(c) case the court should add the following sentence right before the last sentence of the instruction:

**Thus,** *(name of defendant)***'s acts need not further** *[aid,] [assist,] [facilitate,] [encourage,]* **the** *[use]* **or** *[carrying]* **of a firearm; it is enough if** *(name of defendant)***'s acts further** *[aid,] [assist,] [facilitate,] [encourage,]* **the underlying** *(name of crime of violence or drug trafficking offense)***.**