IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKIA WASHINGTON | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR A JURY INSTRUCTION ON LEGAL IMPOSSIBILITY**

The government, by and through its attorneys, Zane David Memeger, United States Attorney, and Salvatore L. Astolfi, Assistant United States Attorney, submits this response to the defendant's request for a jury instruction on legal impossibility. The defendant's request should be denied.[1]

**I.   INTRODUCTION**

On March 15, 2013, the defendants in this matter were arrested as part of a "sting" operation by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as they attempted to commit the home invasion robbery of a drug stash house. The defendants were indicted on April 11, 2013, and on February 17, 2015, the grand jury returned a superseding indictment charging defendant Washington with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); Attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); conspiracy to possess with the intent to distribute 5 or more kilograms of cocaine, in violation of 18 U.S.C. § 846 (Count Three); attempted possession with intent to distribute 5 kilograms or more of cocaine, in violation of 18 U.S.C. § 846 (Count Four); possession of a firearm in furtherance of a crime of violence and to a drug trafficking crime, in

---

[1] Although the defendant did not file a formal motion on the issue of legal impossibility but instead simply filed a request along with his proposed jury instructions, the government files the instant response to preclude such a jury instruction.

violation of 18 U.S.C § 924(c)(1)(A) (Count Five); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Six).[2]

The day before trial was scheduled to begin, the defendant filed proposed jury instructions, including a proposal that the Court charge the jury on the defense of legal impossibility as it pertains to the two attempt charges. However the defendant did not include any proposed language for the instruction. The instruction is not available to the defendant because he is charged with statutorily defined attempt offenses.

## II.    ARGUMENT

In United States v. Hsu, 155 F.3d 189 (3d Cir. 1998), the defendant was convicted under 18 U.S.C. § 1831, which prohibits attempts to steal corporate trade secrets, in an undercover "sting" case involving non-existent secrets. The defendant argued that he could not be convicted of attempted theft of trade secrets if no actual trade secrets were involved in the government sting. After acknowledging that it was the only circuit which continues to recognize a common law defense of legal impossibility, see United States v. Berrigan, 482 F.2d 171 (3d Cir. 1973), and that legal impossibility remained a valid defense to common law crimes of attempt, the Third Circuit stated that it has recognized exceptions to the Berrigan rule. Hsu, 155 F.3d at 199-200. Ultimately, the Hsu court rejected the availability of a legal impossibility defense to Section 1831 by noting that the statute explicitly refers to "attempts." Id. at 200-01. Likewise, in United States v. Everett, 700 F.2d 900, 908 (3d Cir. 1983), the Court held that the defendant could be convicted of attempting to deliver P2P even though the actual substance delivered was not a controlled substance. The Everett Court rejected the impossibility defense

---

[2] The superseding indictment charged violations of the same statutes that were charged in the indictment, in addition all of the counts remained the same. The purpose of the superseding indictment was to correct errors in certain dates alleged in the indictment. In addition, the superseding indictment charged possession of a firearm in furtherance of a crime of violence and a controlled substance offense instead of carrying and using during and in relation to those crimes.

and looked to legislative intent behind the Drug Control Act.  Because the Drug Control Act was designed to offer "a comprehensive solution to narcotics offenses," id. at 906-07, the Court concluded that Congress could not have intended to adopt the impossibility defense.  Id. at 907.  The Everett Court also found it significant that the Drug Control Act was drafted to include the word "attempt," and had been drafted in 1970, when the doctrine of impossibility had become mired in fine distinctions, and therefore had lost whatever prior acceptance at common law that the doctrine may have possessed when the statute considered in Berrigan was enacted, in 1930.  Id. at 904-05.

The same rationale applies in the instant case.  The defendant is charged with two attempt crimes – attempted Hobbs Act robbery and attempted possession with intent to distribute cocaine.  Both statutes under which the defendant is charged specifically proscribe attempts to commit the underlying crimes.

The Hobbs Act, Title 18, United States Code, Section 1951, prohibits any effort or conspiracy to affect or obstruct interstate commerce through robbery or extortion.  Section 1951(a) specifically provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion **or attempts** or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of the section [shall have committed an offense against the United States].  (emphasis supplied).

18 U.S.C. § 1951(a).

Title 21, United States Code, Section 846, prohibits any attempt or conspiracy to distribute controlled substances.  Section 846 specifically provides:

> Any person who **attempts** or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the

offense, the commission of which was the object of the attempt or conspiracy. (emphasis supplied).

21 U.S.C. § 846.

Washington's scheme, if fully carried out as he desired or planned, was to engage in the armed robbery of a drug stash house, steal 10 kilograms of cocaine, divide the kilograms among his coconspirators and sell them for profit. Just like in Hsu and Everett the only reason he failed was because the true facts were not as he believed them to be, that is, neither the stash house nor the cocaine existed, as this was a sting operation. Washington's intent to engage in the underlying criminal conduct is clearly evidenced by his recorded conversations with an ATF undercover agent. Furthermore, he took substantial steps toward the commission of the underlying crimes that strongly corroborate and provide unequivocal evidence of his culpability. Washington repeatedly stated that he would engage in the robbery of a drug stash house and together with his coconspirators and the undercover agent he discussed selling the stolen kilograms. On March 15, 2013, he and his coconspirators met with the undercover agent, and an ATF confidential informant to finalize their plan to commit the robbery. Washington brought a mask, gloves and lighter fluid to the meeting and one of his coconspirators brought two loaded firearms and zipties to bind their intended victims. Two of Washington's other coconspirators also brought gloves which they intended to use during the robbery. These actions, taken as a whole, speak of only one illicit plan of action, and mark Washington's conduct as criminal in nature. The intervention of ATF in his criminal plan does not change this.

The defendant's attempt to impose an impossibility defense is contrary to law and illicit invitation to jury nullification. The Court should overrule the request for an instruction on this unavailable defense.

## III.     CONCLUSION

For the foregoing reason, the government respectfully requests that the defendants' motion be denied.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


 /s/ Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by the District Court Clerk's electronic filing system upon:

> Roland B. Jarvis, Esquire
> 1528 Walnut Street, Suite 1401
> Philadelphia, PA  19102

        /s/ Salvatore L. Astolfi
    SALVATORE L. ASTOLFI
    Assistant United States Attorney

Date:   June 2, 2015