==============================================================================

ASKIA WASHINGTON, PRO SE

        PETITIONER,            :      CRIMINAL DOCKET# 13-cr-171-2

    VS.                       :

                                MOTION REQUESTING REOPENING OF
UNITED STATES OF AMERICA.       :     SELECTIVE PROSECUTION HEARING

        RESPONDENT.        :     BASED ON RACIAL PROFILING

                               PURSUANT TO COURT R.160(b)(2),(3),(6)

                          :     "NEWLY DISCOVERED EVIDENCE"

**RECEIVED**

==============================================================================
              **JUL 0 2 2015**

DEAR GENTLEMEN:

    PETITIONER ASKIA WASHINGTON, PRO SE, RESPECTIVELY SEEKS TO RE-OPEN HIS
MOTION FOR SELECTIVE PROSECUTION BASED ON THE GROUNDS OF RACIAL PROFILING BY
THE ALCOHOL, TOBACCO, AND FIREARM AGENCY - HEREAFTER KNOWN AS 'A.T.F.'. IT IS
OF RECORD THAT AT THE TIME OF SUCH HEARING THE COURT DID REQUEST THAT THE
DEFENSE PRODUCE PROOF THAT SIMILAR-SITUATED INDIVIDUALS COULD HAVE BEEN TARGETED
FOR SUCH "DRUG STASH HOUSE STINGS" BUT WERE NOT. PETITIONER WAS UNABLE AT THAT
TIME TO SURMOUNT THE HURDLE PLACED BY UNITED STATES V. ARMSTRONG, _____ L.ED 2D
_____ (   ), BECAUSE THE GOVERNMENT REFUSED TO TURN OVER CERTAIN DISCOVERY
MATERIALS WHICH WOULD HAVE SUPPORTED THE FACT THAT THE GOVERNMENT HAD ENGAGED
IN RACIAL PROFILING. IN FACT, THE GOVERNMENT DENIED THE EXISTENCE OF ANY MATERIAL,
GUIDELINES, PLAYBOOKS, OR CRITERIA DURING DISPOSITION OF THE SELECTIVE PROSECUTION
MOTION. DURING THE TRIAL IT WAS LEARNED THAT THE GOVERNMENT DID HAVE A PLAYBOOK,
GUIDELINE, AND/OR MANUAL THAT DIRECTS HOW SUCH 'STINGS' ARE CONDUCTED. THEREFORE,
THE GOVERNMENT WITHHELD EXCULPATORY INFORMATION BY DENYING ITS EXISTENCE. THIS
ALSO WAS A 'FRAUD UPON THE COURT' BECAUSE THE GOVERNMENT WAS AWARE OF THE
'PLAYBOOKS' EXISTENCE AT THE TIME THAT IT DENIED SUCH WHEN PETITIONER MADE A
REQUEST FOR SUCH DURING HIS DISCOVERY DEMANDS. PETITIONER ALSO SUBMITS THAT
AFTER OBTAINING SUCH INFORMATION ON THE PLAYBOOK CRITERIA HE WAS ABLE TO USE
THAT INFORMATION TO OBTAIN FURTHER "NEWLY DISCOVERED" INFORMATION WHICH WAS
SUBMITTED IN A FEDERAL DISTRICT COURT IN NEW JERSEY (JUDGE NOEL HILLMAN) WHICH
CONTAINS PROOF THAT NUMEROUS CAUCASIAN MALES WERE AVAILABLE FOR "DRUG STASH
HOUSE STINGS" BY A.T.F. BUT WERE NOT SELECTED FOR SUCH STINGS. SEE - EXHIBIT "A"
"NAMES, DATES, AND CRIMINAL HISTORY OF CAUCASIAN OFFENDER'S WHO COULD HAVE BEEN
SELECTED FOR DRUG STASH HOUSE STINGS BUT WERE NOT.

THERE IS NO QUESTION THAT THE RECORD IN THIS MATTER EXPOSES A PATTERN
OF FAILURES BY THE GOVERNMENT TO LIVE UP TO ITS GOOD FAITH DUTY TO TURN OVER
EXCULPATORY INFORMATION. THIS FAILURE ALSO SUPPORTS WASHINGTON'S POSITION
THAT THE SUPPRESSION OF SUCH PLAYBOOK CAUSED A FRAUD UPON THE COURT AND MAKES
SUCH INFORMATION "<u>NEWLY DISCOVERED</u>".

A JUDICIAL DECISION OR ORDER OBTAINED OR ISSUED BASED UPON FRAUD ON THE
COURT MAY BE REVIEWED OR RECONSIDERED WITHOUT USING THE STANDARD OF REVIEW
UNDER ABUSE OF DISCRETION. <u>SEE</u> - <u>UNITED STATES V. STRADFORD</u>, 394 <u>FED. APPX.</u> 923
925 (3D CIR. 2011); <u>NIX V. WHITESIDE</u>, 89 <u>L. ED 2D</u> 123 (1986)('COUNSEL IS
PRECLUDED FROM TAKING STEPS OR IN ANY WAY PRESENTING FALSE EVIDENCE OR OTHERWISE
VIOLATING THE LAW'); <u>IN RE CUN</u>, 803 <u>F.2D</u> 1004 (9TH CIR. 1986)('A LAWYER'S DUTY
TO A 'COURT' CONSISTS IN MORE THAN NOT PUTTING FALSE EVIDENCE BEFORE THE COURT
...... [IT IS] A DUTY NOT TO MISREPRESENT THE EVIDENCE IN ARGUMENT BEFORE THE
COURT"); <u>UNITED STATES V. TEMPLE</u>, 349 <u>F.2D</u> 116, 117 (4TH. CIR. 1965)("LYING TO
A JUDGE IS CERTAINLY MISBEHAVIOR ...").

