IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKIA WASHINGTON | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION PURSUANT TO Fed. R. Civ. P. 60(b)**

The government, by and through its attorneys, Zane David Memeger, United States Attorney, and Salvatore L. Astolfi, Assistant United States Attorney, submits this response to the defendant's motion pursuant to Fed. R. Civ. P. 60(b).

**I.      INTRODUCTION**

On March 15, 2013, the defendant was arrested along with three others as part of a "sting" operation by the Bureau of Alcohol, Tobacco, Firearms and Explosives, as they attempted to commit the home invasion robbery of a drug stash house.  The defendants were indicted on April 11, 2013.  Three defendants pleaded guilty, and one defendant – Askia Washington proceeded to trial.

Defendant Washington filed a motion seeking discovery on the alleged issue of selective prosecution.  The defendant sought discovery in aid of a motion to dismiss the indictment on the basis that the government impermissibly targeted him and the other three defendants because of their race.  On June 30, 2014, this Court denied Washington's motion (Doc. Nos. 135-36).  On July 8, 2014, the defendant filed a pro se Motion for reconsideration of the Court's June 30, 2014 order.  (Doc. No. 137).  On August 7, 2014, the Court denied defendant's motion.  (Doc. No. 149.).  Washington proceeded to trial and on June 9, 2015, he was convicted on Counts One through Four and acquitted on Count Five.

Notwithstanding this Court's instruction that he may not file pro se documents when he is represented by counsel,[1] the defendant files yet another pro se motion. This time he seeks to reopen his pretrial motion for selective prosecution. Not only has the defendant failed to follow this Court's instruction, he also attempts to utilize a rule of civil procedure, not applicable to criminal proceedings, to advance his claim. For these reasons the defendant's motion should be denied.

## II. ARGUMENT

It is well-settled that criminal defendants may not use Rule 60(b) to challenge orders that were entered in their criminal cases because Rule 60(b) is a civil remedy. "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case." See, e.g., Robinson v. Sniezek, No. 10–3095, 2010 WL 4540439, at *2 n. 2 (3d Cir. Nov. 12, 2010) (not precedential); Gray v. United States, 385 Fed. App'x 160, 162 (3d Cir.2010) (same) (not precedential); United States v. Ballard, 855 F.Supp.2d 406, 414 (E.D. Pa. 2012) ("Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases.") (internal quotation marks and citations omitted).[2] Rule 60(b) of the Federal Rules of Civil Procedure

---

[1] In its August 7, 2014 Order denying defendant's pro se motion for reconsideration, the Court noted, "As an initial matter, Defendant is represented by counsel and does not have a right to 'hybrid representation." Doc. No. 149. The Court noted further, "Defendant is represented by counsel, and therefore, this Court need not consider the present Motion, which was filed pro se. Id. at 2. The defendant continues defiantly to file pro se motions.

[2] See also United States v. Knight, 315 Fed. App'x 435 (3d Cir. 2009) ("The Federal Rules of Civil Procedure are not applicable to criminal cases, and the District Court's denial of Knight's motion under Rule 60(b) was proper.") (not precedential); United States v. Rojas, 343 Fed. App'x 748 (3d Cir. 2009) (noting that a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is not an appropriate vehicle for challenging a criminal conviction) (per curiam) (not precedential); United States v. Mortimer, 256 Fed. App'x. 468, 469 (3d Cir. 2007) (per curiam ) (not precedential) ("Rule 60(b) of the Federal Rules of Civil Procedure ... applies to civil, not criminal, cases."); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (stating "Rule 60(b) simply does not provide for relief from judgment in a criminal case ...."); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (citing Mosavi, stating that Rule 60(b) does not apply in criminal cases and stating "Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2)."); Delgado v. United States, No. 05–cv–5480, 92–cr–24825, 2005 WL 2789188, at *1 (E.D.Pa. Oct. 21, 2005) (treating a Rule 60(b) motion raising a

provides, inter alia, that the district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if there is a mistake, excusable neglect, or misrepresentation. Fed. R. Civ. 60(b)(1) & (3). However, Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature . . . ." Fed. R. Civ. P. 1.[3]

A proper challenge of the Court's orders denying his initial motion and his motion for reconsideration should be raised in a criminal appeal of his conviction and sentence. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). "Rule 60(b) simply does not provide relief from judgment in a criminal case," and as such Washington cannot challenge the criminal order at issue under Fed. R. Civ. P. 60(b). Id.

Even if the Court were to reopen Washington's pretrial motion and allow him to submit the exhibits attached to his motion, which he refers to as "newly discovered evidence," the result of his pretrial motion would be no different. The exhibits include an undated newspaper article from an unidentified newspaper concerning events that occurred in Chicago, and a certification of a legal assistant who works for a New Jersey lawyer, containing 23 New Jersey Department of Corrections Offender Detail pages labeled Exhibit A through W, none of which contain any factual detail concerning the circumstances of the crimes which led those identified in the documents to be prosecuted and convicted for their crimes.[4] The Court will recall that in order to succeed on a selective prosecution claim in the district court, a defendant "must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a

---

speedy trial right violation as a second and successive habeas petition because the defendant "collaterally attacks his underlying conviction.").

[3] A defendant may, however, pursue a Rule 60(b) motion under § 2255 (a civil proceeding) if he attacks "some defect in the integrity of the federal habeas proceedings." United States v. Andrews, 463 Fed. Appx. 169, 171-72 (3d Cir. 2012)(quoting Gonzalez v. Crosby, 545 U.S. 524 (2005)).

[4] It should be noted that in the New Jersey case in which the documents were submitted, the district court denied the defendant's motion concerning selective prosecution. See United States v. Robert Smith, et al. Crim. No. 14-152-NLH, Doc. No. 75.

discriminatory purpose.'" United States v. Armstrong, 517 U.S. 456, 465 (1996). In keeping with this "rigorous standard" for proving a selective prosecution claim, the Supreme Court requires "a correspondingly rigorous standard for discovery in aid of such a claim," and requires the defendant to present "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent." Armstrong, 517 U.S. at 468. Washington's alleged "newly discovered evidence" does nothing to assist him in meeting his very demanding burden. Id. at 463-64. The Court should put an end to Washington's speculative, not to say obstructive, pro se litigation.

### III.	CONCLUSION

For the foregoing reason, the government respectfully requests that the defendant's motion be denied.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

Date:   November 13, 2015

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by the District Court Clerk's electronic filing system upon:

Mark S. Greenberg, Esquire
920 Lenmar Drive
Blue Bell, PA 19422
Greenberg@markgreenberg.com

    /s/ Salvatore L. Astolfi
SALVATORE L. ASTOLFI
Assistant United States Attorney

Date: November 13, 2015