IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION |
| v. | NO. 13-171-2 |
| ASKIA WASHINGTON, | |
| Defendant. | |

### ORDER

**AND NOW**, this 23rd day of November 2015, upon consideration of Defendant's pro se Motion Requesting Reopening of Selective Prosecution Hearing Based on Racial Profiling (Doc. No. 223), which the Court will consider a Motion for Relief from a Final Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b), and the Government's Response in opposition (Doc. No. 257), it is **ORDERED** that Defendant's Motion is **DENIED**.[1]

---

[1] On March 15, 2013, Askia Washington ("Defendant") and three other men were arrested in a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") sting operation, as they attempted to commit a home invasion and robbery of what they believed to be a cocaine stash house in Philadelphia. (Doc. No. 257 at 1.) On April 11, 2013, all four defendants were indicted, and three have entered guilty pleas. (Id.) Defendant Washington proceeded to trial, and on June 9, 2015, he was convicted on four of five counts. (Id.)

As an initial matter, Defendant is represented by counsel and does not have a right to "hybrid representation." United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012) (quoting McKaskle v. Wiggins, 465 U.S. 168, 183 (1984)). Despite this "longstanding prohibition on 'hybrid representation,'" id., Defendant has submitted various pro se documents, including the present Motion. (See Doc. Nos. 121, 134, 137, 147.) Defendant may not file pro se documents while he is represented by counsel. See United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012) ("In light of the foregoing, we now hold that, except in cases governed by Anders, parties represented by counsel may not file pro se briefs."). Defendant is represented by counsel, and therefore, this Court need not consider the present Motion, which was filed pro se. See United States v. D'Amario, 328 F. App'x 763, 764 (3d Cir. 2009) ("[A] district court is not obligated to consider pro se motions by represented litigants."). Nonetheless, the Court has reviewed Defendant's pro se Motion Requesting Reopening of Selective

Prosecution Hearing Based on Racial Profiling (Doc. No. 223). For reasons that follow, the Motion will be denied.

The present Motion will be interpreted as a Motion for Relief from a Final Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b) because, in it, Defendant requests relief under Federal Rule of Civil Procedure 60(b). The present Motion concerns a previous Motion filed by Defendant prior to trial. In his Motion for Discovery and Evidentiary Hearing on the Issue of Racial Profiling/Selective Prosecution (Doc. No. 126), Defendant sought discovery to support a motion to dismiss the indictment on the basis that the government impermissibly targeted the defendants based on their race. At the hearing on his Motion for Discovery, Defendant was unable to meet his burden to show that similarly-situated individuals could have been targeted for such "drug stash house stings," but were not. As such, the Court denied the Motion and also issued an Opinion on June 30, 2014 in support of the denial. (Doc. Nos. 135, 136.) According to Defendant, he was unable to meet this burden because the Government withheld exculpatory materials, namely a "playbook" that described how stings are conducted. (Doc. No. 223 at 1.) Defendant now claims that he has obtained the playbook and other "newly discovered information," and attaches this information to the present Motion. (Doc. No. 223-1.)

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that a district court "may relieve a party of its legal representative from a final judgment, order, or proceeding" for various reasons including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). However, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases." United States v. Harper, No. CIV. A. 10-1772, 2013 WL 5988969, at *2 (E.D. Pa. Nov. 12, 2013) (quoting Gray v. United States, 385 F. App'x 160, 162 (3d Cir. 2010)). Therefore, the Court cannot provide relief to Defendant under Federal Rule of Civil Procedure 60(b).

Even if the Court were to consider Defendant's Motion, the evidence proffered by Defendant does not meet the burden set forth in United States v. Armstrong, 517 U.S. 456 (1996). In order to succeed on a claim of selective prosecution, Defendant "must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Id. at 465. In order to establish a discriminatory effect, defendant needs to produce evidence that similarly-situated individuals of another race could have been, but were not, targeted for phony stash house robberies in the Eastern District of Pennsylvania.

Here, the "newly discovered evidence" attached to Defendant's Motion includes an undated newspaper article from an unidentified newspaper concerning events that occurred in Chicago; a certification of a legal assistant who works for a New Jersey lawyer; and 23 New Jersey Department of Corrections Offender Detail pages. (Doc. No. 223-1.) None of these exhibits contain information related to phony stash house robberies in the Eastern District of Pennsylvania. In addition, the "playbook" does not support his claim. Therefore, even if the Court were to consider Defendant's Motion, the result would be no different. For the above

reasons, the Court will deny Defendant's Motion Requesting Reopening of Selective Prosecution Hearing Based on Racial Profiling (Doc. No. 223).

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.