IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : | CRIMINAL ACTION |
| v. | : : | |
| ASKIA WASHINGTON | : : | NUMBER: 13-171-2 |

### SENTENCING MEMORANDUM

TO THE HONORABLE JOEL H. SLOMSKY, JUDGE OF THE SAID COURT:

Defendant ASKIA WASHINGTON, by his attorney, Mark S. Greenberg, Esquire, respectfully requests the Court to consider the following 18 U.S.C. § 3553(a) factors[1] in connection with sentencing scheduled for May 4, 2016.

- This was a "crime" contrived by the ATF. There was no actual cocaine involved and no actual stash house to rob. While defendant recognizes that his sentencing guideline range is driven by his status as a career offender, the artificial nature of this offense militates against a guideline range sentence;

- The sentencing guidelines recognize that reverse sting operations may warrant a downward departure. U.S.S.G. 2D.1.1 app. note 27 (A). Although Mr. Washington is not asking for a downward departure pursuant to the guidelines, the contrived nature of this offense warrants consideration in connection with a downward variance;

---

[1] Prior counsel did not file objections to the presentence report. Undersigned counsel objected to ¶ 28 of the PSR assessing a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed. Counsel recognizes that the guidelines in this case are driven by Mr. Washington's status as a career offender which moots the formal impact of this upward adjustment on the sentencing guideline range. Nonetheless, the letter to the probation officer memorializing this objection is attached to this memorandum for the Court's consideration.

- The Court should take into account the sentences imposed on the co-defendants: Dwight Berry, the ring leader of this operation, received a sentence of 180 months' incarceration: 90 months on counts One through Four and a consecutive 90 months on count Five, the section 924 ( c) count; Antonio Ellis—46 months' incarceration: 24 months on counts One through Four and a consecutive 22 months on the section 924 ( c) count; Jermau Johnston—27 months' incarceration: 9 months on counts One through Four and a consecutive 18 months on the section 924 ( c) count. It bears repeating that all three of the co-defendants were convicted, by their pleas, of the section 924 ( c) offense set forth in count Five. Unlike his co-defendants, Mr. Washington was acquitted of count Five;

- Dwight Berry was the driving force behind this operation. It was Berry who made contact with the informant. It was Berry who recruited Mr. Washington and the others. It was Berry who negotiated with the undercover agent. It was Berry who procured the guns. Under these circumstances, it would be unseemly, to say the least, to punish Mr. Washington more severely than Mr. Berry;

- Mr. Washington's father was shot dead when Mr. Washington was nine-months old. PSR ¶ 60. The devastating impact of this tragic event on Mr. Washington is incalculable;

- Mr. Washington was reared in a poor and problem-filled environment. PSR ¶ 62 n. 2. While not an excuse for criminal conduct, the fact remains that Mr. Washington was not blessed with the same stable and nurturing household others have enjoyed;

- Mr. Washington has a son and maintains a positive relationship with him and his son's mother. PSR ¶ 65;

- Mr. Washington was operating a pest control business when arrested which reflects

initiative on his part. PSR ¶ 75;

- Mr. Washington has shown initiative since his incarceration by earning various Awards and Certifications which accompany this memorandum.

WHEREFORE, Mr. Washington asks the Court to impose a sentence, that is sufficient, but not greater than necessary to achieve the aims of 18 U.S.C. § 3553.

                              Respectfully submitted,

                              /s/ Mark S. Greenberg
                              _____
                              MARK S. GREENBERG, ESQUIRE
                              Attorney for Defendant