IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

ASKIA WASHINGTON,

Defendant.

CRIMINAL ACTION
NO. 13-171-02

## ORDER

**AND NOW**, this 3rd day of May 2016, upon consideration of the Government's Motion for Reconsideration and Correction of Misstated Facts in Court Opinion of April 12, 2016 (Doc. No. 271), and Defendant's Response (Doc. No. 272), it is **ORDERED** that the Government's Motion (Doc. No. 271) is **GRANTED**.[1] It is further **ORDERED** that the Clerk of Court shall

---

[1] In its Motion, the Government seeks correction of portions of the following paragraph of the Court's April 12, 2016 Opinion denying Defendant's Motion for a New Trial (Doc. No. 268):

> Therefore, *Agent Bowman was not in compliance with the ATF policy* that "Investigations should only be pursued that target individuals who show a propensity of doing harm to the public through violent behavior, armed robberies and whose activities have been documented either through criminal history, criminal reputation or self-incrimination." (Doc. No. 242 at 54.) Regardless of any prior drug conviction of Defendant, *defense counsel's argument that Defendant was targeted in violation of ATF policy was accurate*, and was supported by the fact that Defendant had no record of robberies or other violent crimes. In addition, defense counsel sought to juxtapose Defendant's prior convictions with those of Roc, the confidential informant who worked for ATF, by asking Agent Bowman about Roc's prior gun convictions immediately after asking about Defendant's prior conviction. (See Doc. No. 245 at 68-69.)

(Doc. No. 270 at 19 (emphasis added).)

The ATF policy in question states:

> Target identification. Investigations should only be pursued that target individuals who show a propensity of doing harm to the public through violent behavior, armed robberies and whose activities have been documented either

>through criminal history, criminal reputation or self-incrimination.  Violent crime is defined as an offense that involves force or threat of force, murder, rape, forcible rape, robbery, aggravated assault and arson.

(Doc. No. 242 at 54.)

The Government avers that Agent Bowman was not in violation of the ATF policy in question because Defendant was properly targeted by ATF based on his "self-incriminating participation" in the drug robbery scheme.  (Doc. No. 271 at 7.)  Additionally, the Government stresses that an amendment of the Opinion should not affect the decision of the Court to deny Defendant's Motion for a New Trial.

Defendant opposes the Motion, arguing that "[i]t is the height of irony that the government uses Washington's words against him at trial yet disavows its own words, proffered in its opposition to a new trial, in its motion to correct the Court's 'mistake' in finding that ATF violated its procedures in targeting Washington."  (Doc. No. 272 at 5.)  In support of this argument, Defendant cites several portions of the Government's filings, including: "Of course, [trial counsel] asked this question [that Washington did not have a prior robbery conviction] because he knew that the answer would benefit his client, because the fact that he did not have such a prior conviction would be used by [trial counsel] to accuse agents, quite effectively, of not following the policy requiring targeting only those with a propensity for violence."  (Id. at 2 (citing Doc. No. 264 at 23).)

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  The Government has filed the instant Motion under this standard.

The Court has reconsidered the facts relating to the ATF policy in question and whether Agent Bowman followed the policy.  It is apparent that defense counsel was well within his right to argue that Agent Bowman violated the ATF policy statement because, based on the evidence, Defendant did not show a propensity of doing harm to the public through past violent behavior or armed robberies and his activities were not documented through criminal history.  It is also apparent that Agent Bowman had a right to pursue Defendant because he was unexpectedly present with Defendant Berry on a day when Defendant Berry met with the undercover agent.  Defendant incriminated himself during conversations that were recorded by the undercover agent.  Thus, Agent Bowman was in fact in compliance with the ATF policy. This finding does not in any way diminish defense counsel's right based on the evidence to argue that Agent Bowman violated the ATF policy.  Given this analysis, the Government correctly points out that the finding of the Court in the original Opinion denying the Motion for a New Trial that Agent Bowman was not in compliance with ATF policy is a mistake of fact which should be corrected.

withdraw the Opinion of this Court dated April 12, 2016 (Doc No. 268) and file the Superseding Opinion dated May 3, 2016.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

Under these circumstances, the Court will withdraw the Opinion of April 12, 2016 denying the Motion for a New Trial (Doc. No. 268) and issue a Superseding Opinion. The correction being made to the original Opinion on page 19 does not affect the ruling of the Court denying the Motion for a New Trial. The Order of April 12, 2016 denying Defendant's Motion for a New Trial (Doc. No. 269) shall stand.