IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-171-2 |
| ASKIA WASHINGTON<br>  a/k/a "Ski" | : | |

**GOVERNMENT'S AMENDED SUPPLEMENTAL SENTENCING MEMORANDUM**

**I.     BACKGROUND**

On May 2, 2016, defendant Washington filed a supplemental sentencing memorandum requesting that the Court disregard the applicable 20 year mandatory minimum sentence for Counts Three and Four.   There is no legal basis for the Court to do so.

**II.    ANALYSIS**

The "statutory minimum drug trafficking penalty in 21 U.S.C. § 841(b)(1) is mandatory" while the Guidelines range is not.  See United States v. Gunter, 462 F.3d 237, 248 (3d Cir. 2006). "When Congress establishes a minimum sentence for a particular crime, district courts are required to sentence defendants guilty of that crime to a term of imprisonment no less than the Congressionally prescribed minimum, unless an explicit exception to the minimum sentence applies."  United States v. Winebarger, 664 F.3d 388, 392 (3d Cir. 2011); see United States v. Grober, 624 F.3d 592, 611 (3d Cir. 2010) (rejecting argument "that a district court is not obligated to impose a mandatory minimum sentence that it concludes is greater than necessary to comport with the purposes of sentencing").

Congress has authorized only two ways in which a district court can disregard a mandatory minimum in a drug case: through a substantial assistance motion by the government under 18 U.S.C. § 3553(e), or if the defendant qualifies for "safety valve" relief under 18 U.S.C. § 3553(f).

See, e.g., United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004). "These two narrow exceptions are the only authority a district court has to depart below a mandatory minimum." United States v. Reevey, 631 F.3d 110, 113 (3d Cir. 2010) (quoting Kellum, 356 F.3d at 289); United States v. Santiago, 201 F.3d 185, 187 (3d Cir. 1999) ("Any deviation from the statutory minimum sentence can only be had through the specific procedures established through" Sections 3553(e) and (f)).

The government filed no motions under Section 3553(e), and Washington is not eligible for safety valve relief under Section 3553(f). Accordingly, this Court is required to impose a mandatory minimum term of imprisonment of at least 20 years on the drug counts.

In this case, Washington faced a statutory mandatory minimum sentence of 10 years if convicted of Count Three and Four (the drug counts). However, due to his prior conviction for drug trafficking, his mandatory minimum is doubled to 20 years on these counts. The jury found beyond a reasonable doubt the facts necessary to trigger the mandatory minimum sentence for Counts Three and Four.[1]  See United States v. Boggi, 74 F.3d 470, 478-79 (3d Cir. 1996) ("a guilty verdict, not set aside, binds the sentencing court to accept the facts necessarily implicit in the verdict") (quotation marks omitted). The jury specifically found that the drug counts involved at least five kilograms of cocaine, and that verdict was based on overwhelming evidence that the conspirators hoped to obtain at least 10 kilograms of cocaine from the robbery.

---

[1] The jury was required to, and did, answer two interrogatories when the deliberated on Counts Three and Four. In each instance, the jury answered the questions in the affirmative, thereby finding that the quantity of cocaine was at least 5 kilograms or more.

## II. CONCLUSION

Therefore, in light of the jury's verdict, the Court is required to impose a mandatory minimum sentence of 20 years on Counts Three and Four.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s Eric B. Henson
ERIC B. HENSON
Assistant United States Attorney
Deputy Chief, Violent Crimes and Firearms

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Supplemental Sentencing Memorandum has been served by the district court clerk's electronic filing system upon:

Mark S. Greenberg, Esquire
920 Lenmar Drive
Blue Bell, PA   19422
Greenberg@markgreenberg.com

/s Eric B. Henson
ERIC B. HENSON
Assistant United States Attorney
Deputy Chief, Violent Crimes and Firearms

DATED:   May 4, 2016