IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : | CRIMINAL ACTION |
| v. | : : | |
| ASKIA WASHINGTON | : : | NUMBER: 13-171-2 |

### THIRD SUPPLEMENTAL SENTENCING MEMORANDUM

TO THE HONORABLE JOEL H. SLOMSKY, JUDGE OF THE SAID COURT:

Defendant ASKIA WASHINGTON, by his attorney, Mark S. Greenberg, Esquire, respectfully requests the Court to consider the following additional information in connection with sentencing scheduled for June 13, 2016.

    Mr. Washington has been designated a career offender which subjects him to a sentencing guideline range of 360 months to life imprisonment. One of the two predicate offenses that give rise to Mr. Washington's designation as a career offender is an aggravated assault conviction referenced in paragraph 40 of the PSR. In this prosecution, Mr. Washington was charged in an Information, attached as an exhibit, with aggravated assault as a felony of the first degree and aggravated assault as a felony of the second degree. A review of the Bill of Information underlying this conviction, supplied by the government, reveals that Mr. Washington was convicted of aggravated assault as a felony of the second degree.

    Felony of the first degree aggravated assault involves a defendant who "attempts to cause or intentionally, knowingly or **recklessly** causes serious bodily injury to . . . .[a police officer] while in the performance of duty[.] 18 Pa. C.S.A. § 2702 (a)(2) (emphasis supplied). Under the law of this circuit, because aggravated assault, felony of the first degree, requires at a minimum,

a *mens rea* of recklessness rather than intent, it is not a crime of violence. See <u>United States v. Otero</u>, 502 F.3d 331, 336 (3d Cir. 2007) (simple assault not a crime of violence because it requires at a minimum, a *mens rea* of recklessness rather than intent). Hence, had Mr. Washington been convicted of aggravated assault, felony of the first degree, he would not have qualified as a career offender and his guideline range would have been 235 to 293 months, corresponding to a total offense level 34 and criminal history category V.

Felony of the second degree aggravated assault involves a defendant who "attempts to cause or intentionally or knowingly causes bodily injury to [a police officer] in the performance of duty[.] 18 Pa. C.S.A. § 2702 (a)(3). Because felony of the second degree aggravated assault requires intent, rather than recklessness, it appears to qualify as a crime of violence. The upshot of Mr. Washington having been convicted of second degree aggravated assault, a less sever offense than first degree aggravated assault[1], is that he qualifies as a career offender, a perverse development to say the least.

In sum, Askia Washington faces a guideline sentence of 360 months to life for a crime created by the government; a mandatory minimum sentence of 20 years incarceration based on an arbitrary amount of 10 kilograms of non-existent cocaine in a Hobbs Act prosecution where the statutory maximum sentence for Hobbs Act robbery is, itself, 20 years; and a career offender designation based on a second degree aggravated assault conviction that, had it been first degree, would not have qualified as a crime of violence and Mr. Washington's designation as a career offender. Mr. Washington asks the Court to consider these factors in connection with the ultimate

---

[1] Second degree aggravated assault is punishable by a maximum of 10 years' imprisonment; first degree aggravated assault is punishable by a maximum 20 year's imprisonment.

sentence imposed.

        Respectfully submitted,

           /s/ Mark S. Greenberg
        _____
        MARK S. GREENBERG, ESQUIRE
        Attorney for Defendant