THE PETITIONER ALSO SUBMITS THAT THE ENCLOSED SUBMITTED "<u>NEWLY DISCOVERED</u>"
EVIDENCE OF SIMILAR-SITUATED INDIVIDUALS MEETS THE CRITERIA OF RULE 60(b) UNDER
THE FOLLOWING:

> A.) <u>60(b)(2)</u> - NEWLY DISCOVERED EVIDENCE THAT, WITH
> REASONABLE DILIGENCE, COULD NOT HAVE BEEN DISCOVERED
> IN TIME FOR A NEW TRIAL UNDER 59(b);

> B.) <u>60(b)(3)</u> - FRAUD, MISREPRESENTATION, OR MISCONDUCT
> BY AN OPPOSING PARTY;

> C.) <u>60(b)(6)</u> - ANY OTHER REASON THAT JUSTIFIES RELIEF.

THE QUESTION NOW IS WHAT CORRECTIVE ACTIONS MUST THIS COURT UNDERTAKE?

UNDER RULE <u>60</u>, AN EXPLICIT SAVINGS CLAUSE EMPOWERS EACH FEDERAL COURT "TO
SET ASIDE A JUDGMENT FOR FRAUD UPON THE COURT". <u>FED. R. CIV. P.</u> 60(b); <u>SEE</u> -
GENERALLY <u>AVERBACH V. RIVAL MFG. CO.</u>, 809 <u>F.2D</u> 1016 (3D CIR.)("RULE 60(b)
RECOGNIZES "THE COURT'S INHERENT POWER TO GRANT RELIEF EVEN WHEN EQUITABLE
PRINCIPLES MIGHT BAR A PARTY FROM SUCH RELIEF"); <u>KUPFERMAN V. CONSOLIDATED
RESEARCH AND MFG. CORP.</u>, 459 <u>F.2D</u> 1072, 1074, <u>NOTE</u> 1 (2D CIR. 1972)(" A FINDING
OF FRAUD ON THE COURT EMPOWERS THE DISTRICT COURT TO SET ASIDE THE JUDGMENT SUA
SPONTE"). THIS PROVISION CODIFIES "THE HISTORIC POWER OF EQUITY TO SET ASIDE
FRAUDULENTLY BEGOTTEN JUDGMENTS". <u>HAZEL-ATLAS GLASS CO. V. HARTFORD EMPIRE CO.</u>,
88 <u>L. ED</u> 1250 (1944).

PETITIONER ADDITIONALLY SUBMITS THAT HE REQUESTED AND WAS DENIED THIS VERY
SAME "<u>NEWLY DISCOVERED</u>" EVIDENCE AS PART OF HIS DISCOVERY DEMANDS. IF THIS HAD

GRANTED BACK THEN, THE FACTS DISCOVERED NOW, AND THE MOST HAVE BEEN Case 2:11-cr-00171-DBS Document 23 Filed 07/08/15 Page 3 of 4

GRANTED BACK THEN, THE FACTS DISCOVERED NOW, AND THE MOST HAVE BEEN
DISCOVERED AND SUCH ISSUE'S WOULD HAVE BEEN BEFORE THE COURT AT THE TIME OF
ITS DECISION ON THE SELECTIVE PROSECUTION MOTION.

    PETITIONER WASHINGTON NOW ASKS THAT THE COURT GRANT HIM THE OPPORTUNITY
TO PRESENT THIS EVIDENCE IN ORDER THAT THE COURT WILL RIGHT THE CONSTITUTIONAL
WRONG THAT HAS BEEN DONE BY THE WITHHOLDING OF SUCH EVIDENCE AND THE DISCOVERY
OF THE NEWLY DISCOVERED EVIDENCE SHOWING SIMILAR-SITUATED WHITE DEFENDANTS WHO
WERE NOT PROSECUTED, BUT WHO COULD HAVE BEEN PROSECUTED FOR A.T.F. DRUG STASH
HOUSE STINGS BASED ON THE CRITERIA OUTLINED IN THE RECENTLY RELEASED PLAYBOOK
AND THEIR (CAUCASIAN DEFENDANTS) PRIOR CRIMINAL BACKGROUNDS AND PROPENSITY TO
COMMITT VIOLENT CRIMES AND ROBBERIES.

    REQUEST THAT THIS MATTER BE RE-OPENED IN THE INTEREST OF JUSTICE.

RESPECTFULLY SUBMITTED,

*Askia B. Washington*

ASKIA WASHINGTON – PRO SE
FEDERAL DETENTION CENTER – BOX 562
PHILADELPHIA, PA. 19105

DATED: JUNE 23, 2015

EXHBIT (E)

## U.S. judge: Evidence stings may racially profile

CHICAGO — A federal judge in Chicago has ordered prosecutors to turn over more government records to defense teams seeking to prove agents racially profiled their African-American clients in stings involving phony drug stash houses.

Judge Ruben Castillo ruled on Friday lawyers defending eight suspects in two cases have raised legitimate questions about whether agents used racial criteria to target the men. That would be unconstitutional and could result in charges being dropped.

Castillo's ruling says defense attorneys presented "troubling statistics" that of 60 people charged since 2010 in the northern Illinois district with robbing phony stash houses, 48 were Black. Eleven were Latino and just one was white.

It also cites documents pointing to one, mostly white gang that agents didn't target even though there were indications it was committing drug-related robberies.

These are thee ExHibits to support my motion for newly discovered evidence to re-open my Racial Profiling Motion.

A. Washington